UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, *et al.*,<br><br>   *Plaintiffs*,<br><br>  v.<br><br>ANDREW WHEELER, in his official capacity as Administrator for the United States Environmental Protection Agency, *et al.*,<br><br>   *Defendants*. | Civil Action No. 21-cv-119 (RDM) |

## STANDING ORDER IN CIVIL CASES

  It is the responsibility of the parties, counsel and the Court to "secure the just, speedy, and inexpensive determination of every action and proceeding" in federal court. Fed. R. Civ. P. 1. To ensure that this case is resolved fairly and without undue cost or delay, it is hereby **ORDERED** that the parties comply with the following directives:

1. **Local Rules**

   Counsel shall familiarize themselves with the Local Civil Rules, which are available at http://www.dcd.uscourts.gov/court-info/local-rules-and-orders/local-rules. Absent order of the Court, the parties shall comply with the Local Civil Rules in all respects.

2. **Contact Information**

   All counsel shall ensure that their phone number, current mailing address, and email address are correctly listed on the Court's docket. *Pro se* parties shall ensure that their phone number, current mailing address, and email address are correctly listed on the Court's docket. Any counsel or *pro se* party whose contact information changes while this case is pending should immediately file a notice with their updated information. If the Court is unable to contact counsel or a *pro se* party due to a failure to comply with this requirement, the Court may dismiss the action for failure to prosecute or take other appropriate action.

3. **Service of Complaint & Standing Order; Removed Actions**

   a. <u>Service</u>.  The plaintiff(s) must promptly serve the complaint on the defendant(s), in accordance with Federal Rule of Civil Procedure 4; file proof of service, in accordance with Local Civil Rule 5.3; and ensure that all parties receive a copy of this Standing Order.  For *in forma pauperis* plaintiffs, "officers of the [C]ourt" will ensure that service on the defendant(s) is properly effected.  *See* 28 U.S.C. § 1915(d).
   b. <u>Removed Action</u>.  A defendant removing an action to this Court must refile as a supplement to the petition any answer and must promptly ensure that all parties receive a copy of this Standing Order.  Any pending motion at the time of removal must be refiled in this Court by the party seeking relief for the motion to be considered.  *See* Fed. R. Civ. P. 81(c)(2).  Counsel for the plaintiff shall promptly enter her appearance before this Court.
   c. <u>Disclosure Certificate</u>.  To facilitate the Court's determination of the need for recusal, in all civil or agency actions where a corporation is a party or intervenor, counsel of record for that party or intervenor shall file, in accordance with Federal Rule of Civil Procedure 7.1 and Local Civil Rules 7.1 and 26.1, a certificate listing for that party or intervenor any parent corporation, subsidiary or affiliate, which to the knowledge of counsel has any outstanding securities in the hands of the public, or any publicly held corporation owning 10% or more of its stock. Such certificate shall be filed at the time of filing the party's first pleading.  Counsel shall have the continuing obligation to advise the Court of any change.

4. **Communications with Chambers**

   Except as authorized in this order, the parties may not contact chambers by telephone.  If extraordinary circumstances or emergencies so require, however, counsel may contact chambers <u>jointly</u> via telephone conference.  Chambers will not provide legal advice of any kind.

5. **Electronic Filing**

   a. <u>General Rule</u>.  All documents in this case are to be filed electronically, except with prior leave of the Court upon good cause shown, and in the case of the exceptions noted below.
   b. <u>Format</u>.  All electronically filed documents are to be in Portable Data Format (.pdf).  In order to enable the Court's efficient resolution of all matters in this case, all filings shall be submitted in text-searchable PDF files, directly converted from the word-processing format into PDF format so as to preserve searchability and readability.  Exhibits that must be scanned because they exist only in paper format need not be directly converted from a word-processing program, but, if possible, should be submitted as text-searchable files using Optical Character Recognition ("OCR") technology, available in Adobe Acrobat.
   c. <u>*Pro Se* Parties</u>.  In a case involving a *pro se* party, electronic filing procedures will be followed by parties represented by counsel only.  Absent separate order of the Court, the party appearing *pro se* shall continue to file documents in paper form with the

Clerk's Office.  Parties represented by counsel must serve documents upon *pro se* parties in paper form.

d. <u>Timeliness</u>.  The Court may take into consideration technical difficulties experienced by a filer when presented a late filing.  However, parties who wait until the last minute to begin filing are warned that technical difficulties do not necessarily constitute "good cause" or "excusable neglect" justifying an extension of the applicable deadline(s).  Fed. R. Civ. P. 6(b).  Further, no allowance can be made for late filing documents whose time limits are jurisdictional.

6. **Courtesy Copies**

For motions for which the total combined submissions from both parties, including exhibits, exceeds one hundred pages in total length or for any motion for summary judgment, the moving party shall deliver two printed courtesy copies of all of the motion papers *at the time the reply is filed*.  In the case of cross-motions, the initial moving party shall provide courtesy copies of the full set of briefing.  Such courtesy copies should include the headers added by the Case Management/Electronic Case Files (CM/ECF) System and be submitted in binders, three-hole punched, with double-sided pages.  Briefs and exhibits shall be tabbed and indexed for ease of reference.  Courtesy copies should be mailed to chambers, not the Clerk's Office.  If hand delivered, courtesy copies should be delivered to the loading dock for screening and should not be delivered directly to chambers.  If the parties have redacted or filed under seal any portion of the motion papers or attendant exhibits, courtesy copies are to be unredacted, but the portions redacted from public filings should be highlighted, so that the Court will know to refrain from quoting those passages in opinions and orders.  *Pro se* parties are excused from complying with the courtesy-copy requirement.

7. **Amended Pleadings or Other Filings**

Any amended or proposed amended pleadings or other filings must be accompanied by a redline comparison between the original and the amended filing or proposed amended filing.

8. **Motions**

The parties shall comply with the following instructions when briefing any motion.  Motions filed not in compliance with this Standing Order may be rejected by the Court.

a. <u>Tables</u>.  Every memorandum of points and authorities that is ten pages or longer in length must contain a Table of Contents and Table of Authorities, regardless of whether it is filed in support of or in opposition to a motion.
b. <u>Signature</u>.  Every pleading or paper, regardless of whether it is signed by an attorney or a *pro se* party, shall contain the name, address, telephone number, and, for an attorney, bar identification number.  Where counsel is appearing *pro hac vice*, the signature block shall so indicate.

    c. <u>Sur-Replies</u>.  A party may not file a sur-reply without first obtaining leave of the Court.  Sur-replies will only be permitted upon a specific showing of good cause.

    d. <u>Supplemental Authorities</u>.  A party may bring supplemental authorities to the Court's attention without seeking prior leave of the Court, but should refrain from using the submission of supplemental authorities as an opportunity to reargue issues or to respond to arguments made in an opposing brief.  Although the submission of supplemental authorities should not be made by letter to the clerk, but rather in a pleading filed in the usual manner, the parties are otherwise directed to follow the procedures set forth in Federal Rule of Appellate Procedure 28(j).

## 9. Motions to Dismiss

The parties are reminded that a motion to dismiss presenting matters outside the pleadings may be converted to a motion for summary judgment. Fed. R. Civ. P. 12(d).  If a motion to dismiss presents matters outside the pleadings, all parties must comply fully will the instructions set forth below regarding motions for summary judgment.

## 10. Motions for Summary Judgment

Parties must comply with the following instructions when briefing motions for summary judgment:

    a. <u>All Cases</u>

        i. If a party wishes to move for summary judgment, it must request that the Court schedule a pre-motion conference.  To so request, the moving party shall submit a short notice via ECF, not to exceed six double-spaced pages in length, setting forth the basis for the anticipated motion, including the legal standards and the claims at issue.  Other parties shall respond by filing, within one week, a document of similar length setting forth their anticipated responses to the proposed motion.  The Court will review and discuss with counsel any anticipated summary judgment motions at the pre-motion conference.  This requirement shall not apply to incarcerated pro se litigants.

    b. <u>FOIA Cases</u>

        i. The agency shall provide search declarations and *Vaughn* indices, if any, to the requester prior to seeking a pre-motion conference.

    c. <u>Cases Involving Judicial Review of Agency Action</u>

        i. In accordance with Local Civil Rule 7(h)(2), each motion for summary judgment, and opposition thereto, shall include a statement of facts with references to the administrative record.  The parties must furnish precise citations to the portions of the administrative record on which they rely; the

      Court need not consider materials not specifically identified. *See* Fed. R. Civ. P. 56(c)(3).

   ii. In accordance with Local Civil Rule 7(n), the parties shall provide the Court with a <u>joint</u> appendix containing copies of those portions of the administrative record that are cited or otherwise relied upon in any memorandum in support of, or in opposition to, a motion for summary judgment. If the joint appendix exceeds one hundred pages, the parties shall provide two (2) printed courtesy copies to chambers, as described above.

d. <u>Other Cases</u>

   i. The Court strictly adheres to the dictates of Local Civil Rule 7(h), which requires that each party submitting a motion for summary judgment attach a statement of material facts for which that party contends there is no genuine dispute, with specific citations to those portions of the record upon which the party relies in fashioning the statement. The party opposing the motion must, in turn, submit a statement enumerating all material facts which the party contends are genuinely disputed and thus require trial.

   ii. *The parties must furnish precise citations to the portions of the record on which they rely; the Court need not consider materials not specifically identified. See* Fed. R. Civ. P. 56(c)(3). Parties are directed to Section 14 of this Standing Order for citation conventions.

   iii. The moving party's statement of material facts shall be a short and concise statement, in numbered paragraphs, of all material facts as to which the moving party claims there is no genuine dispute. The statement must contain only one factual assertion in each numbered paragraph, and each factual assertion must include a precise citation to the relevant portion of the record.

   iv. The party responding to a statement of material facts must respond to each paragraph with a correspondingly numbered paragraph, indicating whether that paragraph is admitted or denied. If a paragraph is admitted only in part, the party must specifically identify which parts are admitted and which parts are denied.

   v. The Court may assume that facts identified by the moving party in its statement of material facts are admitted, unless such facts are controverted in the statement filed in opposition to the motion and are supported by a precise citation to the controverting evidence. Local Civil Rule 7(h).

   vi. The responding party must include any information relevant to its response in its correspondingly numbered paragraph, with specific citations to the record. However, if the responding party has additional facts that are not directly relevant to its response, it must identify such facts in consecutively numbered paragraphs at the end of its responsive statement of facts. If additional factual allegations are made, the opponent must file a responsive statement of its own.

**11. Motions for Reconsideration**

Motions for reconsideration are strongly discouraged. The Court will not entertain a motion that (a) reasserts arguments previously raised and rejected by the Court or (b) raises for the first time arguments that should have been advanced in the original motion.

**12. Motions for Extension of Time**

Extensions or enlargements of time will only be granted upon motion, and not upon stipulation by the parties. Any party that intends to seek an extension must make a meaningful effort to ascertain the opposing party's position with respect to the extension before filing a motion; an eleventh-hour telephone or email message left for opposing counsel, for example, will not typically satisfy the meet-and-confer requirement. Absent extraordinary circumstances, contested motions for extension of time shall be filed at least three business days before the relevant deadline. Motions for a continuance or other scheduling change must include alternative dates that have been agreed to by all parties. Requests that do not include an alternative date acceptable to all parties may be denied.

**13. Discovery Disputes**

The Court expects the parties to follow Federal Rule of Civil Procedure 26 and Local Civil Rule 26.2. Before bringing a discovery dispute to the Court's attention, the parties must confer in good faith in an attempt to resolve the dispute informally. If the parties are unable to resolve the discovery dispute, they shall contact the Courtroom Deputy Clerk at (202) 354-3084 to arrange for a hearing with the Court. The parties shall not file any motions relating to a discovery dispute without leave of the Court.

**14. Citation Matters and Cited Authorities**

Parties shall cite the U.S. Code rather than solely to a separately enumerated statute (e.g., "8 U.S.C. § 1182" or "8 U.S.C. § 1182, INA § 212" rather than "INA § 212"). Parties citing to unpublished cases or other materials available only on fee-based databases shall cite to Westlaw, not Lexis, wherever possible. In cases involving *pro se* litigants, counsel shall, when serving a memorandum of law (or other submission to the Court), provide the *pro se* litigant with copies of cases or other authorities cited therein that are unpublished or reported exclusively on computerized databases.

All record citations, including to briefs, shall be to the **page number of the PDF file** that contains the cited material, not to any internal pagination within the document. For previously filed materials, the parties must cite to the ECF-generated page numbers at the top of the documents (e.g., Dkt. 50 at 5). For contemporaneously filed materials, each exhibit shall be filed as a separate exhibit on ECF and the parties shall cite to the page number of the relevant PDF file (e.g., Ex. B at 5). If the document is organized by sections or numbered paragraphs, the parties shall provide the section or paragraph in a separate parenthetical (e.g., Dkt. 1 at 2 (Compl. ¶ 25)). Absent leave of the Court, parties

must file the entire exhibit on which they rely, not merely the portions the party deems relevant.

**15. Settlement**

The parties are expected to evaluate their respective cases for the purposes of settlement. The Court encourages the use of alternative dispute resolution—e.g., mediation or neutral case evaluation. The use of these methods is available at any time, as is a settlement conference before a magistrate judge. If counsel are interested in pursuing these options, they may contact Chambers at any time. If the case settles in whole or in part, counsel shall promptly advise the Court.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date: January 14, 2021

# APPENDIX 1: SAMPLE STATEMENT OF UNDISPUTED MATERIAL FACT

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JANE DOE,<br><br>　　　　*Plaintiff*,<br><br>　v.<br><br>JOHN ROE,<br><br>　　　　*Defendant*. | Civil Action No. __-____ (RDM) |

## DEFENDANT'S STATEMENT OF UNDISPUTED MATERIAL FACT:

1.　　On December 5, 2019 at approximately 5:00 p.m. Plaintiff was in her car and was traveling eastbound on C St. NW, approaching the intersection with 3rd St. NW. Ex. B at 24 (Doe Dep. 21:12–13) (date and time); *id.* at 27 (Doe Dep. 24:4–5) (location).

2.　　At the time Plaintiff's car approached the intersection, the traffic light governing eastbound traffic on C St. at that intersection was red. Ex. C at 10 (Roe Dep. 8:19–22).

## APPENDIX 2: SAMPLE RESPONSE TO STATEMENT OF UNDISPUTED MATERIAL FACT

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JANE DOE,<br><br>    *Plaintiff*,<br><br>v.<br><br>JOHN ROE,<br><br>    *Defendant*. | Civil Action No. __-____ (RDM) |

## PLAINTIFF'S RESPONSE TO THE DEFENDANT'S STATEMENT OF UNDISPUTED MATERIAL FACT

1.  On December 5, 2019 at approximately 5:00 p.m. Plaintiff was in her car and was traveling eastbound on C St. NW, approaching the intersection with 3rd St. NW.  Ex. B at 24 (Doe Dep. 21:12–13) (date and time); *id.* at 27 (Doe Dep. 24:4–5) (location).

    Plaintiff's Response: Undisputed.

2.  At the time Plaintiff's car approached the intersection, the traffic light governing eastbound traffic on C St. at that intersection was red.  Ex. C at 10 (Roe Dep. 8:19–22).

    Plaintiff's Response:  Disputed in part.  The traffic light governing only left turns was red.  Dkt. 51-3 at 12 (Roe Dep. 10:16–17).  At the time Plaintiff's car was approaching the intersection, the traffic light governing traffic proceeding through the intersection or turning right was turning from green to yellow.  *Id.* at 15 (Roe Dep. 13:2–3).