## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, ET AL.<br><br>        Plaintiffs,<br><br>    v.<br><br>U.S. ENVIRONMENTAL PROTECTION AGENCY, ET AL.<br><br>        Defendants. | **CASE NO.** 1:21-cv-00119 (RDM) |

### DECLARATION OF JUSTIN WOLFE
### IN SUPPORT OF STATE OF FLORIDA AND
### FLORIDA DEPARTMENT OF ENVIRONMENTAL PROTECTION'S
### MOTION TO INTERVENE

1.  My name is Justin Wolfe. I declare under penalty of perjury under the laws of the United States of America and the State of Florida that the following statements are true and correct.

2.  I serve as General Counsel to the Florida Department of Environmental Protection ("FDEP"). FDEP is the state agency in Florida authorized by law to "control and prohibit pollution of air and water…." Fla. Stat. § 403.061.

3.  Pursuant to Section 20.255(c), Florida Statutes, as General Counsel, I am responsible for all legal matters of FDEP. I have held this position for approximately two years. Before serving as the General Counsel for FDEP, I served as the Deputy General Counsel for the Water, Air, and State Lands Section of FDEP's Office of General Counsel.

4.  I am authorized by the Office of the Governor of the State of Florida, the Office of Attorney General of the State of Florida, and the Secretary of the FDEP to provide this declaration to this Court.

1

5. The State of Florida, including the FDEP, is committed to protecting Florida's water resources consistent with law.

6. For many years, FDEP has administered a state permitting program, known as the Environmental Resource Permit ("ERP") Program, which regulates dredging or filling of wetlands and other surface waters in Florida (among other things).

7. Section 404 of the Clean Water Act ("CWA"), 33 U.S.C. § 1344, also regulates the discharge of dredge or fill materials into waters of the United States, a federal program that is administered by the Secretary of the Army, acting through the Chief of Engineers of the U.S. Army Corps of Engineers ("Corps"). 33 U.S.C. § 1344(a)-(d).

8. CWA Section 404 allows States to assume authority to issue and enforce dredge-and-fill permits within their respective jurisdictions. *Id.* § 1344(g)-(l). To assume Section 404 permit authority, a State must submit a complete application to the U.S. Environmental Protection Agency ("EPA") for approval. EPA must then review the application to ensure that all statutory requirements have been satisfied and, if so, must approve the application within 120 days.

9. In March 2018, the Governor of Florida signed into law a new state statute authorizing FDEP to establish a Section 404 Program. *See* Fla. Stat. § 373.4146. In response, FDEP began a lengthy process of adopting comprehensive Section 404 Program regulations, which were initially proposed in February 2020 and finalized in June 2020. This state rulemaking included an extensive public notice and comment process. FDEP's regulations creating the State 404 Program are now codified primarily at Chapter 62-331 of the Florida Administrative Code.

10. Florida law provides an opportunity for any person substantially affected by an FDEP rule or proposed rule to seek an administrative determination of the invalidity of the rule.

*See* Fla. Stat. § 120.56(1)(a). When FDEP promulgated state regulations to create a Section 404 Program, no administrative or judicial appeals were filed in relation to the state 404 rulemaking.

11. On August 20, 2020, the State of Florida submitted to EPA a complete Section 404 program assumption application in accordance with the CWA and its implementing regulations. Florida's Request to Assume Administration of a Clean Water Act Section 404 Program, 85 Fed. Reg. 57,853, 57,853 (Sept. 16, 2020). Florida's application contained all of the required elements of a state 404 permit program application as set forth in 40 C.F.R. § 233.10. This included (among other things): (a) a letter from Florida's Governor requesting program approval; (b) a complete program description as set forth in 40 C.F.R. § 233.11; (c) a state legal opinion as set forth in 40 C.F.R. § 233.12; (d) a Memorandum of Agreement with the EPA Regional Administrator as set forth in 40 C.F.R. § 233.13; (e) a Memorandum of Agreement with the Secretary of the Army, as set forth in 40 C.F.R. § 233.14; and (f) copies of all applicable state statutes and regulations, including those governing applicable state administrative procedures. A copy of Florida's submittal was made available for public review via FDEP's website,[1] EPA's website,[2] and the federal government's regulatory docket website.[3]

12. Florida's Section 404 Program ensures protection of Florida's water resources while also increasing regulatory efficiency and reducing duplication between the State's existing ERP program and the federal Section 404 program.

---

[1] FDEP, 404 Assumption, https://floridadep.gov/water/submerged-lands-environmental-resources-coordination/content/404-assumption.
[2] EPA, Public Notice: Notice of EPA's Approval of Florida's Clean Water Act Section 404 Assumption Request, https://www.epa.gov/publicnotices/notice-epas-approval-floridas-clean-water-act-section-404-assumption-request.
[3] Approval of Florida's Clean Water Act Section 404 Assumption Request, Regulations.gov, https://beta.regulations.gov/document/EPA-HQ-OW-2018-0640-0564.

13. On September 16, 2020, EPA acknowledged receipt of Florida's complete application, opened a public comment period, and scheduled public hearings on the submitted program. 85 Fed. Reg. at 57,853. EPA held public hearings on Florida's Section 404 Program application on October 21 and October 27, 2020, via virtual platforms that allowed for remote participation by any member of the public.

14. FDEP was designated by EPA as the non-federal representative for purposes of engaging in consultation with the U.S. Fish and Wildlife Service ("USFWS") under Section 7 of the Endangered Species Act ("ESA"). In this capacity, FDEP prepared and submitted a biological evaluation to USFWS concerning the impact of Florida's Section 404 Program on federally listed species and critical habitat. On November 17, 2020, USFWS issued a biological opinion to accompany EPA's determination concerning Florida's 404 assumption request.

15. As part of the Section 404 assumption process, the State of Florida and FDEP consulted with the Seminole Tribe of Florida, Miccosukee Tribe of Indians of Florida, and other Indian tribes concerning Florida's assumption of the Section 404 Program. On August 6, 2020, FDEP and the Florida State Historic Preservation Officer ("Florida SHPO") entered into an Operating Agreement whereby FDEP committed to direct engagement with the Florida SHPO and interested Indian tribes early in the permit application review process, including opportunities to inform FDEP's requests for additional information, provide effects determinations, and make recommendations for the resolution of adverse effects. Following submittal of Florida's application for the Section 404 Program, FDEP continued to engage with Indian tribes with interests in Florida and participated in multiple meetings and discussions to hear from Indian tribes about their views on Florida's assumption of the Section 404 Program. Furthermore, on December 16, 2020, FDEP entered a Programmatic Agreement with EPA, the Advisory Council on Historic

Preservation, and the Florida SHPO for purposes of Section 106 of the National Historic Preservation Act.

16. On December 17, 2020, EPA Regional Administrator Mary Walker signed a letter to the Governor of Florida, Ron DeSantis, formally approving Florida's Section 404 Program. This letter contains the subject line: "Notice of Approval of Florida's Assumption of the Clean Water Act Section 404 Program." The letter explains that "Florida's assumption of the CWA Section 404 program is approved," and that "Florida will begin permitting responsibility for these discharges upon publication of EPA's approval in the Federal Register." The State of Florida received this notification letter on December 17, 2020, which is 120 days after FDEP submitted a complete application to EPA for a Section 404 Program.

17. On December 22, 2020, EPA published its approval of Florida's CWA Section 404 program in the Federal Register. EPA's Approval of Florida's Clean Water Act Section 404 Assumption Request, 85 Fed. Reg. 83,553 (Dec. 22, 2020).

18. On December 23, FDEP notified the Corps that FDEP is now administering the Section 404 Program, as approved by EPA. On December 28, 2020, EPA sent a letter to FDEP reaffirming that, as of December 22, 2020, Florida's Section 404 Program is effective. This also aligns with a Memorandum of Agreement entered between the FDEP and the Corps, which became effective "at the time of EPA approval of the State 404 Program, which shall be the effective date published in the Federal Register." Memorandum of Agreement Between FDEP and the Department of the Army, at Part I.B (signed as of August 5, 2020); *see also* 33 U.S.C. § 1344(h)(2)(A) (providing that, where the EPA Administrator has approved a State 404 Program, the Administrator shall "so notify (i) such State and (ii) the Secretary, *who upon subsequent notification from such State that it is administering such program*, shall suspend the issuance of

permits under subsections (a) and (e) of this section for activities with respect to which a permit may be issued pursuant to such State program" (emphasis added)).

19. Thus, effective December 22, 2020, FDEP administers a Section 404 Program within the State of Florida in a manner consistent with the CWA and its implementing regulations. 85 Fed. Reg. 83,553.

20. Florida is the third state to obtain approval from EPA to administer a Section 404 Program. Two other states – Michigan and New Jersey – also currently administer a state 404 permit program.

21. The State of Florida, and FDEP in particular, have invested significant resources in preparing to assume authority to regulate the CWA Section 404 program within its jurisdiction. For example, in addition to obtaining statutory authority from the state legislature, adopting state regulations via the State of Florida's administrative rulemaking process, preparing all requisite application materials, and complying with extensive federal regulatory requirements, FDEP has held more than a dozen staff training sessions since August 2020 covering all aspects of the Section 404 program as well as many meetings and interactions with outside stakeholders concerning establishment and implementation of a Section 404 Program in Florida.

22. The State of Florida and the FDEP have the necessary resources to effectively process and issue permits under the Section 404 Program in accordance with applicable laws and regulations.

23. Florida's Section 404 program meets the requirements for a state 404 program as set forth in the Clean Water Act and its implementing regulations. As a result, water resources will continue to receive regulatory protection in Florida.

24. Additionally, the CWA provides for an orderly transition of responsibilities from the U.S. Army Corps of Engineers to the State of Florida. Under CWA Section 404(h)(4), after EPA approves a state program, the Corps must transfer all pending applications for permits under section 404 of the CWA within state-assumed waters to the [State] for processing. 33 U.S.C. § 1344(h)(4) ("transfer any applications for permits pending before the Secretary for activities with respect to which a permit may be issued pursuant to such State program to such State for appropriate action"). This transition began on December 23, 2020, and is nearing completion.

25. I have been made aware that, on January 14, 2021, a coalition of environmental organizations ("Plaintiffs") filed a Complaint in the U.S. District Court for the District of Columbia seeking to invalidate and enjoin EPA's approval of Florida's Section 404 Program. The State of Florida and the FDEP have reviewed the claims asserted by Plaintiffs, oppose Plaintiffs' Complaint, and intend to provide a defense of EPA's approval of Florida's Section 404 program application as to all claims asserted by Plaintiffs.

26. A court order against implementation of Florida's Section 404 Program would cause significant harm to the sovereign and other regulatory interests of the State of Florida and its citizens. Florida has expended significant time and budgetary resources to assume administration of the Section 404 Program and to be ready to administer the program immediately upon approval. Moreover, under the Clean Water Act, states like Florida have the primary responsibility to administer and enforce laws and regulations to protect water resources. 33 U.S.C. § 1251. If Plaintiffs succeed, and the Court invalidates or delays EPA's final action, FDEP will no longer be able to maintain and administer the State's assumed CWA Section 404 authority or could be substantially hindered in doing so. This includes harming Florida's ability to issue

permits for the protection and restoration of Florida's water resources including the Florida Everglades projects, along with harming Florida's ability to enforce protection of these resources.

27. In light of this lawsuit, the State of Florida and FDEP have no clear recourse to protect their interests other than defending against the lawsuit in this Court. They intend to intervene in this lawsuit and defend Florida's Section 404 Program based on, among other things, applicable state and federal statutes and regulations administered on behalf of the State of Florida by FDEP. Moreover, consistent with Rule 24(b)(2), the State of Florida and the FDEP both constitute a "state governmental officer or agency" with a "claim or defense" that is "based on either statute or executive order administered by the officer or agency, or based on any regulation, order, requirement, or agreement issued or made under the statute or executive order." Here, Florida Applicants intend to defend Florida's Section 404 Program based on applicable state and federal statutes and regulations administered by FDEP or otherwise defend its program based on regulations or agreements made under applicable state and federal statutes and regulations.

28. To the extent Plaintiffs believe particular permit actions by Florida under the new Section 404 Program fail to meet the criteria for a proper Section 404 permit, Florida law provides remedies under state law. For example, where FDEP grants a permit under the Section 404 Program, that agency action is final and effective on the date filed with the FDEP clerk *unless* a petition for an administrative hearing is timely filed under Sections 120.569 and 120.57, Fla. Stat. Where a petitioner files a timely and sufficient petition challenging an FDEP permit, the permitting action is not considered final and effective until completion of the administrative review process. Florida law also provides for a right to seek judicial review pursuant to Section 120.68, Fla. Stat.

29. Moreover, if Florida does not administer the Section 404 program in a manner consistent with the requirements of Section 404 of the CWA and the implementing regulations,

EPA has authority to initiate proceedings to withdraw approval and to return the Section 404 program to the U.S. Army Corps of Engineers.  *See* 33 U.S.C. § 1344(i).

30. EPA's oversight role is distinct and different from the roles and responsibility of the State of Florida and FDEP to administer the state's Section 404 Program.

9

Executed on the 19TH day of January, 2021.

By: _____
Justin Wolfe
General Counsel
Florida Department of Environmental Protection
3900 Commonwealth Blvd M.S. 35
Tallahassee, FL 32399