IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, et al., <br><br> Plaintiffs, <br><br> v. <br><br> U.S. ENVIRONMENTAL PROTECTION AGENCY, et al., <br><br> Defendants. | CASE NO. 1:21-cv-119 (RDM) |

**PLAINTIFFS' NOTICE REQUESTING PRE-MOTION CONFERENCE**

This case arises from the U.S. Environmental Protection Agency's ("EPA") unlawful approval of a state program to administer Section 404 of the Clean Water Act, which governs dredging and filling of certain waters of the United States, including sensitive wetlands on which many communities and endangered species rely.  In accordance with the Court's Standing Order, Dkt. 3 at 4, ¶ 10.a., Plaintiffs respectfully request a pre-motion conference in anticipation of filing a motion for partial summary judgment.

Plaintiffs intend to move for summary judgment on their claims that EPA's December 22, 2020, publication of an "adjudicatory order" approving the state's Section 404 program—in lieu of lawfully promulgating a rule and codifying the program—did not lawfully effectuate a transfer of authority to the state nor give legal effect to the state program.  See Dkt. 1 (Complaint), ¶¶ 1, 36, 228–239, 240–248.  Plaintiffs submit that these are purely legal claims that can be resolved on summary judgment.

1

## I. Basis for the Anticipated Motion

In an effort to effectuate transfer of Section 404 authority to Florida before January 20, 2021, EPA published a notice of approval of the state program in the Federal Register on December 22, 2020, with an immediate "applicable" date.[1]  U.S. Envtl. Prot. Agency, 85 Fed. Reg. 83,553 (Dec. 22, 2020).  The notice did not provide 30 days between publication and the effective date as required by the Administrative Procedure Act ("APA"), 5 U.S.C. § 553(d), nor did it invoke an exception to the 30-day rule.  85 Fed. Reg. 83,553.  The notice also did not codify the state program, in violation of the Federal Register Act, 44 U.S.C. § 1510(a), and contrary to the agency's codification of every other approved state 404 program.  85 Fed. Reg. 83,553.  See Dkt. 1, Compl. ¶¶ 16, 27, 34, 245–46; 40 C.F.R. § 233.70 (codified Michigan 404 program); id. § 233.71 (codified New Jersey 404 program); see also 85 Fed. Reg. 57,853, 57,855 (Sept. 16, 2020) (stating that if approved, Florida 404 program would be codified); Brief for Fed. Appellee at 5, Menominee Indian Tribe of Wis. v. U.S. Envtl. Prot. Agency, No. 1:18-cv-00108-WCG (7th Cir. Apr. 30, 2020), ECF No. 49 (discussing Michigan assumption as a rulemaking).

On December 22, 2020, Plaintiffs' counsel notified the Federal Defendants and the state that EPA's action was unlawful and that therefore no transfer of authority had been legally effectuated, nor had the state program been given legal effect.  Dkt. 1, Compl. ¶ 35.  On December 28, 2020, EPA's General Counsel responded with a letter to the state claiming that the transfer was effective upon publication of the notice and that the decision was an adjudication rather than a rulemaking and therefore did not require compliance with the 30-day rule or

---

[1] Had EPA followed the 30-day rule, EPA's approval could not have taken effect until January 21, 2021, at the earliest.

2

codification. Dkt. 1, Compl. ¶ 36. EPA added that the agency intended to codify the program for "transparency." Id. To date, however, EPA has not codified the program.

On January 15, 2021, a day after this action was filed, EPA posted to its website a pre-publication notice of a final rule to codify the state program. See U.S. Envtl. Prot. Agency, Pre-Publication Notice, Codifying EPA's Adjudicatory Decision on Florida's Clean Water Act Section 404 Program Request, https://www.epa.gov/sites/production/files/2021-01/documents/pre-publication_frn-_fl_404_codification_final_rule_.pdf (Jan. 14, 2021). In the pre-publication notice, EPA adhered to the position that its prior approval of the program was an adjudicatory order rather than a rulemaking and that this "informal adjudication" effectuated the transfer of authority and gave legal effect to the state program. Id. EPA described the anticipated codification of the program as "voluntary and ministerial" and stated that it did "not affect Florida's authority to administer the CWA 404 program." Id. This rule has not been published to the Federal Register website for public inspection nor has it been promulgated.

## II. Claims at Issue, Legal Standards

At issue for Plaintiffs' motion for partial summary judgment are their Eighth and Ninth Claims for Relief. See Dkt. 1, Compl., ¶¶ 228–39 (immediate effective date in violation of the APA); id. at ¶¶ 240–48 (failure to codify in violation of the Federal Register Act and the APA). In an APA case, summary judgment "serves as a 'mechanism for deciding, as a matter of law, whether the agency action is ... consistent with the APA standard of review.'" Fisher v. Pension Benefit Guar. Corp., 468 F. Supp. 3d 7, 18 (D.D.C. 2020) (quoting Cayuga Nation v. Bernhardt, 374 F. Supp. 3d 1, 9 (D.D.C. 2019)). The APA provides that a court shall "hold unlawful and set aside agency action" that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A).

The agency actions at issue for purposes of the forthcoming motion violate the plain language of the APA and the Federal Register Act, and therefore must be set aside as arbitrary, capricious, and not in accordance with the law.  Fisher v. Pension Benefit Guar. Corp., 151 F. Supp. 3d 159, 165 (D.D.C. 2016) (Moss, J.) ("[A]gency actions will be set aside if they are contrary to law—if, in other words, they are not 'authorized by the statutory text.'").  Settled principles of administrative law require that "when a court reviewing agency action determines that an agency made an error of law . . . the case must be remanded to the agency for further action consistent with the corrected legal standards."  Hornbeck Offshore Transp., LLC v. U.S. Coast Guard, 424 F. Supp. 2d 37, 58 (D.D.C. 2006).

EPA's action entailed several legal errors.  First, EPA erred in its determination that an adjudicatory order could effectuate a lawful transfer of Section 404 authority from federal agencies to the state and give legal effect to the state program.  Adjudications are case-specific individual determinations that are judicial in nature and that apply retroactively, rather than prospectively.  Safari Club Int'l v. Zinke, 878 F.3d 316, 332–33 (D.C. Cir. 2017); Carlson v. Postal Regulatory Comm'n, 938 F.3d 337, 340 (D.C. Cir. 2019).  See also 5 U.S.C. § 551(4)–(7).  EPA therefore did not lawfully effectuate a prospective transfer of authority or give legal effect to a new state program on the basis of an adjudication.

Second, EPA failed to promulgate the program approval as a rule and provide a minimum of 30 days between the rule's promulgation and effective date.  5 U.S.C. § 553(d) (requiring a minimum of 30 days between publication of a substantive rule and its effective date); Gen. Motors Corp. v. U.S. Envtl. Prot. Agency, 363 F.3d 442, 448 (D.C. Cir. 2004) (regulatory action constitutes promulgation of a substantive rule when it binds private parties or the agency, has the force of law); Nat'l Ass'n of Home Health Agencies v. Schweiker, 690 F.2d 932, 949 (D.C. Cir.

1982) (agency action that implemented new system requiring entities to operate within guidelines of new intermediatry constituted a substantive rule); Menominee Indian Tribe of Wis. v. U.S. Envtl. Prot. Agency, 947 F.3d 1065, 1074–75 (7th Cir. 2020), reh'g denied (May 8, 2020) (Hamilton, J., concurring) (approval of state 404 program bears all "the hallmarks of a legislative rule" that must comply with the requirements of the APA).

Third, EPA's failure to codify means that it has not lawfully transferred authority or given legal effect to the state program. 44 U.S.C. § 1510(a); 1 C.F.R. § 1.1; Simmons v. Intern'l Com. Comm'n., 757 F.2d 296, 300 n.2 (D.C. Cir. 1985) (rule that was not codified did not constitute "binding agency precedent and could not be treated as such"). Codification is not "voluntary" or optional. Guedes v. Bureau of Alcohol, Tobacco, Firearms & Explosives, 920 F.3d 1, 19 (D.C. Cir.), judgment entered, 762 F. App'x 7 (D.C. Cir. 2019), and cert. denied, 140 S. Ct. 789 (2020) (publication in C.F.R. is limited to rules having general applicability and legal effect); Am. Min. Cong. v. Mine Safety & Health Admin., 995 F.2d 1106, 1109 (D.C. Cir. 1993) ("44 U.S.C. § 1510 limits publication in that code to rules 'having general applicability and legal effect.'") (quoting Brock v. Cathedral Bluffs Shale Oil Co., 796 F.2d 533, 539 (D.C. Cir. 1986)).

As a result, EPA's immediate authorization of the state program was arbitrary, capricious, and contrary to law, and must be set aside.

### III. Standing

To establish standing, Plaintiffs must show, "by a preponderance of the evidence," Otay Mesa Prop., L.P. v. U.S. Dep't of Interior, 144 F. Supp. 3d 35, 56 (D.D.C. 2015), that they "have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." Spokeo, Inc. v. Robins, 136 S.Ct. 1540, 1547 (2016) (citing Lujan v. Defs. of Wildlife, 504 U.S. 555, 560–61

(1992)).  See also Havens Realy Corp. v. Coleman, 455 U.S. 363, 379 (1982); Sierra Club v. U.S. Envtl. Prot. Agency, 292 F.3d 895, 898 (D.C. Cir. 2002).

Plaintiff organizations have suffered cognizable procedural injury from EPA's actions, which have deprived them of the right to petition EPA to postpone a rule's effective date during the pendency of litigation, 5 U.S.C. § 705, and to petition for reconsideration, before the transfer of authority took effect.[2]  Sugar Cane Growers Co-op. of Fla. v. Veneman, 289 F.3d 89, 94–95 (D.C. Cir. 2002).  Plaintiffs were forced to immediately shift resources to try to locate and understand the status of transferred permits, while attempting to understand the new legal regime, train staff, and simultaneously ensure that they were protecting their interests as to specific permits of concern.  Plaintiffs were thus deprived of the opportunity to "prepare for the effective date" and "take other action which the issuance" prompted.  Nance v. U.S. Envtl. Prot. Agency, 645 F.2d 701, 708–09 (9th Cir. 1981).  See Havens, 455 U.S. at 379.

Plaintiffs will also be harmed by EPA's immediate authorization of an unlawful state program that will issue permits to destroy wetlands essential to protected species in areas where Plaintiffs hike, observe wildlife, boat, and dive.  Lujan, 504 U.S. at 562–63 ("[T]he desire to use or observe an animal species, even for purely esthetic purposes, is undeniably a cognizable interest for purpose of standing."); Sierra Club v. Jewell, 764 F.3d 1, 6 (D.C. Cir. 2014) ("impairment of the affiant's ability to enjoy the 'natural vistas' of the nearby hills from her own home, regardless of the absence (or existence) of any legal right on her part to view or make an entry onto the nearby hills" is sufficiently concrete for injury-in-fact (citing Nat'l Wildlife Fed'n v. Hodel, 839 F.2d 694, 715 (D.C. Cir. 1988))).

---

[2] On January 20, 2021, Plaintiffs asked EPA to recognize that the transfer of authority was not lawful or, alternatively, if EPA lawfully promulgates a rule approving and codifying the state program, that the agency postpone its effective date pending judicial review.

Dated: January 29, 2021

Respectfully submitted,

/s/ Tania Galloni
TANIA GALLONI
Fla. Bar No. 619221
CHRISTINA I. REICHERT
Fla. Bar No. 0114257
Earthjustice
4500 Biscayne Blvd., Ste 201
Miami, FL 33137
T: 305-440-5432
F: 850-681-0020
tgalloni@earthjustice.org
creichert@earthjustice.org

/s/ Bonnie Malloy
BONNIE MALLOY
Fla. Bar No. 86109
Earthjustice
111 S. Martin Luther King Jr. Blvd
Tallahassee, FL 32301
T: 850-681-0031
F: 850-681-0020
bmalloy@earthjustice.org

/s/ Anna Sewell
ANNA SEWELL
D.C. Bar No. 241861
Earthjustice
1001 G St., Ste 1000
Washington, DC 20001
T: 202-667-4500
asewell@earthjustice.org

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 29th day of January 2021 I electronically filed the foregoing document using the CM/ECF system. Service was accomplished by the CM/ECF system.

        Respectfully submitted,

        /s/ Tania Galloni
        TANIA GALLONI
        Fla. Bar No. 619221
        Earthjustice
        4500 Biscayne Blvd., Ste 201
        Miami, FL 33137
        T: 305-440-5432
        F: 850-681-0020
        tgalloni@earthjustice.org