IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, ET AL.<br><br>          Plaintiffs,<br><br>     v.<br><br>U.S. ENVIRONMENTAL PROTECTION AGENCY, ET AL.<br><br>          Defendants. | **CASE NO.** 1:21-cv-00119 (RDM) |

**FLORIDA'S RESPONSE TO PLAINTIFFS' NOTICE
REQUESTING PRE-MOTION CONFERENCE**

The State of Florida and the Florida Department of Environmental Protection ("FDEP") (collectively, "Florida Intervenors") hereby notify the Court that they intend to oppose Plaintiffs' proposed partial summary judgment motion, as generally described below.

### I.     *Plaintiffs' Attempt at Early Partial Summary Judgment Is Premature and Unjustified*

Plaintiffs ask this Court to set aside EPA's approval of Florida's Clean Water Act (CWA) Section 404 program application via an early partial summary judgment motion (Dkt. 21), circumventing the normal course for Administrative Procedure Act (APA) challenges under a court-approved schedule allowing for rulings on motions to dismiss (e.g., for lack of standing); compilation of the administrative record; and rulings on cross-motions for summary judgment. *See Connecticut v. U.S. Dep't of Interior*, 344 F. Supp. 3d 279, 294 (D.D.C. 2018).  Plaintiffs have not given a compelling reason to depart from the typical APA litigation path.

Plaintiffs frame their motion as seeking partial summary judgment but essentially seek summary disposition, a rarely used process where the movant has the "heavy burden of

demonstrating that the record and the motions papers comprise a basis adequate to allow the 'fullest consideration necessary to a just determination'." *Cascade Broad. Grp., Ltd. v. FCC*, 822 F.2d 1172, 1174 (D.C. Cir. 1987) (per curiam) (emphasis added) (quoting *Sills v. Bureau of Prisons*, 761 F.2d 792, 794 (D.C. Cir. 1985)). Given the variety of legal hurdles Plaintiffs must overcome here, in conjunction with the CWA's strong policy preference for approval of state applications to administer programs, early partial summary judgment or summary disposition is unwarranted. *See e.g., Ranger Cellular v. F.C.C.*, No. 02-1155, 2002 WL 31045959, at *1 (D.C. Cir. Sept. 12, 2002) (denying summary disposition where "merits of the parties' positions are not so clear as to warrant summary action") (citing *Cascade Broad. Grp., Ltd.*, 822 F.2d at 1174). The proper and well-trod path here is for the Court to deny Plaintiffs' request and set a schedule for motions to dismiss, compilation of the administrative record, and cross-motions for summary judgment. *Cayuga Nation v. Bernhardt*, 374 F. Supp. 3d 1, 9 (D.D.C. 2019) ("Summary judgment is [] the mechanism for deciding whether as a matter of law the agency action is supported by the administrative record and is otherwise consistent with the APA standard of review") (internal quotation marks omitted) (citations omitted).

## II.  Plaintiffs' Eighth and Ninth Claims Are Meritless

Florida Intervenors will demonstrate that, contrary to Plaintiffs' claims, EPA and Florida followed proper procedures for approval of a state program under CWA Section 404 and, further, that Plaintiffs' "30-day waiting period" and "codification" claims are meritless. Florida's memorandum in support of intervention (Dkt. 4-1 at pp. 1-3) and accompanying declaration (Dkt. 4-3 at pp. 2-7) describe Florida's multi-year process leading to submittal of its complete application on August 20, 2020. EPA promptly made the application available for public review, accepted public comments, and held two hearings on Florida's application. EPA consulted with

other federal agencies and Indian tribes and evaluated Florida's application in light of applicable criteria. EPA sent a notice letter on December 17, 2020 to the Governor of Florida formally approving Florida's program, which became effective upon publication in the Federal Register on December 22, 2020, *see* 85 Fed. Reg. 83,553, as provided under 40 C.F.R. § 233.15(h). Even if EPA took no action within 120 days of receipt of Florida's application, the application would have been "deemed approved" by statute. 33 U.S.C. § 1344(h)(3).

        Plaintiffs perceive error in EPA's decision to make its approval of Florida's program effective upon publication in the Federal Register instead of 30 days after publication. Plaintiffs are incorrect. From the earliest days of the CWA, EPA treated its approval of state CWA programs as "notices" that were effective upon transmittal of the approval letter to the state. *See, e.g.*, 39 Fed. Reg. 26,061 (July 16, 1974) ("Notice is hereby given that [EPA] has granted requests for approval of [15] State programs listed below. . . For each of these States, the permit program … is being administered by the State agency . . . as of the approval date"). In 1988, when adopting 40 C.F.R. part 233, EPA formalized the practice of making its approval of state 404 programs effective immediately upon publication in the Federal Register. 53 Fed. Reg. 20,764, 20,767 (June 6, 1988). EPA used "effective immediately" language in the Federal Register notices approving Section 404 programs for Michigan (1984) and New Jersey (1994): "Since this approval, in large part, simply ratifies State regulations and requirements already in effect under State law, EPA is publishing this approval, *effective immediately*." 49 Fed. Reg. 38,947 (Oct. 2, 1984) (emphasis added); 59 Fed. Reg. 9,933 (Mar. 2, 1994) (same language). EPA, likewise, explained in the December 22, 2020 Federal Register notice that Florida's program would apply immediately, noting that "[r]eceipt of the [application] package initiated a 120-day statutory review period" and "EPA has concluded that the State of Florida and FDEP have the necessary authority to operate a

program in accordance with the requirements found in CWA section 404 and 40 CFR part 233." 85 Fed. Reg. at 83,553.  EPA has continued to approve state CWA programs under Section 402 via notices that are effective upon approval. *See, e.g.*, 60 Fed. Reg. 25,718 (May 12, 1995) (approving Florida's application to administer CWA discharge permit program effective upon approval); 67 Fed. Reg. 79,629 (Dec. 30, 2002) (Arizona); 73 Fed. Reg. 66,243 (Nov. 7, 2008) (Alaska); 83 Fed. Reg. 27,769 (Jun. 14, 2018) (Idaho). The 30-day waiting period under 5 U.S.C. § 553(d) was in place (and not used in CWA approvals) for this entire period. 80 Stat. 386 (1966).

Ignoring this history for CWA state program approvals, Plaintiffs erroneously contend that EPA *must* treat state CWA program application approvals as "substantive rules."  For a variety of reasons, these attacks fail.  EPA determined, in its discretion, that it would review and decide upon Florida's *application* to administer a Section 404 program as an informal adjudication.  That was reasonable. *See Safari Club Int'l v. Zinke*, 878 F.3d 316, 332-33 (D.C. Cir. 2017) ("When agencies have the statutory authority to engage in rule making and adjudication, they have broad discretion to choose which route to pursue.") (citations omitted).  The APA defines "adjudication" as an "agency process for the formulation of an 'order'," 5 U.S.C. § 551(7), which in turn is defined to include an agency's "disposition" of a "license," *id.* § 551(8), which includes a "form of permission." *Id*.  EPA approval of a state *application* on an individual state basis qualifies as a form of permission that can be granted via informal adjudication.  *Safari Club*, 878 F.3d at 332-33 (recognizing that "orders" can be "individual" and "case-by-case") (quoting *Neustar, Inc. v. FCC*, 857 F.3d 886, 893 (D.C. Cir. 2017)); *see also City of Albuquerque v. Browner*, 97 F.3d 415, 424–25 (10th Cir. 1996) (rulemaking not required for EPA approval of state water quality standards); 66 Fed. Reg. 12,791, 12,795 (Feb. 28, 2001) (approving Maine's CWA program and explaining that EPA has "long considered a determination to approve or deny a State NPDES

4

program submission to constitute an adjudication"). [1]  And EPA uses adjudication when considering withdrawal of a state 404 program.  33 C.F.R. § 233.53(c).

As importantly, the formal distinctions between adjudication and substantive rules are illusory here.  For example, EPA provided greater opportunity for public notice and comment here than would be required for either adjudication or rulemaking.  Plaintiffs acknowledge, as they must, that EPA did not employ a 30-day waiting period when EPA approved the Section 404 programs for Michigan and New Jersey.  Nor has EPA applied that waiting period in the many prior instances of EPA approval of state CWA programs.  That settled approach is consistent with the statutory and regulatory allowance for prompt approval of state applications.  The Supreme Court has cautioned against using hyper-technical arguments (like those advanced by Plaintiffs) aimed at subverting the lawful transfer of authority from the federal to a state government. *See Nat'l Ass'n of Home Builders v. Defenders of Wildlife*, 551 U.S. 644, 671 (2007) (rejecting notion that a "stray statement [in the Federal Register], which could have had no effect on the underlying agency action being challenged, requires that we further delay the transfer of permitting authority to Arizona by remanding to the agency for clarification") (citations omitted).

For similar reasons, Plaintiffs' codification argument also will fail. The Federal Register Act's codification provision was in place in 1968, 82 Stat. 1277, and EPA has never been *required* to await codification to make a state CWA program effective.  Where, as here, codification would simply reference the state program that has *already* been adopted into state law and approved by

---

[1] Plaintiffs cite dicta in a concurrence describing EPA approval of a state 404 program as a "legislative rule." *Menominee Indian Tribe of Wis. v. EPA*, 947 F.3d 1065, 1074-75 (7th Cir. 2020), *reh'g denied* (May 8, 2020) (Hamilton, J., concurring).  In context, Judge Hamilton was explaining that an Indian tribe may petition EPA to revise the scope of a state program. *Id.*  He did not have occasion to evaluate the history of EPA's treatment of state 404 approvals, a state program's effective date, or codification.

EPA, codification is not material to the validity of the program. But even if codification in the C.F.R. is required here (which it is not), EPA already commenced the codification process (as acknowledged in Plaintiffs' notice).[2] Any error would be non-prejudicial.

### III.   *Plaintiffs Do Not Have Standing for the Eighth and Ninth Claims*

Adding to their substantive shortcomings, Plaintiffs also lack standing to assert their claims. Florida Intervenors expect to more fully explain the standing arguments in an anticipated motion to dismiss, but it is clear that Plaintiffs have suffered no harm from EPA's effective date or codification approach. And though a 30-day waiting period is not required, Plaintiffs' claim is now rendered moot by the passage of time: 50 days since EPA approved Florida's program application and 45 days since publication in the Federal Register.

Moreover, if this Court "set aside" EPA's approval notice as Plaintiffs have requested, 33 U.S.C. § 1344(h)(3) expressly provides that Florida's application is "deemed approved" due to the passage of 120 days from the date of submittal of a complete application. In other words, even if Plaintiffs' arguments were correct (which they are not), no concrete relief would follow since setting aside EPA's approval would trigger automatic statutory approval of Florida's program. Congress has closed the door on such claims. Similarly, Plaintiffs' claim based on lack of codification in the C.F.R. is now also moot.

### CONCLUSION

Based on the foregoing reasons, Florida Intervenors respectfully request that the Court deny Plaintiffs' request for early partial summary judgment motions and direct the Parties to jointly propose a schedule for handling this case under the typical APA procedures used in this Court.

---

[2] *See* EPA, Codifying EPA's Adjudicatory Decision on Florida's Clean Water Act Section 404 Program Request (Jan. 14, 2021), available at https://www.epa.gov/sites/production/files/2021-01/documents/pre-publication_frn-_fl_404_codification_final_rule_.pdf.

Dated: February 5, 2021.                              Respectfully submitted,
                                                                                         BAKER BOTTS L.L.P.

                                                                                         */s/ Jeffrey H. Wood*
                                                                                         Jeffrey H. Wood (D.C. Bar No. 1024647)
                                                                                         Jared R. Wigginton (D.C. Bar No. 1033684)
                                                                                         700 K Street, NW
                                                                                         Washington, D.C. 20001
                                                                                         Phone: (202) 639-7732
                                                                                         jeff.wood@bakerbotts.com
                                                                                         jared.wigginton@bakerbotts.com

                                                                                         Lily N. Chinn (DC Bar No. 979919)*
                                                                                         101 California Street
                                                                                         San Francisco, CA 94111
                                                                                         Phone: (415) 291-6214
                                                                                         lily.chinn@bakerbotts.com

                                                                                         Aaron M. Streett (TX Bar No. 24037561)*
                                                                                         Harrison F. Reback (TX Bar No. 24098310)*
                                                                                         910 Louisiana Street
                                                                                         Houston, TX 77002-4995
                                                                                         Phone: (713) 229-1234
                                                                                         aaron.streett@bakerbotts.com
                                                                                         harrison.reback@bakerbotts.com

                                                                                         *Appearing under LCvR 83.2(c)(1) and
                                                                                         admitted *pro hac vice*

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of February 2021, I electronically filed the foregoing document using the CM/ECF system. Service was accomplished by the CM/ECF system.

>Respectfully submitted,
>BAKER BOTTS L.L.P.
>
>*/s/ Jeffrey H. Wood*
>Jeffrey H. Wood (D.C. Bar No. 1024647)
>700 K Street, NW
>Washington, D.C. 20001
>Phone: (202) 639-7732
>jeff.wood@bakerbotts.com