UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, *et al.*,<br><br>*Plaintiffs,*<br><br>v.<br><br>JANE NISHIDA, in her official capacity as Acting Administrator for the United States Environmental Protection Agency,[1] *et al.*,<br><br>*Defendants,*<br><br>and<br><br>STATE OF FLORIDA, *et al.*,<br><br>*Defendant-Intervenors*. | Civil Action No. 21-119 (RDM) |

## MEMORANDUM OPINION AND ORDER

The Florida Chamber of Commerce ("the Chamber") and the Association of Florida Community Developers ("AFCD") move to intervene in this action under Federal Rules of Civil Procedure 24(a)(2) and 24(b)(1)(B). Dkt. 29. For the reasons that follow, the Chamber and AFCD's (collectively, "Movants") motion to intervene is **DENIED** without prejudice.

Article III of the Constitution limits "[t]he judicial power of the United States" to "Cases" and "Controversies." U.S. Const. art. III, § 2, cl. 2. "To state a case or controversy under Article III, a plaintiff must establish standing." *Ariz. Christian Sch. Tuition Org. v. Winn*, 563 U.S. 125, 133 (2011). And "[t]he 'irreducible constitutional minimum of standing,'" in turn, "'contains

---

[1] Jane Nishida, the current Acting Administrator for the United States Environmental Protection Agency, is substituted for Andrew Wheeler pursuant to Federal Rule of Civil Procedure 25(d).

three elements': '(1) injury-in-fact, (2) causation, and (3) redressability.'" *Am. Freedom Law Ctr. v. Obama*, 821 F.3d 44, 48 (D.C. Cir. 2016) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)).  Under the first element, injury-in-fact, a plaintiff's complained-of injury must be "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Lujan*, 504 U.S. at 560.  Under the second element, causation, the injury must be "fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party." *Id.* at 560–61.  And finally, under the third element, redressability, it must be "likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision" of the court. *Id.* at 561.

The D.C. Circuit requires "all would-be intervenors [to] demonstrate Article III standing." *Old Dominion Elec. Coop. v. Fed. Energy Regulatory Comm'n*, 892 F.3d 1223, 1232 (D.C. Cir. 2018) (citing *Fund for Animals, Inc. v. Norton*, 322 F.3d 728, 732–733 (D.C. Cir. 2003)).  When, as here, organizational plaintiffs move to intervene, they may establish Article III standing on their own behalves ("organizational standing") "or on behalf of their members ('associational standing')." *Env't Integrity Project v. McCarthy*, 139 F. Supp. 3d 25, 36 (D.D.C. 2015); *see also O.A. v. Trump*, 404 F. Supp. 3d 109, 142 (D.D.C. 2019); *Equal Rights Ctr. v. Post Props., Inc.*, 633 F.3d 1136, 1138 (D.C. Cir. 2011).  The Chamber and AFCD opt for the latter tact, arguing that "associational standing . . . [is] sufficient" to permit their intervention in this matter.  Dkt. 29-1 at 7 n.2.

The Court disagrees.  "To establish associational standing, an organization must demonstrate that (a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit."

2

*McCarthy*, 139 F. Supp. 3d at 38 (quotation marks omitted); *see also Nat'l Ass'n of Home Builders v. EPA*, 667 F.3d 6, 12 (D.C. Cir. 2011); *Am. Fuel & Petrochemical Mfrs. v. EPA*, 937 F.3d 559, 591–92 (D.C. Cir. 2019). While the second and third of these requirements may be satisfied, the first is indisputably not.

The D.C. Circuit has explained that "it is not enough" for a plaintiff asserting associational standing "to aver that unidentified members have been injured." *Chamber of Com. v. EPA*, 642 F.3d 192, 200 (D.C. Cir. 2011) (citing *Summers v. Earth Island Inst.*, 555 U.S. 488, 496–500 (2009)). "Rather, the [plaintiff] must specifically identify members who have suffered the requisite harm." *Id.* at 200–01 (quotation marks and citation omitted); *see also Am. Chemistry Council v. Dep't of Transp.*, 468 F.3d 810, 815, 820 (D.C. Cir. 2006) ("[A]n organization bringing a claim based on associational standing must show that at least one specifically-identified member has suffered an injury-in-fact."); *Pub. Citizen, Inc. v. Trump*, 297 F. Supp. 3d 6, 18 (D.D.C. 2018) ("[P]laintiff-association [must] identify at least one specific member who has suffered, or is likely to suffer, an injury in fact.").

That specificity is missing here. Movants generally aver that AFCD's "members include people, businesses, and experts who participate in the planning, financing, construction, and maintenance of developments throughout the State," Dkt. 29-3 at 3 (Pierce Decl. ¶ 5); that the Chamber's "[m]embers include businesses of every size from the large multinational companies to the family businesses" who "provide products and services for, among other things, the tourism industry, construction, agriculture, retail, manufacturing, conservation, and space exploration," Dkt. 29-2 at 2 (Walker Decl. ¶ 4); and that both sets of "members apply for and

3

obtain 404 permits," Dkt. 29-2 at 3 (Walker Decl. ¶ 6); Dkt. 29-3 at 2 (Pierce Decl. ¶ 6).[2] But the questions of who specifically will suffer harm—and when, how, or why they will suffer it—remain unanswered. The associational-standing doctrine demands more. *See Pub. Citizen*, 297 F. Supp. 3d at 18 (rejecting associational standing where plaintiffs "made no effort—either in their complaint or in the multiple declarations they have submitted—to identify a specific member who has suffered, or who is likely to suffer, an injury in fact").

Beyond this omission, even if Movants had adequately identified their members, it is far from clear that those members would possess Article III standing themselves. Movants claim, for instance, that "success for the Plaintiffs [in this action] would deprive Chamber and AFCD members of their right to timely action on all permit applications consistent with the Florida Administrative Procedure Act [("Florida APA")]." Dkt. 29-1 at 7–8. Yet, in a footnote, Movants acknowledge that the Florida statute prescribing time limits for the adjudication of certain permit applications expressly *exempts* from its timing requirements the very applications that Movants' members will seek. *Id.* at 7 n.3. Similarly, Movants claim that, should Plaintiffs prevail, Movants' members would lose "the right to a *de novo* proceeding under the Florida APA, complete with discovery and fact-finding adduced through the presentation of evidence before an impartial administrative law judge." *Id.* at 8. Yet Movants do not address whether the loss of these procedural benefits is a cognizable injury under Article III. Nor do they explain

---

[2] Mr. Walker's declaration refers to "[t]he experience of Mr. W. Michael Dennis, PhD, the President of Breedlove, Dennis & Associates, Inc." ("Breedlove"), and asserts that Breedlove is a member of the Florida Chamber. Dkt. 29-2 at 4 (Walker Decl. ¶ 10). Neither Walker nor Dennis, however, indicate whether and, if so, how Breedlove would be injured were Plaintiffs to succeed in this action. To the contrary, the Walker declaration merely asserts that Breedlove "can attest to the difficulty of the preexisting 404 regime, the benefits enjoyed by Chamber members under the new regime, and the harm that this lawsuit threatens to inflict on the Chamber's members, should it succeed." *Id.*

how that purported injury is sufficiently imminent, concrete, or non-speculative, considering that there is no evidence before the Court that any of Movants' identifiable members are contemplating bringing proceedings under the Florida APA or are likely to do so anytime soon.

For these reasons, the Court is unpersuaded that Movants have satisfied their burden to demonstrate Article III standing.  The Court will, accordingly, deny the Movants' motion to intervene without prejudice.  Movants may either renew their motion with a showing that they indeed possess Article III standing or, alternatively, may move for leave to participate as amici in this matter—a request upon which the Court would look favorably.[3]

## CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that the Motion to Intervene by the Florida Chamber of Commerce and Association of Florida Community Developers, Dkt. 29, is **DENIED** without prejudice; and it is further

**ORDERED** that Movants shall, on or before April 2, 2021, file any renewed motion to intervene or any motion for leave to participate in this matter as amici.

SO ORDERED.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date:  March 4, 2021

---

[3]  To the extent Movants renew their motion under Rule 24(a)(2)—intervention of right—they are directed to further address whether the extant Defendants adequately represent their interests, particularly in light of Movants' concession that "[t]he Chamber and AFCD's defenses will likely overlap with those the other Defendants are expected to raise."  Dkt. 29-1 at 14.