IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, *et al.*,<br><br>    *Plaintiffs*,<br><br>    v.<br><br>MICHAEL S. REGAN, in his official Capacity as Administrator for the United States Environmental Protection Agency, *et al.*,<br><br>    *Defendants*,<br><br>    and<br><br>STATE OF FLORIDA and FLORIDA DEPARTMENT OF ENVIRONMENTAL PROTECTION<br><br>    *Defendant-Intervenors*. | Civil Action No. 1:21-cv-119 (RDM) |

**THE FLORIDA CHAMBER OF COMMERCE AND
ASSOCIATION OF FLORIDA COMMUNITY DEVELOPERS'
RENEWED MOTION TO INTERVENE**

Pursuant to Federal Rule of Civil Procedure 24(a)(2) and Rule 24(b)(1)(B), and consistent with this Court's March 4, 2021 Order, the Florida Chamber of Commerce ("Chamber") and Association of Florida Community Developers ("AFCD") renew their motion to intervene.

In short, Plaintiffs challenge the U.S. Environmental Protection Agency's ("EPA") approval of the State of Florida's request to administer the dredge-and-fill permitting program under section 404 of the Clean Water Act. *See* EPA's Approval of Florida's Clean Water Act

1

Section 404 Assumption Request, 85 Fed. Reg. 83,553 (Dec. 22, 2020). Because of the agency action at issue, Chamber and AFCD members are currently subject to the State-administered permitting regime that is the subject of this litigation; indeed, members like Mattamy Homes, Taylor Morrison, and Lennar Homes have 404 permit applications currently pending before Florida's Department of Environmental Protection. Success for Plaintiffs in this case would result in reversion to the prior, federally administered permitting regime, which is slower, less responsive, and less transparent. Under the circumstances, as detailed in the accompanying memorandum of law (which the Chamber and AFCD have amended to respond to this Court's concerns in the March 4, 2021 Order), the Chamber and AFCD ask to intervene as a matter of right under Rule 24(a)(2). At a minimum, the Chamber and AFCD ask to intervene at this Court's discretion under Rule 24(b)(1)(B).

In accordance with Local Civil Rule 7(m), counsel for the Chamber and AFCD conferred with counsel for the Parties concerning "the relief sought" before filing the *initial* motion to intervene; the relief sought in the renewed motion is identical to that sought in the initial motion. Based on that earlier conferral, Federal Defendants take no position on the relief sought, the Florida Intervenor-Defendants do not oppose, and the Plaintiffs "do not oppose intervention with the understanding [the undersigned] plan[s] to confer with Defendants and the Florida Intervenors to avoid duplication and redundancy."

***

Respectfully submitted,

*/s/ Mohammad O. Jazil*
MOHAMMAD O. JAZIL (FBN 72556)
GARY V. PERKO (FBN 855898)*
EDWARD M. WENGER (FBN 85568)
HOPPING GREEN AND SAMS, P.A.
119 South Monroe Street, Suite 300
Tallahassee, Florida 32301
Phone: (850) 222-7500
Fax: (850) 224-8551
mjazil@hgslaw.com
gperko@hgslaw.com
ewenger@hgslaw.com

*Counsel for the Florida Chamber of Commerce and Association of Florida Community Developers*

Dated: April 1, 2021

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of April 2021, I electronically filed the foregoing document using the CM/ECF system. Service was accomplished by the CM/ECF system.

                                          Respectfully submitted,

                                          */s/ Mohammad O. Jazil*
                                                  Attorney