**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, *et al.*,<br><br>    *Plaintiffs*,<br><br>    v.<br><br>MICHAEL S. REGAN, in his official Capacity as Administrator for the United States Environmental Protection Agency, *et al.*,<br><br>    *Defendants*,<br><br>    and<br><br>STATE OF FLORIDA and FLORIDA DEPARTMENT OF ENVIRONMENTAL PROTECTION<br><br>    *Defendant-Intervenors*. | Civil Action No. 1:21-cv-119 (RDM) |

**THE FLORIDA CHAMBER OF COMMERCE AND
ASSOCIATION OF FLORIDA COMMUNITY DEVELOPERS'
*PROPOSED* RESPONSE IN OPPOSITION TO THE PLAINTIFFS' MOTION FOR
PARTIAL SUMMARY JUDGMENT ON CLAIMS 8 AND 9 OF COMPLAINT**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................................iii

STATEMENT OF POINTS AND AUTHORITIES................................................................................. 1

    I.   Introduction ............................................................................................................................. 1

    II.  Argument ................................................................................................................................. 1

        a.   Preference for States to administer programs. ................................................................. 1

        b.   Claims eight and nine are now moot................................................................................ 3

        c.   Deference and past practice substantively doom claims eight and nine. ......................... 4

    III. Conclusion............................................................................................................................... 6

CERTIFICATE OF COMPLIANCE....................................................................................................... 8

CERTIFICATE OF SERVICE ................................................................................................................. 8

# TABLE OF AUTHORITIES

**Cases**

*Innovator Enters., Inc. v. Jones*, 28 F. Supp. 3d 14 (D.D.C. 2014) ................................................ 6

*Catholic Social Service v. Shalala*, 12 F.3d 1123 (D.C. Cir. 1994) ................................................ 3

*Clarke v. United States*, 915 F.2d 699 (D.C. Cir. 1990) ................................................................ 3

*Eagle-Picher Industries v. EPA*, 759 F.2d 905 (D.C. Cir. 1985) .................................................... 4

*National Association of Home Builders v. Defenders of Wildlife*, 551 U.S. 644 (2007) ............... 2

*Neustar, Inc. v. FCC*, 857 F.3d 886 (D.C. Cir. 2017) ..................................................................... 5

*\*Prows v. Department of Justice*, 938 F.2d 274 (D.C. Cir. 1991) ................................................. 3

*Safari Club Int'l v. Zinke*, 878 F.3d 316 (D.C. Cir. 2017) .............................................................. 5

**Statutes**

33 U.S.C. § 1251(b) ........................................................................................................................ 2

33 U.S.C. § 1251(f) ........................................................................................................................ 2

33 U.S.C. § 1344(g)(1) ................................................................................................................... 2

\*33 U.S.C. § 1344(h)(3) ............................................................................................................. 2, 4

5 U.S.C. § 551(6) ........................................................................................................................... 5

5 U.S.C. § 551(6)-(9) ..................................................................................................................... 4

5 U.S.C. § 551(7) ........................................................................................................................... 5

5 U.S.C. § 551(8) ........................................................................................................................... 5

5 U.S.C. § 706 ................................................................................................................................ 2

**Federal Register Publications**

49 Fed. Reg. 38,947 (Oct. 2, 1984) ................................................................................................. 6

59 Fed. Reg. 9,933 (Mar. 2, 1994) .................................................................................................. 6

66 Fed. Reg. 12,791 (Feb. 28, 2001) .............................................................................................. 6

**Regulations**

40 C.F.R. § 233.15(h) .................................................................................................................... 4

**Other Authorities**

EPA, *NPDES State Program Authority*, available at  https://www.epa.gov/npdes/npdes-state-program-authority (last visited April 26, 2021) ............................................................................ 6

## STATEMENT OF POINTS AND AUTHORITIES

**I.    Introduction**

In an abundance of caution, and to preserve their ability to appeal any decision on claims eight and nine of the Plaintiffs' Complaint, the Florida Chamber of Commerce ("Chamber") and Association of Florida Community Developers ("AFCD") provide this Proposed Response in Opposition to the Plaintiffs' Motion for Partial Summary Judgment.  ECF No. 31.  Claims eight and nine turn on the U.S. Environmental Protection Agency's ("EPA") approval of Florida's application for assumption of 404 permitting being a substantive rule that, as the Plaintiffs argue, cannot take effect until 30 days after approval (claim 8), and until after codification in the Code of Federal Regulation ("CFR") (claim 9).  ECF No. 1 at ¶¶ 229-248.  Not so.

The Chamber and AFCD adopt Part II of the Argument section in the Federal Defendants' Response.  *See* ECF No. 35 at 14-24.  The Chamber and AFCD also adopt Parts I. D. and II of the State Defendants' Response.  *See* ECF No. 37 at 48-63.

The Chamber and AFCD write separately to emphasize three points:  (1) the statutory preference for States administering programs under the Clean Water Act; (2) the procedural deficiency in the Plaintiffs' claims, namely mootness, because the delay they seek has long since become unnecessary and because, even if the Plaintiffs prevail, Florida's application for assumption would be "deem approved" under the Clean Water Act; and (3) the Plaintiffs' inability to overcome deference, judicial precedent, and past practice in their claims for relief.

**II.    Argument**

    **a.  Preference for States to administer programs.**

The Clean Water Act declares that "[i]t is the policy of the Congress to recognize, preserve, and protect the primary responsibilities and rights of the States to prevent, reduce, and eliminate

pollution." 33 U.S.C. § 1251(b). The Act further codifies a "national policy that to the maximum extent possible the procedures utilized for implementing th[e] [Act] shall encourage the drastic minimization of paperwork and interagency decision procedures, and the best use of available manpower and funds, so as to prevent needless duplication and unnecessary delays at all levels of government." *Id.* § 1251(f). This policy "to prevent needless duplication and unnecessary delays" is especially relevant given the overlap with Florida's Environmental Resource Permitting ("ERP") program and delays in obtaining 404 permits when compared to ERP permits. *See* ECF No. 32-1 at 6. Consistent with the broad Congressional policies, section 404 of the Clean Water Act specifically allows "any State" to apply to administer the 404-permitting program, *id.* § 1344(g)(1), and provides that applications for assuming the 404 program "shall be "deemed approved" "one-hundred-twenty days after the date of the receipt" where EPA "fails to make a determination" on the application. *Id.* § 1344(h)(3).

Taken as a whole, the Clean Water Act's text makes plain a preference for States to expeditiously administer permitting programs under the Act. The U.S. Supreme Court agreed in *National Association of Home Builders v. Defenders of Wildlife*, 551 U.S. 644 (2007). There, the U.S. Supreme Court rejected attempts to delay the transfer of 402 permitting authority under the Clean Water Act to the State of Arizona because, ultimately, EPA's supposedly inconsistent statements in the Federal Register and failure to adhere to other technicalities constituted harmless error. *Id.* at 659-61, 671; *see also* 5 U.S.C. § 706 ("due account shall be taken of the rule of prejudicial error" when reviewing agency action).

This is the backdrop against which this Court must assess claims eight and nine.

### b. Claims eight and nine are now moot.

This Court must also assess whether claims eight and nine are now moot. They are. Claims should not be decided where "events have so transpired that the decision will neither presently affect the parties' rights nor have a more-than-speculative change of affecting them in the future." *Clarke v. United States*, 915 F.2d 699, 701 (D.C. Cir. 1990) (*en banc*).

*First*, even assuming that EPA's approval of Florida's 404 application is a substantive rule, the D.C. Circuit's decision in *Prows v. Department of Justice*, 938 F.2d 274 (D.C. Cir. 1991) controls and makes claim eight moot. Much like claim eight, *Prows* concerned a challenge to a regulation based on the Department of Justice's "violation of the Administrative Procedure Act's requirement that an agency allow passage of 30 days between a final rule's publication and its effective date." *Id.* at 275. The D.C. Circuit held that any such violation is "remedied by denying such a rule effectiveness for the mandated 30 days, allowing it to take effect in full thereafter." *Id.*

In this case, even if the 30-day delay requirement applies, and it does not, the 30-day delay requirement has long since expired, making the eighth claim moot under *Prows*. *Id.* at 275-76.

Yet the Plaintiffs attempt to distinguish *Prows* in a footnote near the end of their brief by stating that "[i]n that case, there was no other issue with the rule's promulgation, and no action that took place during the 30-day period had harmed the plaintiff." ECF No. 31 at 43, n. 10. The D.C. Circuit rejected a similar attempt in *Catholic Social Service v. Shalala*, 12 F.3d 1123 (D.C. Cir. 1994). Specifically, in *Catholic Social Service*, "the appellants s[ought] to distinguish *Prows* on the ground that the defect in the [rule they were challenging] [was] 'far more fundamental' than the 'procedural' defect in *Prows*." *Id.* at 1128. The D.C. Circuit disagreed, concluding that *Prows* controlled. *Id.* So too here.

*Second*, the text of section 404 of the Clean Water Act makes both claims eight and nine moot. The Act specifies that applications for assuming the 404 program "shall be "deemed approved" "one-hundred-twenty days after the date of the receipt" where EPA "fails to make a determination" on the application. 33 U.S.C. § 1344(h)(3). This, like other "timeliness requirements," reflects "a deliberate *congressional choice* to impose statutory finality." *Eagle-Picher Industries v. EPA*, 759 F.2d 905, 911 (D.C. Cir. 1985) (citations omitted) (emphasis added).

In this case, even if the Plaintiffs are right about the substance of claims eight and nine, and EPA's approval is vacated as a result, Congress's choice still controls and deems approved the State of Florida's 404 application because more than 120 days have passed since EPA received the State's 404 application.

Thus, events have so transpired that claims eight and nine are now moot under *Prows* and the plain language of the Clean Water Act.

### c. Deference and past practice substantively doom claims eight and nine.

Claims eight and nine fail on the merits as well. As an initial matter, the Plaintiffs seem to argue that EPA can *only* approve a 404 application through rulemaking; approval can *never* be through adjudication. *See* ECF No. 31 at 11-25. The Plaintiffs fail, however, to cite any statutory language or other legal authority to support the proposition. Nor can they. The Clean Water Act allows for States to assume the 404-permitting program "upon . . . *notification*" to the U.S. Army Corp of Engineers that "it is administering such program"—not thirty days after and not after codification in the CFRs. 33 U.S.C. § 1344(h)(3) (emphasis added); *see also* 40 C.F.R. § 233.15(h) (referencing "notice" in Federal Register). More generally, in addition to rulemaking authority, the Administrative Procedure Act ("APA") also gives EPA adjudicatory powers. *See* 5 U.S.C. § 551(6)-(9). EPA thus had a choice of whether to pursue rulemaking or adjudication. "When

4

agencies have the statutory authority to engage in rule making and adjudication, they have broad discretion to choose which route to pursue." *Safari Club Int'l v. Zinke*, 878 F.3d 316, 331 (D.C. Cir. 2017) (citations omitted). The Plaintiffs have not shown that EPA abused that discretion here.

The Plaintiffs also argue that EPA's approval of Florida's 404-permit application cannot fit within the definition of adjudication. It does. The APA defines "adjudication" as the "agency process for the formulation of an order." 5 U.S.C. § 551(7). An "order" is the "final disposition, whether affirmative, negative, injunctive, or declaratory in form, of an agency in a manner other than rule making but including licensing." *Id.* § 551(6). And a "license" includes "an agency permit, certificate, approval, registration, charter, membership, statutory exemption or other form of permission." *Id.* § 551(8). EPA's approval of Florida's 404-permit application easily qualifies as an order giving the State of Florida permission—approving Florida's request—to begin issuing permits under section 404 of the Clean Water Act.

EPA's approval is also consistent with the D.C. Circuit distinction between rules and adjudication, a distinction rooted in the APA's text. As the D.C. Circuit has explained, rules are "generally applicable," *Safari Club*, 878 F.3d at 332, while adjudications are "fact-intensive determination[s] that occur[] on a case-by-case basis." *Neustar, Inc. v. FCC*, 857 F.3d 886, 895 (D.C. Cir. 2017). EPA's approval of Florida's 404-permit application is not generally applicable. EPA's action applies only to the State of Florida—not the Nation as a whole, not a class of States, and certainly not an open class of hunters as in *Safari Club*. EPA's action is also the result of a fact-intensive determination that focused on whether Florida's application complied with all relevant provisions of the Clean Water Act and rules concerning assumption of the program.

Finally, and significantly, EPA's action is consistent with past approvals under both sections 404 and 402 of the Clean Water Act. EPA approved Michigan's 404-permitting program

5

without the APA's 30-day delay for rulemakings.  49 Fed. Reg. 38,947 (Oct. 2, 1984).  EPA approved New Jersey's 404-permitting program without a 30-day delay.  59 Fed. Reg. 9,933 (Mar. 2, 1994).  And since 1978—shortly after the adopting of the Clean Water Act's seminal permitting programs—EPA has "considered a determination to approve or deny a State NPDES program submission [under section 402 of the Act] to constitute an adjudication."  66 Fed. Reg. 12,791 (Feb. 28, 2001) (approving Maine's program and referencing General Counsel Opinion 78-7 (April 18, 1978)).  To date, EPA has approved section 402-permitting programs for forty-seven States and one territory, including Florida.  *See* EPA, *NPDES State Program Authority*, available at https://www.epa.gov/npdes/npdes-state-program-authority (last visited April 26, 2021).

Thus, claims eight and nine fail on the merits.

### III.    Conclusion

The Chamber and AFCD ask this Court to dismiss counts eight and nine as moot, deny summary judgment on claims eight and nine should this Court reach the merits, and grant the Defendants summary judgment on counts eight and nine because this is an administrative law case and summary judgment is the appropriate mechanism to decide the merits.  *E.g., Innovator Enters., Inc. v. Jones*, 28 F. Supp. 3d 14, 20 (D.D.C. 2014).

Respectfully submitted,

*/s/ Mohammad O. Jazil*
MOHAMMAD O. JAZIL (FBN 72556)
GARY V. PERKO (FBN 855898)
EDWARD M. WENGER (FBN 85568)
HOPPING GREEN AND SAMS, P.A.
119 South Monroe Street, Suite 300
Tallahassee, Florida 32301
Phone: (850) 222-7500
Fax: (850) 224-8551
mjazil@hgslaw.com
gperko@hgslaw.com
ewenger@hgslaw.com

Dated: April 26, 2021

*Counsel for The Florida Chamber of Commerce and Association of Florida Community Developers*

7

**CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing document complies with LCvR 7(e) because it does not exceed 45 pages.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 26th day of April 2021, I electronically filed the foregoing document using the CM/ECF system.  Service was accomplished by the CM/ECF system.

>Respectfully submitted,
>
>*/s/ Mohammad O. Jazil*
>          Attorney