IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, et al., <br><br> Plaintiffs, <br><br> v. <br><br> U.S. ENVIRONMENTAL PROTECTION AGENCY, et al., <br><br> Defendants. | **CASE NO.** 1:21-cv-00119 (RDM) |

**PLAINTIFFS' MOTION FOR LEAVE TO FILE SUR-REPLY IN OPPOSITION TO DEFENDANTS' CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT AND INTERVENORS' CROSS-MOTION TO DISMISS**

Plaintiff conservation organizations respectfully request leave to file a brief sur-reply (no more than 10 pages) to address new arguments raised for the first time in Defendants' Reply in Support of Cross-Motion for Partial Summary Judgment (Dkt. 45) and Intervenors' Reply in Support of Cross-Motion to Dismiss (Dkt. 46). Plaintiffs submit there is good cause to grant the requested relief. See Dkt. 3 at 3–4 (Standing Order at ¶ 8.c.); Edelman v. Sec. & Exch. Comm'n, 239 F. Supp. 3d 45, 54 n.5 (D.D.C. 2017) ("[C]ourts routinely grant [leave to file a sur-reply] when a party is unable to contest matters presented to the court for the first time in the last scheduled pleading." (citation and internal quotation marks omitted)); Sai v. Dep't of Homeland Sec., 99 F. Supp. 3d 50, 59 (D.D.C. 2015) (proper course when a party believes opposing party raises arguments not previously raised is to seek leave to file sur-reply).

Specifically, for the first time on reply, EPA argues that its approval of a state 404 program constitutes *both* an adjudication (as to the decision) *and* a rulemaking (as to the codification of the state program). (Dkt. 45 at 16.) In its cross motion, EPA argued that its action was solely an adjudication, that it did not view its approvals of state 404 programs as

1

rules, and that it viewed state 404 program codifications as "merely memorializing an adjudicatory decision." (Dkt. 34 at 29 & n.8.) As EPA raises a new (and inconsistent) argument for the first time on reply, Plaintiffs respectfully request the opportunity to rebut it.

Florida, for its part, argues for the first time on reply that Plaintiffs lack standing as to Claim 9 because they have actual notice of all of the components of the state program (Dkt. 46 at 18–20), including the "technical assistance" process on which Florida and EPA have relied to claim that state 404 permits will not jeopardize protected species. But the contours of that process are not contained in the state assumption application, but are instead contained in a programmatic biological opinion, which Florida now appears to argue is not actually part of the state program. (Dkt. 46 at 18–20 (citing Cooling Water Intake Structure Coal. v. U.S. Env't Prot. Agency, 905 F.3d 49, 78–79 (2d Cir. 2018)).[1])

Florida also raises new arguments, albeit somewhat obliquely, to suggest that Plaintiffs' First Claim for Relief is subject to dismissal.[2] Specifically, in the context of arguing that its 404 program would be "deemed approved" if the approval were vacated, the state asserts that Plaintiffs' claim regarding the completeness of the application (which triggered the 120-day statutory review period) is not justiciable because it is not a final agency action and is committed

---

[1] Florida also appears to cite Cooling Water to suggest that Plaintiffs lacked a right to comment on the "technical assistance" process simply because that process was outlined in a biological opinion, and there is no right to comment on biological opinions. Plaintiffs would respond to the fallacy in that argument.

[2] In Claim 1, Plaintiffs challenge EPA's determination that Florida's application was complete because it did not include the novel "technical assistance" process by which the state claims it would ensure no jeopardy to listed species as required for program approval; the resulting denial of an opportunity to comment on a complete application; and the agency action (approval of the program) taken notwithstanding these errors. (Dkt. 1 at 25–27 (Complaint ¶¶ 104–17).)

2

to agency discretion. (Dkt. 46 at 19, 28.[3]) Because Florida did not raise these arguments in its cross-motion,[4] Plaintiffs respectfully request leave to respond to them.

Lastly, Florida's reply (filed in support of a cross-motion to dismiss) raises arguments related to the merits of Claims 8 and 9. (Dkt. 46 at 29–31.) Since Florida did not cross-move for summary judgment, Plaintiffs submit that these arguments are both new and improperly raised in a reply. However, should the Court entertain the arguments, Plaintiffs respectfully request the opportunity to rebut them.

In accordance with LCvR 7(m), undersigned counsel conferred with opposing counsel in a good faith effort to determine whether there is opposition to the motion. Florida's counsel opposes the motion. EPA's counsel requests that its position be stated as: "EPA takes no position on Plaintiffs' request to file additional briefing. However, to the extent that Plaintiffs contend that EPA improperly raised new arguments for the first time on reply, EPA disputes that contention."

Dated: June 11, 2021

                                      Respectfully submitted,

                                      /s/ Tania Galloni
                                      TANIA GALLONI*
                                      Fla. Bar No. 619221
                                      CHRISTINA I. REICHERT*
                                      Fla. Bar No. 0114257
                                      Earthjustice
                                      4500 Biscayne Blvd., Ste 201
                                      Miami, FL 33137
                                      T: 305-440-5432
                                      F: 850-681-0020
                                      tgalloni@earthjustice.org

---

[3] Intervenors appear to cite the internal page number of Plaintiffs' Reply on the topic (Dkt. 43 at 64). However, the relevant section of Plaintiffs' Reply, which discusses Plaintiffs' First Claim for Relief (Dkt. 1 at 25–27 (Complaint ¶¶ 104–17)) appears elsewhere (Dkt. 43 at 77–78).

[4] The arguments relating to Claim 1 are also not cross-cutting.

creichert@earthjustice.org

/s/ Bonnie Malloy
BONNIE MALLOY*
Fla. Bar No. 86109
Earthjustice
111 S. Martin Luther King Jr. Blvd
Tallahassee, FL 32301
T: 850-681-0031
F: 850-681-0020
bmalloy@earthjustice.org

/s/ Anna Sewell
ANNA SEWELL
D.C. Bar No. 241861
Earthjustice
1001 G St., Ste 1000
Washington, DC 20001
T: 202-667-4500
asewell@earthjustice.org

*Counsel for Plaintiffs*

\* Appearing under LCvR 83.2(c)(1))

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of June 2021, I electronically filed the foregoing document using the CM/ECF system. Service was accomplished by the CM/ECF system.

                                                                      Respectfully submitted,

                                                                       /s/ Tania Galloni  
                                                                       TANIA GALLONI  
                                                                       Fla. Bar No. 619221  
                                                                       Earthjustice  
                                                                       4500 Biscayne Blvd., Ste 201  
                                                                       Miami, FL 33137  
                                                                       T: 305-440-5432  
                                                                       F: 850-681-0020  
                                                                       tgalloni@earthjustice.org