IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, ET AL.<br><br>Plaintiffs,<br><br>v.<br><br>U.S. ENVIRONMENTAL PROTECTION AGENCY, ET AL.<br><br>Defendants. | **CASE NO.** 1:21-cv-00119 (RDM) |

_____

**STATE OF FLORIDA AND FLORIDA DEPARTMENT OF ENVIRONMENTAL PROTECTION'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE SUR-REPLY**

_____

Contrary to Plaintiffs' assertions, neither Florida nor the United States' raised "new arguments" "for the first time" in their reply briefs. *See* Dkt. 47 at 1. The parties simply responded to the arguments Plaintiffs' raised in their 70-page reply brief, which included 100-pages of additional support.

"A sur-reply may be filed only by leave of Court, and only to address new matters raised in a reply to which a party would otherwise be unable to respond." *Wada v. U.S. Secret Serv.*, 525 F.Supp.2d 1, 10 (D.D.C. 2007) (quoting *U.S. ex rel. Pogue v. Diabetes Treatment Ctrs. of Am., Inc.*, 238 F. Supp. 2d 270, 276-77 (D.D.C. 2002) (explaining that "the matter must be truly new")). A party may not file a sur-reply as a means to reiterate previous arguments. *See, e.g., Robinson v. Detroit News, Inc.*, 211 F.Supp.2d 101, 113 (D.D.C. 2002) (denying leave to file a sur-reply where the proposed sur-reply merely reiterated prior arguments).

None of the four issues that Plaintiffs identified in their Motion for Leave to File a Sur-Reply are "truly new." Plaintiffs first contend that the United States argues "for the first time on reply" that EPA's approval of Florida's program "constitutes both an adjudication…and a rulemaking." Dkt. 47 at 1. However, besides mischaracterizing the United States' position, the issue of whether EPA's approval of Florida's program was an adjudication or a rulemaking is not a "new" issue. Plaintiffs already had the opportunity to brief it. *See* Dkt. 31 at 18-29; Dkt. 43 at 16-29.

Likewise, Plaintiffs contend that Florida argues "for the first time on reply" that Plaintiffs had "actual notice of all of the components of the state program." Dkt. 47 at 2. However, as Florida explained in its reply brief, Florida was merely responding to specific arguments that Plaintiffs previously raised. *See* Dkt. 46 at 17 (quoting Dkt. 43 at 59). And instead of explaining why Florida's argument was "new," Plaintiffs' advanced rebuttal arguments without leave to do so. Dkt. 47 at 2.

Further, Plaintiffs contend that Florida "raises new arguments" about the "completeness of the application," Dkt. 47 at 2-3; however, this too is not new. Florida previously moved to dismiss Plaintiffs' claims on the basis that the Clean Water Act's "deemed approved" provision renders Plaintiffs' lawsuit non-justiciable. Dkt. 37 at 59-67. Plaintiffs responded that the "deemed approved" provision would only apply if Florida's application was "complete." Dkt. 43 at 77-78. Florida then replied by noting, among other things, that the "completeness" of the application is not subject to judicial review. Dkt. 46 at 28. Florida had previously explained that it filed a complete application, *see* Dkt. 37 at 21-22, 32, 65, and the United States had also discussed EPA's determination that the application was complete, *see* Dkt. 34 at 12-15.

Finally, Plaintiffs erroneously argue that Florida's reply "raises arguments related to the merits of Claims 8 and 9." Dkt. 47 at 3. They assert that the arguments were "new and improperly raised" because "Florida did not cross-move for summary judgment." *Id*. Yet, again, Plaintiffs have given no explanation as to which arguments in Florida's reply are "new." Plaintiffs' supporting citation merely points to Florida's response to Plaintiffs' specific arguments. Dkt. 47 at 3 (citing Dkt. 46 at 29-31).

Accordingly, Plaintiffs' Motion for Leave to File a Sur-Reply should be denied.

Dated: June 14, 2021.                                     Respectfully submitted,
                                                          BAKER BOTTS L.L.P.


                                                          */s/ Jeffrey H. Wood*
                                                          Jeffrey H. Wood (D.C. Bar No. 1024647)
                                                          700 K Street, NW
                                                          Washington, D.C. 20001
                                                          Phone: (202) 639-7700
                                                          jeff.wood@bakerbotts.com

                                                          Lily N. Chinn (DC Bar No. 979919)
                                                          101 California Street
                                                          San Francisco, CA 94111
                                                          Phone: (415) 291-6200
                                                          lily.chinn@bakerbotts.com

                                                          Aaron M. Streett (TX Bar No. 24037561)
                                                          Harrison Reback (TX Bar No. 24012897)
                                                          (*pro hac vice*)
                                                          910 Louisiana Street
                                                          Houston, TX 77002-4995
                                                          Phone: (713) 229-1234
                                                          aaron.streett@bakerbotts.com
                                                          harrison.reback@bakerbotts.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of June 2021, I electronically filed the foregoing document using the CM/ECF system. Service was accomplished by the CM/ECF system.

>Respectfully submitted,
>BAKER BOTTS L.L.P.
>
>*/s/ Jeffrey H. Wood*
>Jeffrey H. Wood (D.C. Bar No. 1024647)
>700 K Street, NW
>Washington, D.C. 20001
>Phone: (202) 639-7700
>jeff.wood@bakerbotts.com