IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, et al., <br><br> Plaintiffs, <br><br> v. <br><br> U.S. ENVIRONMENTAL PROTECTION AGENCY, et al., <br><br> Defendants. | CASE NO. 1:21-cv-00119 (RDM) |

**PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT**

Plaintiffs respectfully submit this Notice of Supplemental Authority in support of their Motion for Partial Summary Judgment, filed March 5, 2021.  (Doc. 31.)  Specifically, Plaintiffs notice: (1) the recent vacatur of the Navigable Waters Protection Rule ("NWPR"), a Trump-era rule that curtailed the Clean Water Act's protections, Pasqua Yaqui Tribe, et al. v. United States Env't Prot. Agency, et al., No. CV-20-00266-TUC-RM, 2021 WL 3855977, at *5 (D. Ariz. Aug. 30, 2021); (2) EPA and the Corps' announcement that they have stopped applying the NWPR in light of the court's ruling, restoring a more expansive interpretation of waters of the United States (Exhibit 1);[1] and (3) the Florida Department of Environmental Protection's ("FDEP") continued application of the NWPR for its Clean Water Act Section 404 program (Exhibit 2

---

[1] Available at https://www.epa.gov/wotus/current-implementation-waters-united-states (updated Sept. 16, 2021).  See Pharm. Rsch. & Mfrs. of Am. v. U.S. Dep't of Health & Hum. Servs., 43 F. Supp. 3d 28, 33 (D.D.C. 2014) (court may take judicial notice of information on government agency websites).

1

(continuing to direct applicants to vacated rule, 40 C.F.R. Part 120, for jurisdictional determinations)).[2]

In Pasqua Yaqui Tribe, the court found that the NWPR had substantially reduced the number of waterways protected under Section 404 of the Clean Water Act. Id. Vacatur was required because of the serious, fundamental flaws in the rule and because "remanding without vacatur would risk serious environmental harm." Id. But because FDEP continues to apply the unlawful, vacated NWPR, the risk of serious environmental harm in Florida persists. Wetlands not covered by the NWPR but that are now recognized as Section 404 waters can be dredged and filled without a Clean Water Act permit and without Endangered Species Act review. The question posed by Plaintiffs' motion—whether EPA's transfer of Section 404 authority from the Corps to Florida was lawfully effectuated—has thus become all the more pressing. If Plaintiffs prevail, authority over assumable waters would be restored to the Corps, and more Florida wetlands would be protected under the Clean Water Act while EPA considers its next steps.

Respectfully submitted,

/s/ Tania Galloni
TANIA GALLONI*
Fla. Bar No. 619221
CHRISTINA I. REICHERT*
Fla. Bar No. 0114257
Earthjustice
4500 Biscayne Blvd., Ste 201
Miami, FL 33137
T: 305-440-5432
F: 850-681-0020
tgalloni@earthjustice.org
creichert@earthjustice.org

---

[2] Available at https://floridadep.gov/water/submerged-lands-environmental-resources-coordination/content/wotus-determinations (updated Oct. 5, 2021).

/s/ Bonnie Malloy
BONNIE MALLOY*
Fla. Bar No. 86109
Earthjustice
111 S. Martin Luther King Jr. Blvd
Tallahassee, FL 32301
T: 850-681-0031
F: 850-681-0020
bmalloy@earthjustice.org

/s/ Anna Sewell
ANNA SEWELL
D.C. Bar No. 241861
Earthjustice
1001 G St., Ste 1000
Washington, DC 20001
T: 202-667-4500
asewell@earthjustice.org

*Counsel for Plaintiffs*

* Appearing *pro hac vice*

## CERTIFICATE OF SERVICE

I hereby certify that, on this 28th day of October 2021, I electronically filed the foregoing document using the CM/ECF system. Service was accomplished by the CM/ECF system.

Respectfully submitted,

/s/ Tania Galloni
TANIA GALLONI
Fla. Bar No. 619221
Earthjustice
4500 Biscayne Blvd., Ste 201
Miami, FL 33137
T: 305-440-5432
F: 850-681-0020
tgalloni@earthjustice.org