UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, et al., <br><br> Plaintiffs, <br><br> v. <br><br> U.S. ENVIRONMENTAL PROTECTION AGENCY, et al., <br><br> Defendants. | CASE NO. 1:21-cv-00119 (RDM) |

**PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

In this case arising out of the U.S. Environmental Protection Agency's ("EPA") decision to approve an application by the state of Florida to assume jurisdiction over dredge and fill permitting under the Clean Water Act, Plaintiffs respectfully seek leave to file the attached First Amended Complaint. The First Amended Complaint would add claims against EPA that were noticed pursuant to the Endangered Species Act's ("ESA") citizen suit provision as well as an additional claim against the U.S. Fish and Wildlife Service ("USFWS") regarding the agency's ultra vires action in support of the state's application. The proposed amendment is timely and will not prejudice Defendants or Intervenors.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 15 allows a party to amend its pleading before trial with leave of the court or with the written consent of opposing counsel. Fed. R. Civ. P. 15(a)(2). The Rule provides that "[t]he court should freely give leave when justice so requires." Id. Accord Foman v. Davis, 371 U.S. 178 (1962). Because Rule 15(a) instructs that leave to amend should be "freely" given, the standard is liberal. Leave should be granted if there is no reason to deny it, "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to

1

cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." Foman, 371 U.S. at 182. In the absence of such reasons, denial of leave to amend may be an abuse of discretion. See Barkley v. U.S. Marshals Serv. ex rel. Hylton, 766 F.3d 25, 38 (D.C. Cir. 2014).

## BACKGROUND

Plaintiffs filed their original Complaint on January 14, 2021, challenging EPA's decision to transfer to Florida authority over the Clean Water Act's Section 404 permitting program, USFWS' decision to issue an insufficient and unlawful programmatic biological opinion and incidental take statement in support of EPA's decision, and the U.S. Army Corps of Engineers' ("Corps") unlawful determination of the list of waters the agency would retain jurisdiction over under the River and Harbor Act. Dkt. 1.[1] Neither Defendants nor Intervenors have filed an answer to the original Complaint. Nor has the Court entered a scheduling order in this case.

On January 29, 2021, in accordance with the Court's Standing Order, Dkt. 3 at 4 (Standing Order at ¶ 10.a), Plaintiffs requested a pre-motion conference in anticipation of filing a motion for partial summary judgment. Dkt. 21. On February 5, 2021, Defendants and Intervenors responded. Dkt. 22, 23.

The Court held a pre-motion conference on February 17, 2021. At the hearing, the Court set a schedule for production of an initial administrative record for purposes of the partial motion for summary judgment. The Court also set a briefing schedule for Plaintiffs' motion for partial summary judgment. And the Court stayed the deadline for Defendants and Intervenors to file an

---

[1] The state of Florida moved to intervene on January 19, 2021, and the Court granted intervention on February 1, 2021. Minute Entry (Feb. 1, 2021).

answer or other responsive pleadings and stayed the time for filing the entire administrative record.

On March 5, 2021, Plaintiffs moved for partial summary judgment on the procedural violations alleged in Claims Eight and Nine of the original Complaint. Dkt. 31. Defendants filed a cross-motion for summary judgment and opposition to the motion for partial summary judgment on April 26, 2021. Dkt. 34–35. Intervenors filed a cross-motion to dismiss and opposition to the motion for summary judgment the same day. Dkt. 36–37. On May 24, 2021, Plaintiffs filed a response to the cross-motions and a reply in support of their motion for partial summary judgment. Dkt. 43–44. Defendants and Intervenors replied on June 7, 2021. Dkt. 45–46. Briefing on these dispositive motions ostensibly closed on June 7, 2021.[2]

On October 28, 2021, Plaintiffs filed a notice of supplemental authority in support of their motion for partial summary judgment regarding the vacatur of the Trump-era Navigable Waters Protection Rule, the announcement by the Corps and EPA that they have stopped applying that rule, and the state of Florida's continued application of the vacated Trump rule. Dkt. 59. Intervenors responded on November 4, 2021. Dkt. 60.

The Parties agree that the claims and allegations at issue in the motion for partial summary judgment as well as Defendants' cross-motion for summary judgment and Intervenor's cross-motion to dismiss have not changed and can be directed to the First Amended Complaint. To conserve judicial resources, the Parties request that the Court direct those motions to the First Amended Complaint without requiring that the parties relitigate those issues.

---

[2] Plaintiffs requested the opportunity to file a sur-reply on June 11, 2021, Dkt. 47, but the Court has not ruled on that request.

On March 31, 2021, Plaintiffs provided EPA with the required notice of intent ("NOI") to sue for related claims alleging that EPA violated the ESA when approving the state 404 program. Exhibit 3; 16 U.S.C. §§ 1535, 1538, 1540(g)(2)(A)(i). The sixty-day period lapsed on May 30, 2021.

Plaintiffs now seek to amend the original Complaint to add (1) the allegations against EPA contained in the NOI and (2) an additional basis for challenging the unlawful technical assistance scheme that USFWS created in its memorandum of understanding with Florida, the programmatic biological opinion, and the incidental take statement. Exhibit 1.[3] Aside from adding these claims, the First Amended Complaint is virtually the same as the original Complaint. See Exhibit 2.[4]

## ARGUMENT

Plaintiffs seek to amend their original Complaint to allege claims against EPA that were noticed in the NOI as well as an additional claim regarding USFWS' unlawful technical assistance scheme. In all relevant respects, these violations arise from the same facts and legal issues identified in Plaintiff's original Complaint. See Dkt. 1 at 35–42, 44–45 (Complaint ¶¶ 162–201, 213–21). The case continues to allege that three agency actions violated provisions of the Clean Water Act, ESA, Rivers and Harbors Act, and Administrative Procedure Act under the same facts and circumstances when: (1) EPA approved Florida's assumption of the Clean

---

[3] An original copy of the proposed First Amended Complaint is attached as Exhibit 1 in accordance with LCvR 7(i) and LCvR 15.1.
[4] A redlined version of the First Amended Complaint is attached as Exhibit 2 in accordance with the Court's Standing Order. Dkt. 3 at 3 (Standing Order at ¶ 7). Aside from the additional claims and prayers for relief, the Amended Complaint replaces Defendants based on appointments and confirmations that have occurred since Plaintiffs filed their original Complaint and corrects the number of species listed as likely to be adversely affected by EPA's action. Exhibit 2 at 12, 36 (Amended Complaint at ¶¶ 58, 65, 67, 70–71, 168).

Water Act's Section 404 permitting program; (2) USFWS issued and EPA relied on a programmatic biological opinion pursuant to the ESA regarding that assumption; and (3) the Corps created the list of waters retained under the Rivers and Harbors Act.

There has been no undue delay or bad faith as the filing of the NOI was a prerequisite to Plaintiffs being able to bring the ESA-related claims against EPA. Now that the sixty-days have lapsed, Plaintiffs are able to bring those additional claims against EPA.[5] Further, because the case is effectively stayed while the Court considers the pending motion for partial summary judgment and cross-motions, amendment does not create any delay.

There is no prejudice to EPA, as the new claims being brought against EPA mirror those being brought against USFWS from the original Complaint, and EPA was on notice of these claims through the NOI. Nor does amendment prejudice USFWS because the new claim is substantially the same as Claim Six, and USFWS was on notice about this legal violation through the original Complaint.

## CONCLUSION

For the reasons stated above, Plaintiffs respectfully request leave to amend the Complaint. Federal Defendants and Plaintiffs also agree that the claims and allegations at issue in the motion for partial summary judgment as well as Defendants' cross-motion for summary judgment and Intervenor's cross-motion to dismiss have not changed and can be directed to the First Amended Complaint. To conserve judicial resources, we request that the Court direct those motions to the First Amended Complaint without requiring that the parties relitigate those issues.

---

[5] Plaintiffs were also awaiting a decision on the pending motion for partial summary judgment but are moving to amend now to ensure they act in a timely manner.

In accordance with LCvR 7(m), Plaintiffs' counsel conferred with opposing counsel in a good faith effort to determine whether there is opposition to the motion and were not able to come to an agreement regarding the motion. Federal Defendants have consented to this motion, and Florida opposes.

Dated: January 4, 2022

Respectfully submitted,

/s/ Christina I. Reichert
CHRISTINA I. REICHERT*
Fla. Bar No. 0114257
TANIA GALLONI*
Fla. Bar No. 619221
Earthjustice
4500 Biscayne Blvd., Ste 201
Miami, FL 33137
T: 305-440-5432
F: 850-681-0020
creichert@earthjustice.org
tgalloni@earthjustice.org

/s/ Bonnie Malloy
BONNIE MALLOY*
Fla. Bar No. 86109
Earthjustice
111 S. Martin Luther King Jr. Blvd
Tallahassee, FL 32301
T: 850-681-0031
F: 850-681-0020
bmalloy@earthjustice.org

/s/ Anna Sewell
ANNA SEWELL
D.C. Bar No. 241861
Earthjustice
1001 G St., Ste 1000
Washington, DC 20001
T: 202-667-4500
asewell@earthjustice.org

*Counsel for Plaintiffs*

* Admitted Pro Hac Vice

6

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of January 2022, I electronically filed the foregoing document using the CM/ECF system. Service was accomplished by the CM/ECF system.

    Respectfully submitted,

    /s/ Christina I. Reichert
    CHRISTINA I. REICHERT
    Fla. Bar No. 0114257
    Earthjustice
    4500 Biscayne Blvd., Ste 201
    Miami, FL 33137
    T: 305-440-5432
    F: 850-681-0020
    creichert@earthjustice.org