IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, ET AL.<br><br>    Plaintiffs,<br><br>    v.<br><br>U.S. ENVIRONMENTAL PROTECTION AGENCY, ET AL.<br><br>    Defendants. | CASE NO. 1:21-cv-00119 (RDM) |

_____

**FLORIDA INTERVENORS' RESPONSE TO PLAINTIFFS' CORRECTED MOTION
FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

_____

Filed almost one year after the original complaint, Plaintiffs' Corrected Motion for Leave to File [the] First Amended Complaint (Dkt. 62) seeks to add four new claims, bringing the total to thirteen. Without analyzing how these new claims relate to a slate of pending dispositive motions (Dkts. 31, 34 to 37, 43 to 46) and incorrectly suggesting that these motions are unaffected by an amended complaint, Plaintiffs also ask this Court to "direct those [pending dispositive] motions" to the amended complaint. Plaintiffs' motion for leave is untimely and prejudicial, and should be denied. Alternatively, Florida respectfully suggests that consideration of Plaintiffs' motion for leave should await this Court's rulings on the pending dispositive motions. Florida Intervenors do not contest the standard for Plaintiffs' motion for leave, as set forth by Plaintiffs (Dkt. 62 at 1-2).

**ARGUMENT**

Over a year ago, Plaintiffs challenged the approval of Florida's application to assume the Clean Water Act Section 404 program. In the typical Administrative Procedure Act (APA) challenge,

a schedule provides for motions to dismiss (e.g., for lack of standing, etc.), compilation of the administrative record, and rulings on cross-motions for summary judgment. Instead of the typical path, however, Plaintiffs pressed for an early partial summary judgment premised on just two narrow procedural claims. Florida Intervenors opposed Plaintiffs' request for an atypical litigation path, while also showing that Claims 8 and 9 lacked merit (Dkt. 23).

Plaintiffs' motion for leave discusses the February 17, 2021 telephonic pre-motion conference where the early path for this case was decided, yet Plaintiffs omit key points from that conference. Accommodating Plaintiffs' request, the Court decided at the pre-motion conference to "allow [Plaintiffs] to go ahead and file [their] motion for summary judgment with respect to counts eight and nine" and to "stay the defendants' and intervenors' obligation to answer or move other than responding to [Plaintiffs'] motion for summary judgment," while agreeing to "allow the … defendants and intervenors to cross-move to dismiss on standing grounds or any other jurisdictional grounds that they want to raise in doing so." Dkt. 40, Transcript at 28. The Court also stated that the Defendants and Florida Intervenors "should wait to raise" arguments "unique to other counts" but that they are "welcome to raise" any "cross-cutting arguments" impacting Claims 8 and 9 and the other claims. *Id.* at 28-29. This Court expressly noted that the United States' position was that the Court should permit "[the United States] and Florida to file a motion to dismiss on standing grounds or other threshold grounds that relate to all of the counts of the complaint, because there's no point in having to engage in successive motions practice with respect to standing," *id*. at 18-19, and Florida Intervenors agreed with this position, *id.* at 20.[1]

Importantly, at the time of the February 17, 2021 scheduling conference, Plaintiffs already

---

[1] This Court also correctly observed at the pre-motion conference: "[T]here will be significant threshold standing issues in the case." *Id.* at 16.

knew that they might amend their complaint to add other claims under the Endangered Species Act (ESA) subject to a pre-suit 60-day notice requirement found at 16 U.S.C. § 1540(g)(2)(A)(i). In their original complaint, Plaintiffs stated that they "intend to amend the complaint to add the ESA claims *after the required 60-day pre-suit notice [] period has expired*." Dkt. 1 at 27 n. 1 (emphasis added). Plaintiffs' 60-day notice letter is dated March 31, 2021 (*see* Dkt. 61-3), meaning that an amended complaint with the new ESA claims could have been filed in this case as early as May 30, 2021 – which is *before* briefing was completed on the early dispositive motions. Yet Plaintiffs never got around to filing their amended complaint to list new claims until now – over *seven months* after it could have been done and long after Florida Intervenors filed and fully briefed a motion to dismiss all claims in the complaint. Had Plaintiffs timely moved to add their new claims, Florida Intervenors would have been able to incorporate those new claims into the threshold justiciability arguments so that those arguments could be addressed as part of this Court's ruling on those motions.

In reliance on the process set forth by the Court and agreed to by Plaintiffs, Florida Intervenors' dispositive motion addressed the grounds for dismissal of Claims 8 and 9 as well as the cross-cutting arguments applicable *to all claims in the complaint*. Specifically, Florida moved to dismiss all claims on grounds that, among other things, Plaintiffs failed to show concrete and particularized harms arising from the mere transfer of primary permitting responsibility from the Federal government to the State of Florida (Dkt. 37 at 33-48; Dkt. 46 at 15-18), and Plaintiffs' claims are not redressable and are moot by operation of law by virtue of the "deemed approved" feature of this statutory program (Dkt. 37 at 48-56; Dkt. 46 at 19-23). Thus, while it is true that Claims 8 and 9 are not impacted by the amended complaint, adding four new claims at this late stage would cause the parties to have to address the extent to which the prior motions are impacted by an amended complaint (i.e., whether all claims, including the four new claims, are due to be dismissed at this

stage for the cross-cutting reasons set forth in the motions). Moreover, it could be futile and a waste of this Court's and the Parties' resources to engage in briefing as to the status of these new claims while the Parties are awaiting this Court's ruling on the pending dispositive motions.

## CONCLUSION

Plaintiffs' motion should be denied as untimely and prejudicial. Under the circumstances created by Plaintiffs' unusual litigation strategy, Plaintiffs could have and should have moved to amend their complaint long ago. Alternatively, Florida Intervenors respectfully suggest that this Court should defer consideration of Plaintiffs' motion for leave until after this Court's rulings on the pending early dispositive motions. Depending upon those rulings, subsequent case management issues could be addressed, as necessary, thereafter. To the extent this Court grants Plaintiffs' motion for leave to file the first amended complaint, Florida Intervenors respectfully reserve the right to seek dismissal of those new claims at an appropriate juncture after this Court rules on the pending dispositive motions.

Dated:  January 18, 2022

Respectfully submitted,
BAKER BOTTS L.L.P.

*/s/ Jeffrey H. Wood*
Jeffrey H. Wood (D.C. Bar No. 1024647)
700 K Street, NW
Washington, D.C. 20001
Phone: (202) 639-7700
jeff.wood@bakerbotts.com

Lily N. Chinn (DC Bar No. 979919)
101 California Street
San Francisco, CA 94111
Phone: (415) 291-6200
lily.chinn@bakerbotts.com

Aaron M. Streett (TX Bar No. 24037561)
Harrison Reback (TX Bar No. 24012897)
(*pro hac vice*)

910 Louisiana Street
Houston, TX 77002-4995
Phone: (713) 229-1234
aaron.streett@bakerbotts.com
harrison.reback@bakerbotts.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of January 2022, I electronically filed the foregoing document using the CM/ECF system. Service was accomplished by the CM/ECF system.

Respectfully submitted,
BAKER BOTTS L.L.P.

*/s/ Jeffrey H. Wood*
Jeffrey H. Wood (D.C. Bar No. 1024647)
700 K Street, NW
Washington, D.C. 20001
Phone: (202) 639-7700
jeff.wood@bakerbotts.com
