**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, et al., | |
| Plaintiffs, | **CASE NO.** 1:21-cv-00119 (RDM) |
| v. | |
| U.S. ENVIRONMENTAL PROTECTION AGENCY, et al., | |
| Defendants. | |

**PLAINTIFFS' REPLY IN SUPPORT OF CORRECTED MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

The Florida Intervenors' claim that Plaintiffs' Motion to Amend is untimely disregards the purpose of an Endangered Species Act ("ESA") notice of intent to sue, which includes giving "agencies an opportunity to review their actions and take corrective measures if warranted." Rsch. Air, Inc. v. Norton, No. CIV.A. 05-623 (RMC), 2006 WL 508341, at *10 (D.D.C. Mar. 1, 2006 (internal quotation marks and citation omitted). Indeed, in response to the notice (and subsequent to the expiration of the sixty-day notice period), the Federal Defendants, who do not oppose the motion, advised Plaintiffs that they were considering the issues internally. And on December 20, 2021, they provided Plaintiffs with a written response.[1] (Exhibit 1.)

---

[1] When conferring with Florida regarding this motion, Florida did not raise undue delay as a concern but instead suggested Plaintiffs could wait to file until the court ruled on the pending motions stating that the parties would not be prejudiced by awaiting the Court's ruling. In other words, they suggested the filing was premature, contrary to the claim now that the motion is late. Had Florida raised undue delay, Plaintiffs would have addressed what occurred between the expiration of the notice period and the filing of the motion in the initial motion to amend.

Plaintiffs' Corrected Motion for Leave to File the First Amended Complaint is timely despite Florida's arguments to the contrary.  Dkt. 62.  And Florida has failed to show that it would suffer any prejudice from the filing of the First Amended Complaint and has thus failed to carry its burden in objecting to the motion to amend.  Council on Am.-Islamic Rels. Action Network, Inc. v. Gaubatz, 793 F. Supp. 2d 311, 322 (D.D.C. 2011) ("Because leave to amend should be liberally granted, the party opposing amendment bears the burden of coming forward with a colorable basis for denying leave to amend.").  As a result, Plaintiffs respectfully request that their motion be granted.

Florida's arguments that Plaintiffs' motion is untimely and prejudicial are supported by neither the facts nor the law.  Florida claims it should have had the opportunity to incorporate the new claims into its justiciability arguments in the time between the earliest date Plaintiffs could have filed the motion to amend (May 30, 2021), and the conclusion of the briefing on the pending motions (June 8, 2021, a little over a week later), which suggests that Plaintiffs' motion would only have been timely and non-prejudicial if filed within that week-long period.  Dkt. 63 at 3.  However, Florida does not even avail itself of the opportunity to raise those arguments now as a basis for the Court to find the claims futile and reject amendment.  In re Interbank Funding Corp. Sec. Litig., 629 F.3d 213, 215 (D.C. Cir. 2010).

The reality is that the case remains at an early stage as no answers have been filed, no scheduling order has been set, no administrative record (aside from that for Claims 8 and 9) has been produced, and the statute of limitations has not run.  "Rule 15 does not prescribe a time limit on motions for leave to amend."  Appalachian Voices v. Chu, 262 F.R.D. 24, 27 (D.D.C. 2009) (citing Fed. R. Civ. P. 15(a)).  And, even if this were late in the case, which it is not, "the prolonged nature of a case does not itself affect whether the plaintiff may amend its complaint."

Caribbean Broad. Sys., Ltd. v. Cable & Wireless P.L.C., 148 F.3d 1080, 1084 (D.C. Cir. 1998).

Indeed, if an amended complaint purports to create "a proper subject of relief," plaintiffs "ought

to be afforded an opportunity to test [their] claim on the merits." Foman v. Davis, 371 U.S. 178,

182 (1962). And "granting leave to amend is especially favored where the proposed changes do

not radically reshape the action." Gaubatz, 793 F. Supp. 2d at 322.

Instead of creating a hardline rule, "[t]he length of a litigation is relevant only insofar as

it suggests either bad faith on the part of the moving party or potential prejudice to the non-

moving party should an amendment be allowed." Id.  Accord Miller v. Gray, No. 13-CV-2018

(BAH), 2016 WL 8671830, at *2 (D.D.C. Dec. 16, 2016). To show prejudice from a proposed

amended pleading, an "opposing party must show that it was unfairly disadvantaged or deprived

of the opportunity to present facts or evidence which it would have offered had the amendments

been timely." Miller, 2016 WL 8671830, at *2. Florida has shown no prejudice from Plaintiffs'

motion and will retain the right to file appropriate dispositive motions should it choose to do so.

Contrary to Florida's arguments, the pendency of Plaintiffs' motion for partial summary

judgment[2] and Florida's cross-motion to dismiss do not render Plaintiffs' motion to amend

prejudicial or untimely. As the court explained in Connecticut v. U.S. Department of the

Interior, a party cannot show prejudice from delay when a case is in its infancy, even if a motion

to dismiss has been filed on the initial complaint. 363 F. Supp. 3d 45, 55 (D.D.C. 2019) (no

---

[2] Although Florida complains about Plaintiffs having sought "early" summary judgment on some of their claims, Plaintiffs filed the motion for partial summary judgment with leave of court after the Court heard arguments from all parties at the pre-motion conference on February 17, 2021. Minute Order, Feb. 18, 2021. Plaintiffs promptly sought summary judgment on the threshold procedural violations because these immediately deprived and continue to deprive Plaintiffs of the right to request an agency stay of its decision pending judicial review and threaten substantial harm from the state's operation of an illegal 404 program, including pending state action on several permits that would fill hundreds of acres of wetlands that serve as habitat for the critically endangered Florida panther and other ESA-protected species.

prejudice where the court had not required production of the administrative record, plaintiffs moved to amend two weeks after the court dismissed the original complaint, and new claims arose from the same core set of events underlying the original complaint).  See also Gaubatz, 793 F. Supp. 2d at 325 (motion to amend was not untimely even though defendant's motion to dismiss had been fully briefed when plaintiffs filed).  And there is no prejudice just because Florida will have to respond to the First Amended Complaint, even if it had already responded to the initial Complaint.  Woodruff v. United States, No. CV 16-1884 (RDM), 2021 WL 930261, at *5 (D.D.C. Mar. 10, 2021) (Moss, J.) (finding no prejudice because defendants will almost always be required to respond to an amended complaint).

Thus, Florida has failed to carry its burden to provide a colorable basis for denying Plaintiffs' motion to amend because Florida has shown neither that Plaintiffs' motion was unduly delayed nor that Florida would be prejudiced by amendment.  Plaintiffs therefore respectfully request that the Court grant them leave to amend the Complaint.  And as argued in the corrected motion, Dkt. 62, to conserve judicial resources, Plaintiffs request that the Court transfer the briefing on Plaintiffs' motion for partial summary judgment, Defendants' cross-motion for partial summary judgment, and Intervenors' cross-motion to dismiss to the First Amended Complaint without requiring that the parties relitigate those issues.  Summerville v. Moran, No. 1:14-CV-2099-WTL-TAB, 2016 WL 807943, at *1 n.1 (S.D. Ind. Mar. 1, 2016) (court granted plaintiff's motion to amend complaint and transferred pending motion for partial summary judgment to amended complaint).

Dated: January 21, 2022

Respectfully submitted,

/s/ Christina I. Reichert
CHRISTINA I. REICHERT*

4

Fla. Bar No. 0114257
TANIA GALLONI*
Fla. Bar No. 619221
Earthjustice
4500 Biscayne Blvd., Ste 201
Miami, FL 33137
T: 305-440-5432
F: 850-681-0020
creichert@earthjustice.org
tgalloni@earthjustice.org

/s/ Bonnie Malloy
BONNIE MALLOY*
Fla. Bar No. 86109
Earthjustice
111 S. Martin Luther King Jr. Blvd
Tallahassee, FL 32301
T: 850-681-0031
F: 850-681-0020
bmalloy@earthjustice.org

/s/ Anna Sewell
ANNA SEWELL
D.C. Bar No. 241861
Earthjustice
1001 G St., Ste 1000
Washington, DC 20001
T: 202-667-4500
asewell@earthjustice.org

*Counsel for Plaintiffs*

*\* Appearing pro hac vice*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 21 day of January 2022, I electronically filed the foregoing

document using the CM/ECF system. Service was accomplished by the CM/ECF system.


Respectfully submitted,

/s/ Christina I. Reichert
Christina I. Reichert
Fla. Bar No. 0114257
Earthjustice
4500 Biscayne Blvd., Ste 201
Miami, FL 33137
T: 305-440-5432
F: 850-681-0020
creichert@earthjustice.org