**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, et al., | |
| Plaintiffs, | |
| v. | **CASE NO.** 1:21-cv-00119 (RDM) |
| U.S. ENVIRONMENTAL PROTECTION AGENCY, et al., | |
| Defendants. | |

**MOTION FOR LEAVE TO SUPPLEMENT BRIEFING ON PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT WITH ADMISSION BY EPA**

Plaintiffs, by and through undersigned counsel, respectfully move the Court for leave to supplement the briefing on Plaintiffs' Motion for Partial Summary Judgment (Dkt. 31) with an admission by the U.S. Environmental Protection Agency ("EPA") related to the dispositive issue of whether EPA's approval of Florida's 404 program constituted a rule for purposes of the Administrative Procedure Act ("APA"), 5 U.S.C. § 553(d). Plaintiffs submit that it did, Dkt. 31 at 18–32; Dkt. 43 at 16–34, and EPA contended that it did not, Dkt. 34 at 23–32. EPA further stated that approving Florida's 404 program as an "adjudicatory order" rather than as a rule was consistent with its past practice in approving 404 programs for Michigan and New Jersey. Dkt. 34 at 29–30. EPA stated that those approvals were "by most indications, orders" and not rules, id. at 29–31, and that therefore the agency did not have to comply with APA Section 553.

It has since come to Plaintiffs' attention that in a case arising from Michigan's 404 program, EPA previously admitted that approval by EPA of a state 404 program submission is a "rule" under the APA. Nat'l Wildlife Fed'n v. Adamkus, 936 F. Supp. 435, 444 (W.D. Mich.

1

1996) ("Both parties agree that approval by EPA of a state's program submission is a 'rule'
under the APA.  EPA was therefore bound by the rulemaking procedures under § 553 of the
APA.").

In that case, which arose from a challenge to EPA's approval of revisions to Michigan's
404 program, the agency stated that "EPA takes no issue with Plaintiffs' argument that its
approval of state program submissions is a 'rule' which must comply with the APA," but argued
that in the course of considering only revisions to a state 404 program, the agency had no duty to
respond to comments relating instead to the entirety of the program.  See Exhibit 1 (Defs.' Mem.
in Opp'n to Pls.' Mot. for Summ. J. & Reply Mem. in Supp. of M. to Dismiss the Compl.), at 25,
Nat'l Wildlife Fed'n v. Adamkus, 936 F. Supp. 435 (W.D. Mich. 1996) (No. 4:95-CV-131)).
The court agreed, holding that while EPA was bound by the APA's rulemaking procedures in
approving state 404 program submissions, it was not required to respond to public comments on
the entirety of the state program when considering only revisions to an already-approved
program.  Adamkus, 936 F. Supp. at 444.

Due to an apparent oversight in the course of briefing, Plaintiffs did not discover the case
where this admission appears but have since discovered it and obtained a copy of EPA's
memorandum, which they attach here as it is not available on the Public Access to Court
Electronic Records ("PACER") database.[1]  EPA also did not bring this matter to the Court's

---

[1] Plaintiffs do not submit this information in the form of a Notice of Supplemental Authority, see
Dkt. 3 at 4 (Standing Order at ¶ 8.d), since they do not seek to draw the court's attention to
additional legal authority bearing on this case but rather to the admission by a party-opponent
that appears in a court decision and related briefing.

attention in its filings in response to Plaintiffs' Motion for Partial Summary Judgment.  See Dkt. 34, 35, 45.

Given that EPA's admission goes to the heart of a dispositive issue and appears to be inconsistent with both EPA's position and representations in this litigation as to past practice, Plaintiffs respectfully request leave to supplement their motion with this filing.  United States v. Montgomery, No. 21-CR-46 (RDM), 2021 WL 6134591, at *4 (D.D.C. Dec. 28, 2021) (referring to hearing where court granted leave to supplement a pending motion).  Plaintiffs seek no further briefing on the matter, only to bring the admission to the Court's attention as it considers the briefing on Plaintiffs' Motion for Partial Summary Judgment, Dkt. 31, and related cross-motions.

In accordance with LCvR 7(m), Plaintiffs' counsel conferred with opposing counsel in a good faith effort to determine whether there is opposition to the motion.  EPA's position is that EPA does not oppose the relief requested, so long as it can file a response to the supplemental briefing contained in the motion.  Florida Intervenors also do not oppose the relief requested so long as Florida Intervenors can file a short response after EPA responds, if warranted.  Plaintiffs retain the right to reply.

Dated:          January 25, 2022

Respectfully submitted,

/s/ Tania Galloni
TANIA GALLONI*
Fla. Bar No. 619221
CHRISTINA I. REICHERT*
Fla. Bar No. 0114257
Earthjustice
4500 Biscayne Blvd., Ste 201
Miami, FL 33137
T: 305-440-5432
F: 850-681-0020

tgalloni@earthjustice.org
creichert@earthjustice.org

/s/ Bonnie Malloy
BONNIE MALLOY*
Fla. Bar No. 86109
Earthjustice
111 S. Martin Luther King Jr. Blvd
Tallahassee, FL 32301
T: 850-681-0031
F: 850-681-0020
bmalloy@earthjustice.org

/s/ Anna Sewell
ANNA SEWELL
D.C. Bar No. 241861
Earthjustice
1001 G St., Ste 1000
Washington, DC 20001
T: 202-667-4500
asewell@earthjustice.org

*Counsel for Plaintiffs*

* Appearing *pro hac vice*

4

**CERTIFICATE OF SERVICE**

I hereby certify that on this 25th day of January 2022, I electronically filed the foregoing

document using the CM/ECF system. Service was accomplished by the CM/ECF system.

Respectfully submitted,

/s/ Tania Galloni
TANIA GALLONI
Fla. Bar No. 619221
Earthjustice
4500 Biscayne Blvd., Ste 201
Miami, FL 33137
T: 305-440-5432
F: 850-681-0020
tgalloni@earthjustice.org