IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> U.S. ENVIRONMENTAL PROTECTION AGENCY, *et al*. <br><br> Defendants. | Case No. 1:21-cv-0119 (RDM) |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' SUPPLEMENTAL ARGUMENTS**

In their supplemental briefing, Plaintiffs contend that a 25 year-old brief filed by the United States Environmental Protection Agency ("EPA" or "the Agency") in *National Wildlife Federation v. Adamkus*, 936 F. Supp. 435 (W.D. Mich. 1996) contains an "admission [that] goes to the heart of a dispositive issue" in this case. Dkt. 65 at 3. But the statement that Plaintiffs pluck from that brief— "EPA takes no issue with [the] argument that its approval of state program submissions is a 'rule' which must comply with the" Administrative Procedure Act ("APA")—is hardly the bombshell that they suggest. Dkt. 65-1 at 32. This becomes clear when EPA's words are read in context.

In 1984, EPA approved Michigan's request to administer a section 404 program. 49 Fed. Reg. 38,947 (Oct. 2, 1984). *Adamkus* concerned EPA's approval ten years later of certain revisions to Michigan's program. 936 F. Supp. at 437. Before finalizing that approval, EPA solicited public comment. *Id.* at 438. It then responded to comments that addressed Michigan's proposed revisions, but did not respond to comments on other aspects of Michigan's section 404 program. *Id.* at 438–39.

1

The plaintiffs in *Adamkus* claimed—among other things—that EPA was required to respond to every comment that it received. *Id.* at 443. In so doing, they argued that EPA's "approval of state program submissions is a rule which must comply with the APA." Dkt. 65-1 at 32 (internal quotation marks omitted). EPA dismissed that argument as "hav[ing] no application to the present case." Dkt. 65-1 at 32. According to EPA, the APA requires agencies to take comment only on matters within the scope of their proposed rules. Dkt. 65-1 at 28, 32–33. Because comments on matters beyond the revisions to Michigan's programs were outside the scope of EPA's approval action, EPA argued that those comments required no response under the APA. *Id.*

EPA also told the court that it "t[ook] no issue" with the characterization of its approval action as a rule. *Id.* at 32. But for purposes of EPA's (ultimately successful) argument, it did not matter if that action was deemed a rule; either way, EPA was not required to respond to irrelevant comments. Whether EPA approved Michigan's revisions by rule was thus a non-essential point, and EPA's decision not to litigate a non-essential point cannot be fairly construed as an "admission." Dkt. 65 at 1, 3.

It was certainly not an admission on "a dispositive issue" in this case. Dkt. 65 at 3. The question before the Court is whether EPA could approve Florida's assumption request through an adjudication.[1] Nothing in EPA's *Adamkus* brief addresses the scope of agency discretion to act by order and so nothing in that brief "goes to the heart" of the pending cross-motions for partial summary judgment in this case. *Id.*

---

[1] It could, for the reasons set forth at Part II of our opening brief (Dkt. 34 at 23–32) and Part III of our reply brief (Dkt. 45 at 11–17).

At most, EPA's brief in *Adamkus* might be read to suggest that the agency understood its approval of Michigan's program revisions to be a rule.  If so, it would not matter.  Agencies generally enjoy wide discretion to act by rule *or* order.  *See* Dkt. 34 at 14 (discussing cases). EPA could thus approve Michigan's section 404 program revisions by rulemaking, and then, a quarter-century later, approve Florida's section 404 program assumption request by adjudication.

In any case, it is far from clear that EPA actually intended to approve Michigan's section 404 program revisions by rule.  The Agency's Federal Register entry for that action is a notice of approval, not, like other EPA actions in the same Federal Register issue, a notice of final rule. *See* Contents, 59 Fed. Reg. IV (Nov. 25, 1994) (listing EPA actions).  EPA also explained in the Federal Register that it had "*chose[n]* to seek public comment" on Michigan's program revisions, 59 Fed. Reg. at 60,626 (emphasis added), a statement that makes sense only if the Agency believed that it was not bound by the notice and comment procedures that the APA makes mandatory for rulemakings, *see* 5 U.S.C. § 553(b),(c).  Finally, and most relevant for this case, EPA's action approving Michigan's program revisions was effective immediately on publication, with no invocation of 5 U.S.C. § 553(d)'s exceptions from the 30-day waiting period applicable to rules.  59 Fed. Reg. at 60,625.  If anything, then, the procedures that EPA used in approving Michigan's program revisions—like its procedures for approving Michigan's and New Jersey's section 404 assumption requests—were consistent with the procedures that it followed in approving Florida's assumption request by adjudication.

\* \* \*

In sum, Plaintiffs' supplemental appeal to *Adamkus* is unavailing.  For the reasons set forth in our prior briefs (Dkt. 34 and 45), EPA's cross motion for partial summary judgment should be granted and Plaintiffs' motion denied.

Respectfully submitted,

Dated: February 2, 2022

TODD KIM
Assistant Attorney General
Environment & Natural Resources Division
United States Department of Justice

/s/ Andrew S. Coghlan
ANDREW S. COGHLAN (CA Bar 313332)
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044-7611
Tel: (202) 514-2191
Fax: (202) 514-8865
Email: andrew.coghlan@usdoj.gov

ALISON FINNEGAN (PA Bar 88519)
Wildlife & Marine Resources Section
P.O. Box 7611
Washington, DC 20044-7611
Tel: 202-305-0500
Email: Alison.C.Finnegan@usdoj.gov

*Attorneys for Defendant*

## Certificate of Service

I certify that on February 2, 2022, I filed the foregoing with the Court's CM/ECF system, which will notify each party.

/s/ Andrew S. Coghlan
ANDREW S. COGHLAN