IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>U.S. ENVIRONMENTAL PROTECTION AGENCY, et al.,<br><br>    Defendants. | CASE NO. 1:21-cv-00119 (RDM) |

**PLAINTIFFS' CONSOLIDATED REPLY SUPPLEMENTAL BRIEFING IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT RE: ADMISSION BY EPA**

    A central question before the Court is whether EPA's approval of Florida's 404 program submission constituted a rule, and therefore required compliance with the rulemaking provisions of the Administrative Procedure Act ("APA"), including the 30-day delay in effective date. Dkt. 31 at 8–32; Dkt. 43, 44 at 16–34. In <u>Nat'l Wildlife Fed'n v. Adamkus</u>, 936 F. Supp. 435, 444 (W.D. Mich. 1996), EPA conceded that approval of a state 404 program submission is a rule under the APA. Dkt. 65 at 2.

    EPA now tries to disown this admission by claiming that "it did not matter" whether EPA's approval of Michigan's 404 program revision was a rulemaking, and that the agency had simply decided "not to litigate a non-essential point." Dkt. 66 at 2. But the court relied on EPA's admission to conclude that the agency was "bound by the rulemaking procedures under § 553 of the APA," and observed that "[f]ailure of an agency to comply with the rulemaking requirements of APA is fatal to the validity of agency's actions." <u>Adamkus</u>, 936 F. Supp. at 444.

1

EPA's disavowal also conflicts with the position it has taken in this litigation: that revising Michigan's 404 program—which like New Jersey's, but not Florida's, has been codified—*must* be done through rulemaking "because rulemaking is the sole mechanism for modifying provisions in the Code of Federal Regulations." Dkt. 34 at 32 n.9.[1] Indeed it is for the same reason that approving a state 404 program, which modifies the Code of Federal Regulations provisions that apply to the dredging and filling of U.S. waters as to that state, can only be done by rulemaking. See Dkt. 43 at 17, Dkt. 31 at 14–15, 25; A.R. 0018, Dkt. 55-1 at 300 (citing anticipated codification at 40 C.F.R. § 233.72 for laws and rules comprising the federally authorized Florida program).

EPA claims that its admission in Adamkus is not on "a dispositive issue" in this case because the agency has "wide" discretion to decide whether to act by adjudicatory order or rule. Dkt. 66 at 2–3. But that argument fails where, as here, the agency's action authorized new rules and regulations for a federal program rather than resolved a dispute between parties in an adjudicatory process that resulted in precedent. Dkt. 31 at 25, 27–29; Dkt. 43 at 24–25, 27–29. Whether EPA's action constitutes a rule is a question of law, not a question of agency preference or characterization. Dkt. 31 at 18–29; Dkt. 43 at 16–34.

EPA's argument that it is "far from clear" whether the agency in Adamkus "intended" to approve Michigan's 404 program revision by adjudication or rule (Dkt. 66 at 3) is neither here nor there, as the agency was sued for failing to comply with Section 553 rulemaking provisions of the APA, and then admitted that those provisions applied. That EPA failed to provide a

---

[1] In that instance, EPA was trying to explain away the position it had taken as recently as 2020 in the Menominee case. Dkt. 31 at 18, 26 (citing Menominee Indian Tribe of Wisconsin v. Envtl. Prot. Agency, 947 F.3d 1065, 1070 (7th Cir. 2020), reh'g denied (May 8, 2020)).

delayed effective date for the revision to Michigan's 404 program (id.) is not evidence that its action was an adjudication, given that the agency—once in litigation—admitted it was a rule.

EPA's argument that, as in Adamkus, its procedure for approving Florida's 404 program was consistent with its procedures for approving Michigan's and New Jersey's programs (Dkt. 66 at 3) ignores that for those states, EPA articulated an exception to the 30-day rule on publication, filed the approvals in the Federal Register as rules and regulations, and codified both programs. Dkt. 31 at 24 (citing 49 Fed. Reg. at 38,947; 59 Fed. Reg. at 9,933; and 40 C.F.R. §§ 233.70, 233.71). But Section 553(d) and codification both take time. Dkt. 31 at 24 (noting more than 30-day delay between approval and publication dates for Michigan and New Jersey). And facing a change in administration, EPA opted for immediacy to shield its action from review, Dkt. 31 at 8–17, and now defends an institutional prerogative that has no application here.

Lastly, EPA and Florida appear to take issue with the fact that EPA's admission in Adamkus was made "long-ago" or a "quarter-century" ago (Dkt. 67 at 1, Dkt. 66 at 3), as though the mere passage of time rendered an agency's legal concession a nullity. It does not. More importantly, Congress enacted the APA Section 553 even longer ago, and for the purpose of ensuring the lawful and orderly promulgation of rules with due regard for the rights of those affected. In this case, that requires that Plaintiffs' Motion for Partial Summary Judgment (Dkt. 31) be granted, and Defendants' motions be denied.

Dated: February 9, 2022

                Respectfully submitted,

                /s/ Tania Galloni
                TANIA GALLONI*
                Fla. Bar No. 619221
                CHRISTINA I. REICHERT*
                Fla. Bar No. 0114257

Earthjustice
4500 Biscayne Blvd., Ste 201
Miami, FL 33137
T: 305-440-5432
F: 850-681-0020
tgalloni@earthjustice.org
creichert@earthjustice.org

/s/ Bonnie Malloy
BONNIE MALLOY*
Fla. Bar No. 86109
Earthjustice
111 S. Martin Luther King Jr. Blvd
Tallahassee, FL 32301
T: 850-681-0031
F: 850-681-0020
bmalloy@earthjustice.org

/s/ Anna Sewell
ANNA SEWELL
D.C. Bar No. 241861
Earthjustice
1001 G St., Ste 1000
Washington, DC 20001
T: 202-667-4500
asewell@earthjustice.org

*Counsel for Plaintiffs*

* Appearing *pro hac vice*

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of February 2022, I electronically filed the foregoing document using the CM/ECF system. Service was accomplished by the CM/ECF system.

Respectfully submitted,

/s/ Tania Galloni
TANIA GALLONI
Fla. Bar No. 619221
Earthjustice
4500 Biscayne Blvd., Ste 201
Miami, FL 33137
T: 305-440-5432
F: 850-681-0020
tgalloni@earthjustice.org