# Exhibit B

## EXHIBIT B

## COMPARISON OF ENDANGERED SPECIES ACT ("ESA") BIOLOGICAL OPINIONS AND FLORIDA'S 404 PROGRAM

| Federal ESA Requirements | Florida 404 Requirements |
|---|---|
| **Biological Opinion:**<br><br>After the conclusion of formal consultation, U.S. Fish and Wildlife Service ("USFWS") and/or National Marine Fisheries Service ("NMFS") (collectively, "wildlife agencies") "shall provide to the Federal agency and the applicant, if any, a written statement setting forth the Secretary's opinion, and a summary of the information on which the opinion is based, detailing how the agency action affects the species or its critical habitat."<br><br>16 U.S.C. § 1536(b)(3)(A).  Accord 50 C.F.R. § 402.14(h). | No comparable requirement. |
| **Analysis Required for a Biological Opinion:**<br><br>The wildlife agency must:<br><br>(1) evaluate the current status and environmental baseline of affected species and critical habitats;<br><br>(2) assess the effects of the action (including cumulative effects) on those species and habitats; and<br><br>(3) analyze whether the effects of the action, when added to the environmental baseline together with any cumulative effects, is likely to jeopardize the continued existence of the species or adversely modify their critical habitats.<br><br>50 C.F.R. § 402.14(g). | No comparable requirement. |

1

| | |
|---|---|
| **Contents of a Biological Opinion:**<br><br>Biological opinions shall include:<br><br>(1) A summary of the information on which the opinion is based;<br><br>(2) A detailed discussion of the environmental baseline of the listed species and critical habitat;<br><br>(3) A detailed discussion of the effects of the action on listed species or critical habitat; and<br><br>(4) The wildlife agencies' opinion on whether the action is likely or not likely to jeopardize the continued existence of a listed species or result in the destruction or adverse modification of critical habitat (a "jeopardy" determination).<br><br>50 C.F.R. § 402.14(h)(1). | No comparable document. |
| **Incidental Take Statement:**<br><br>The ESA requires the wildlife agencies to provide an incidental take statement with the biological opinion when an agency anticipates that incidental taking of a threatened or endangered species will occur.<br><br>16 U.S.C. § 1536(b)(4); 50 C.F.R. § 402.14(i). | **Incidental Take Calculations:**<br><br>"For proposed activities in which the State has permitting authority and for which incidental take of ESA-listed species is reasonably certain to occur, the amount and extent of incidental take anticipated from these proposed activities will be quantified and evaluated on a project-specific basis through the technical assistance process conducted between the USFWS and the State."<br><br>Dkt. 56-1 at 765 (U.S. Fish & Wildlife Serv., Programmatic Biological Opinion for U.S. Environmental Protection Agency's Approval of the Florida Department of Environmental Protection ("FDEP") Assumption of the Administration of the Dredge and Fill Permitting Program Under Section 404 of the Clean Water Act, Nov. 17, 2020).[*] |

2

| | |
|---|---|
| | "If it is determined, through technical assistance on permit reviews with State that take of ESA-listed species is still expected to occur after implementation of recommended minimization measures, the amount or extent of incidental take will be quantified, at that time by the appropriate Field Office of the USFWS, in coordination with FDEP/[Florida Fish and Wildlife Conservation Commission ("FWC")]. FDEP/FWC and USFWS will review reports and track the levels of take estimated through the technical assistance process and exempted by this Incidental Take Statement."<br><br>Dkt. 56-1 at 766.* |
| **Contents of Incidental Take Statement:**<br><br>The incidental take statement must specify "the impact, i.e., the amount or extent, of such incidental taking on the species. (A surrogate (e.g., similarly affected species or habitat or ecological conditions) may be used to express the amount or extent of anticipated take provided that the biological opinion or incidental take statement: Describes the causal link between the surrogate and take of the listed species, explains why it is not practical to express the amount or extent of anticipated take or to monitor take-related impacts in terms of individuals of the listed species, and sets a clear standard for determining when the level of anticipated take has been exceeded.)."<br><br>50 C.F.R. § 402.14(i)(1)(i). Accord 16 U.S.C. § 1536(b)(4). | No comparable document. |

3

| | |
|---|---|
| **Reasonable and Prudent Measures:**<br><br>The incidental take statement must specify "those reasonable and prudent measures that the [wildlife agencies] consider[] necessary or appropriate to minimize such impact."<br><br>50 C.F.R. § 402.14(i)(1)(ii). | **Reasonable and Prudent Measures:**<br><br>"If action may jeopardize species, additional protective measures that will satisfy the requirements of the ESA and avoid jeopardy or adverse modification are developed in coordination with or as recommended by USFWS, and FDEP incorporates those measures as permit conditions and processes the permit."<br><br>Dkt. 56-1 at 715.[*]<br><br>"In some cases, FDEP or FWC may provide the USFWS with a list of preliminary protective measures to minimize impacts to ESA-listed species and critical habitats."<br><br>Dkt. 56-1 at 723.[*] |
| **Requirements as to Marine Mammals:**<br><br>In the case of marine mammals, the incidental take statement must specify "those measures that are necessary to comply with section 101(a)(5) of the Marine Mammal Protection Act of 1972 and applicable regulations with regard to such taking."<br><br>50 C.F.R. § 402.14(i)(1)(iii). | No comparable requirement. |
| **Terms and Conditions:**<br><br>The incidental take statement must set forth "the terms and conditions (including, but not limited to, reporting requirements) that must be complied with by the Federal agency or any applicant to implement [required reasonable and prudent] measures."<br><br>50 C.F.R. § 402.14(i)(1)(iv). | No comparable requirement. |

| | |
|---|---|
| **Procedures When Take Occurs:**<br><br>The incidental take statement must specify "the procedures to be used to handle or dispose of any individuals of a species actually taken."<br><br>50 C.F.R. § 402.14(i)(1)(v). | No comparable requirement. |
| **Conservation Recommendations Permitted:**<br><br>The wildlife agencies "may provide with the biological opinion a statement containing discretionary conservation recommendations. Conservation recommendations are advisory and are not intended to carry any binding legal force."<br><br>50 C.F.R. § 402.14(j). | No comparable requirement. |

---

[*] Florida and the U.S. Environmental Protection Agency ("EPA") have taken the position that the programmatic biological opinion is not part of the approved state 404 program, and EPA has not included the programmatic biological opinion as among the components it would codify as part of the program.  See, e.g., Dkt. 34 at 21; Dkt. 45 at 9–10, n.2.  Therefore, it is unclear whether the steps described in the programmatic biological opinion as part of the "technical assistance" process are required as a matter of law under the approved state program.