# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

CENTER FOR BIOLOGICAL DIVERSITY, *et al.*,

    Plaintiffs,

        v.

U.S. ENVIRONMENTAL PROTECTION
AGENCY, *et al.*

    Defendants.

Case No. 1:21-cv-0119 (RDM)

**FEDERAL DEFENDANTS' ANSWER TO PLAINTIFFS' AMENDED COMPLAINT**

Defendants, U.S. Environmental Protection Agency (EPA), Michael S. Regan, in his official capacity as Administrator of EPA, Rhadika Fox, in her official capacity as Assistant Administrator for the Office of Water of EPA; Jeffrey Prieto, in his official capacity as General Counsel for EPA; Lawrence Starfield, in his official capacity as Acting Assistant Administrator for the Office of Enforcement and Compliance Assurance for EPA; John Blevins, in his official capacity as Acting Administrator for Region 4 of EPA; the U.S. Fish and Wildlife Service (FWS); Martha Williams, in her official capacity as Director of FWS; Leopoldo Miranda-Castro, in his official capacity as Regional Director for FWS; the U.S. Army Corps of Engineers (Corps); Lieutenant General Scott A. Spellmon, in his official capacity as Chief of Engineers and Commanding General of the Corps; and Colonel James Booth, in his official capacity as District Commander of the Jacksonville District for the Corps (collectively, Federal Defendants); by and through their undersigned counsel, answer the Amended Complaint (ECF 77) as follows:

1.      The allegations in the first and second sentences of paragraph 1 consist of Plaintiffs' characterization of their lawsuit, to which no response is required. To the extent a

response is required, the allegations are denied.  Federal Defendants admit the allegations in the third sentence of paragraph 1 that there was a press conference in Washington, D.C., on December 17, 2020 at which former EPA Administrator Andrew Wheeler announced EPA's approval of Florida's application to assume jurisdiction over Florida's program under Section 404 of the Clean Water Act.  The remaining allegations in the third sentence of paragraph 1 purport to characterize former Administrator Wheeler's statements, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to their plain language, meaning, or context are denied.  Federal Defendants admit the allegations in the fourth sentence of paragraph 1 that EPA's decision to approve Florida's application to assume jurisdiction over Florida's program under Section 404 of the Clean Water Act was published in the Federal Register on December 22, 2020.  The remaining allegations in the fourth sentence of paragraph 1 are conclusions of law, to which no response is required, and purport to characterize the December 22, 2020 Federal Register notice, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.  The allegations in the fifth and seventh sentences of paragraph 1 are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.  The allegations in the sixth sentence of paragraph 1 are denied on the grounds that they are vague and ambiguous.

2.      Federal Defendants deny the allegations in paragraph 2.

3.      The allegations in the first sentence of paragraph 3 consist of Plaintiffs' characterization of their lawsuit, to which no response is required. To the extent a response is required, the allegations are denied.  The allegations in the second sentence of paragraph 3 purport to characterize former Administrator Wheeler's statements, which speak for themselves

and are the best evidence of their contents.  Any allegations contrary to their plain language, meaning, or context are denied.  The allegations in the third sentence of paragraph 3 are conclusions of law, to which no response is required. To the extent a response is required, the allegations are denied.

4.      The allegations in the first sentence of paragraph 4 purport to characterize the Clean Water Act (CWA), which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.  The allegations in the second sentence of paragraph 4 are conclusions of law to which no response is required and purport to characterize the CWA's legislative history, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language, meaning, or context are denied.

5.      The allegations in paragraph 5 are conclusions of law to which no response is required and purport to characterize the CWA and 40 C.F.R. § 230.1, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.

6.      The allegations in paragraph 6 are conclusions of law to which no response is required and purport to characterize the CWA and its implementing regulations, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.

7.      The allegations in paragraph 7 purport to characterize the Endangered Species Act (ESA), which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

8.      The allegations in paragraph 8 are conclusions of law to which no response is required, and purport to characterize the ESA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

9.      The allegations in paragraph 9 purport to characterize the CWA and its implementing regulations, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.

10.      The allegations in paragraph 10 are conclusions of law to which no response is required, and purport to characterize the CWA and its implementing regulations, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to their plain language, meaning, or context are denied.

11.      The allegations in paragraph 11 are conclusions of law to which no response is required, and purport to characterize the ESA, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language, meaning, or context are denied.

12.      The allegations in paragraph 12 are conclusions of law to which no response is required, and purport to characterize the ESA, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language, meaning, or context are denied.

13.      The allegations in paragraph 13 are conclusions of law to which no response is required, and purport to characterize the CWA, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language, meaning, or context are denied.

14.      The allegations in paragraph 14 are conclusions of law to which no response is required, and purport to characterize 40 C.F.R. § 233.15(h), which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language, meaning, or context are denied.

15.     The allegations in paragraph 15 are conclusions of law to which no response is required, and purport to characterize the Administrative Procedure Act (APA), which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language, meaning, or context are denied.

16.     Federal Defendants deny the allegations in the first sentence of paragraph 16 and aver that EPA has approved three state Section 404 assumption programs.  Federal Defendants admit the allegations in the second sentence of paragraph 16.

17.     Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17, and deny them on that basis.

18.     Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18, and deny them on that basis.

19.     Federal Defendants admit the allegation in the first sentence of paragraph 19 that Florida applied to the EPA on August 20, 2020, proposing to assume administration of the CWA Section 404 program in Florida.  The remaining allegations in the first sentence of paragraph 19 are conclusions of law to which no response is required and purport to characterize Florida's application, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language, meaning, or context are denied.  Federal Defendants admit the allegation in the second sentence of paragraph 19 that Florida stated it would require no new funding to administer and enforce the program.  Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in the second sentence, and deny them on that basis

20.     Federal Defendants admit the allegation in paragraph 20 that, on August 28, 2020, EPA determined that Florida's application was complete as of the date it was submitted.  The

remaining allegations in paragraph 20 are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

21.     The allegations in paragraph 21 are conclusions of law to which no response is required, and purport to characterize the CWA and 40 C.F.R. § 233.15, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to their plain language, meaning, or context are denied.

22.     The allegations in paragraph 22 purport to characterize, without citation or attribution, documents that speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.

23.     Federal Defendants deny the allegations in paragraph 23.

24.     Federal Defendants admit the allegations in paragraph 24.

25.     Federal Defendants admit the allegations in the first sentence of paragraph 25 that EPA sent a letter to the National Marine Fisheries (NMFS) dated September 2, 2020.  The remaining allegations in the first sentence of paragraph 25 purport to characterize EPA's September 2, 2020 letter, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language, meaning, or context are denied.  Federal Defendants admit the allegation in the second sentence of paragraph 25 that NMFS sent a letter to Florida dated April 15, 2020.  The remaining allegations in the second sentence of paragraph 25 purport to characterize NMFS's April 15, 2020 letter, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.  The allegations in the third sentence of paragraph 25 are denied.

26.     The allegations in paragraph 26 purport to characterize EPA's biological evaluation, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

27.     Federal Defendants admit the allegations in the first sentence of paragraph 27. The allegations in the second sentence of paragraph 27 purport to characterize 85 Fed. Reg. 57,853 (Sept. 16, 2020), which speak for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.  The allegations in the third sentence of paragraph 27 are conclusions of law and purport to characterize 40 C.F.R. §§ 233.70 and 233.71, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.

28.     The allegations in the first sentence of paragraph 28 purport to characterize Plaintiffs' counsel's statements at the October 21, 2020 public hearing on Florida's submission, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied. The allegations in the second sentence of paragraph 28 purport to characterize Plaintiffs' counsel's October 23, 2020 letter, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

29.     Federal Defendants admit the allegation in paragraph 29 that EPA did not reverse its completeness determination and that the public comment period closed on November 2, 2020. The remaining allegations in paragraph 29 are conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

30.     Federal Defendants admit the allegation in paragraph 30 that Plaintiffs and members of the public submitted comments regarding EPA's approval of Florida's application.

The remaining allegations in paragraph 30 purport to characterize those comments, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.

31.     Federal Defendants admit the allegations in the first sentence of paragraph 31. The allegations in the second sentence of paragraph 31 purport to characterize FWS's November 17, 2020 Biological Opinion on EPA's Approval of FDEP's Assumption of the Administration of the Dredge and Fill Permitting Program under Section 404 of the Clean Water Act ("BiOp") and the memorandum of understanding between Florida and FWS ("MOU"), which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.

32.     Federal Defendants admit the allegations in paragraph 32.

33.     Federal Defendants admit the allegations in paragraph 33.

34.     Federal Defendants admit the allegations in the first sentence of paragraph 34 that EPA's approval notice was published in the Federal Register on December 22, 2020.  The remaining allegations in paragraph 34 purport to characterize the December 22, 2020 Federal Register notice, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

35.     Federal Defendants admit the allegations in paragraph 35 that EPA received a letter from Plaintiffs on December 22, 2020.  The remaining allegations in paragraph 35 purport to characterize that letter, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

36.     Federal Defendants admit the allegations in paragraph 36 that then-EPA Acting General Counsel Fotouhi sent a letter to Justin Wolfe, General Counsel for FDEP on December

28, 2020.  The remaining allegations in paragraph 36 purport to characterize Mr. Fotouhi's

December 28, 2020 letter, which speaks for itself and is the best evidence of its contents. Any

allegations contrary to its plain language, meaning, or context are denied.

37.     The allegations in paragraph 37 are conclusions of law to which no response is

required. To the extent a response is required, the allegations are denied.

38.     The allegations in paragraph 38 are conclusions of law to which no response is

required. To the extent a response is required, the allegations are denied.

39.     Federal Defendants admit the allegations in paragraph 39 that they are agencies of

the United States and officers and employees of the United States acting in their official

capacities.  Federal Defendants lack knowledge or information sufficient to form a belief as to

the truth of the allegations in paragraph 39 regarding the principal place of business and

residence of Plaintiff Defenders of Wildlife, and deny them on that basis.  The remaining

allegations in paragraph 39 are conclusions of law to which no response is required.  To the

extent a response is required, the allegations are denied.

40.     Federal Defendants lack knowledge or information sufficient to form a belief as to

the truth of the allegations in paragraph 40, and deny them on that basis.

41.     Federal Defendants lack knowledge or information sufficient to form a belief as to

the truth of the allegations in the first, second, third, and fourth sentences of paragraph 41, and

deny them on that basis.  The allegations in the fifth sentence of paragraph 41 are conclusions of

law to which no response is required. To the extent a response is required, the allegations are

denied.

42.     Federal Defendants lack knowledge or information sufficient to form a belief as to

the truth of the allegations in paragraph 42, and deny them on that basis.

43.     Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first, second, third, and fourth sentences of paragraph 43, and deny them on that basis.  The allegations in the fifth sentence of paragraph 43 are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

44.     Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44, and deny them on that basis.

45.     Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of paragraph 45, and deny them on that basis.  The allegations in the third sentence of paragraph 45 are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

46.     Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46, and deny them on that basis.

47.     Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first, second, and third sentences of paragraph 47, and deny them on that basis.  The allegations in the fourth sentence of paragraph 47 are conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

48.     Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48, and deny them on that basis.

49.     Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first, second, and third sentences of paragraph 49, and deny them on that basis.  The allegations in the fourth sentence of paragraph 49 are conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

50.     Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50, and deny them on that basis.

51.     Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first, second, and third sentences of paragraph 51, and deny them on that basis.  The allegations in the fourth sentence of paragraph 51 are conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

52.     Federal Defendants admit that the St. Johns River is Florida's longest river and that it is significant for commercial and recreational use, but lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 52, and deny them on that basis.

53.     Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first, second, and third sentences of paragraph 53, and deny them on that basis.  The allegations in the fourth sentence of paragraph 53 are conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

54.     Federal Defendants admit the allegations in the first sentence of paragraph 54 that Plaintiffs and their members participated in EPA's rulemaking process on Florida's application to assume the Section 404 program, but lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 54, and deny them on that basis.

55.     The allegations in paragraph 55 are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

56.     The allegations in paragraph 56 are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

57.     Federal Defendants admit the allegations in paragraph 57.

58.      Federal Defendants admit the allegations in the first sentence of paragraph 58 that

Michael Regan is the Administrator for EPA.  Federal Defendants further aver that the EPA

Administrator has delegated authority to approve state 404 programs to the Regional

Administrator. The allegations in the second sentence of paragraph 58 are conclusions of law and

consist of Plaintiffs' characterization of their lawsuit, to which no response is required.  To the

extent a response is required, the allegations are denied.

59.      Federal Defendants admit the allegations in the first sentence of paragraph 59 that

Radhika Fox is the Assistant Administrator for EPA's Office of Water.  Federal Defendants

further aver that the EPA Administrator has delegated authority to approve state 404 programs to

the Regional Administrator.  The allegations in the second sentence of paragraph 59 are

conclusions of law and consist of Plaintiffs' characterization of their lawsuit, to which no

response is required.  To the extent a response is required, the allegations are denied.

60.      Federal Defendants admit the allegations in the first sentence of paragraph 60 that

Jeffrey Prieto is the General Counsel for EPA.  Federal Defendants further aver that the EPA

Administrator has delegated authority to approve state 404 programs to the Regional

Administrator.  The allegations in the second sentence of paragraph 60 are conclusions of law

and consist of Plaintiffs' characterization of their lawsuit, to which no response is required.  To

the extent a response is required, the allegations are denied.

61.      Federal Defendants admit the allegations in paragraph 61 that Lawrence Starfield

is the Acting Assistant Administrator for EPA's Office of Enforcement and Compliance

Assurance.  Federal Defendants further aver that the EPA Administrator has delegated authority

to approve state 404 programs to the Regional Administrator.  The allegations in the second

sentence of paragraph 61 are conclusions of law and consist of Plaintiffs' characterization of

their lawsuit, to which no response is required.  To the extent a response is required, the allegations are denied.

62.     Federal Defendants admit the allegations in the first sentence of paragraph 62. The allegations in the second sentence of paragraph 62 are conclusions of law and consist of Plaintiffs' characterization of their lawsuit, to which no response is required.  To the extent a response is required, the allegations are denied.

63.     The allegations in paragraph 63 are Plaintiffs' description of the defendants in this action, to which no response is required.  To the extent a response is required, the allegations are denied.

64.     Federal Defendants admit the allegations in paragraph 64.

65.     Federal Defendants deny the allegations in the first sentence of paragraph 65 and aver that Martha Williams is the Director of FWS.  The allegations in the second sentence of paragraph 65 are conclusions of law and consist of Plaintiffs' characterization of their lawsuit, to which no response is required.  To the extent a response is required, the allegations are denied.

66.     Federal Defendants admit the allegations in the first sentence of paragraph 66 that Leopoldo Miranda-Castro is Regional Director of FWS, but deny the remaining allegations in the first sentence of paragraph 66 on the grounds that they are vague and ambiguous.  The allegations in the second sentence of paragraph 69 are conclusions of law and consist of Plaintiffs' characterization of their lawsuit, to which no response is required.  To the extent a response is required, the allegations are denied.

67.     The allegations in paragraph 67 are Plaintiffs' description of the defendants in this action, to which no response is required.  To the extent a response is required, the allegations are denied.

68.     Federal Defendants admit the allegations in the first sentence of paragraph 68. The allegations in the second sentence of paragraph 68 are conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.  Federal Defendants admit the allegations in the third sentence of paragraph 68 that the Corps entered into a Memorandum of Agreement with the Florida Department of Environmental Protection, in accordance with 40 C.F.R. § 233.14, which includes a list of retained waters.  The remaining allegations in the third sentence of paragraph 68 are conclusions of law and consist of Plaintiffs' characterization of their lawsuit, to which no response is required.  To the extent a response is required, the allegations are denied.

69.     Federal Defendants admit the allegation in the first sentence of paragraph that Lieutenant General Scott A. Spellmon is the Chief of Engineers and Commanding General of the U.S. Army Corps of Engineers. The remaining allegations in the first sentence of Paragraph 69 are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.  The allegations in the second sentence of paragraph 69 are conclusions of law and consist of Plaintiffs' characterization of their lawsuit, to which no response is required. To the extent a response is required, the allegations are denied.

70.     Federal Defendants admit the allegations in the first sentence of paragraph 70 that Colonel James Booth is the District Commander for the Jacksonville District of the U.S. Army Corps of Engineers.  The allegations in the second sentence of paragraph 70 are conclusions of law and consist of Plaintiffs' characterization of their lawsuit, to which no response is required. To the extent a response is required, the allegations are denied.

71.     The allegations in paragraph 71 are Plaintiffs' description of the defendants in this action, to which no response is required.  To the extent a response is required, the allegations are denied.

72.     The allegations in paragraph 72 are conclusions of law to which no response is required and purport to characterize the Administrative Procedure Act, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language, meaning, or context are denied.

73.     The allegations in paragraph 73 are conclusions of law to which no response is required and purport to characterize the Administrative Procedure Act, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language, meaning, or context are denied.

74.     The allegations in paragraph 74 are conclusions of law and consist of Plaintiffs' characterization of their lawsuit, to which no response is required.  To the extent a response is required, the allegations are denied.

75.     The allegations in paragraph 75 are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

76.     The allegations in paragraph 76 are conclusions of law to which no response is required, and purport to characterize the CWA and 40 C.F.R. § 233.10, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.

77.     The allegations in paragraph 77 are conclusions of law to which no response is required, and purport to characterize 40 C.F.R. § 233.11, which speaks for itself and is the best

evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

78.     The allegations in paragraph 78 are conclusions of law to which no response is required, and purport to characterize the CWA and 40 C.F.R. § 233.12, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.

79.     The allegations in the first sentence of paragraph 79 are conclusions of law to which no response is required, and purport to characterize the CWA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied. The allegations in the second sentence of paragraph 79 are conclusions of law to which no response is required, and purport to characterize 40 C.F.R. § 233.15, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

80.     The allegations in paragraph 80 are conclusions of law to which no response is required, and purport to characterize the CWA and 40 C.F.R. § 233.15, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.

81.     The allegations in paragraph 81 are conclusions of law to which no response is required, and purport to characterize the CWA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

82.     The allegations in paragraph 82 are conclusions of law to which no response is required, and purport to characterize 40 C.F.R. §§ 230.10, 233.1, and 233.23, which speak for

themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.

83.     The allegations in the first sentence of paragraph 83 are conclusions of law to which no response is required, and purport to characterize the ESA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.  The allegations in the second sentence of paragraph 83 are conclusions of law to which no response is required, and purport to characterize *Tennessee Valley Auth. v. Hill*, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language, meaning, or context are denied.

84.     The allegations in paragraph 84 are conclusions of law to which no response is required, and purport to characterize the ESA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

85.     The allegations in paragraph 85 are conclusions of law to which no response is required, and purport to characterize the ESA and 50 C.F.R. § 402.14, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.

86.     The allegations in paragraph 86 are conclusions of law to which no response is required, and purport to characterize the ESA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

87.     The allegations in the first sentence of paragraph 87 are conclusions of law to which no response is required, and purport to characterize 50 C.F.R. § 402.02, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.  The allegations in the second sentence of paragraph 87 are

conclusions of law to which no response is required, and purport to characterize the ESA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

88.     The allegations in the first sentence of paragraph 88 are conclusions of law to which no response is required, and purport to characterize 50 C.F.R. § 402.14, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.  The allegations in the second sentence of paragraph 88 are conclusions of law to which no response is required, and purport to characterize the ESA and 50 C.F.R. § 402.14, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.

89.     The allegations in the first sentence of paragraph 89 are conclusions of law to which no response is required, and purport to characterize the ESA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied. The allegations in the second sentence of paragraph 89 are conclusions of law to which no response is required, and purport to characterize the cited case law, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

90.     The allegations in the first and second sentences of paragraph 90 are conclusions of law to which no response is required, and purport to characterize the ESA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied. The allegations in the third sentence of paragraph 90 are conclusions of law to which no response is required, and purport to characterize 50 C.F.R. §

222.102, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

91.     The allegations in paragraph 91 are conclusions of law to which no response is required, and purport to characterize the ESA and 50 C.F.R. § 402.14, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to their plain language, meaning, or context are denied.

92.     The allegations in paragraph 92 are conclusions of law to which no response is required, and purport to characterize 50 C.F.R. § 402.16, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

93.     The allegations in paragraph 93 are conclusions of law to which no response is required, and purport to characterize 50 C.F.R. § 402.14, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

94.     The allegations in paragraph 94 are conclusions of law to which no response is required, and purport to characterize 50 C.F.R. § 402.02, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

95.     The allegations in paragraph 95 are conclusions of law to which no response is required, and purport to characterize 33 U.S.C. § 1344, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

96.     The allegations in the first sentence of paragraph 96 are conclusions of law to which no response is required, and purport to characterize 33 U.S.C. § 403, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.  The allegations in the second sentence of paragraph 96 are conclusions of law to which no response is required, and purport to characterize 33 C.F.R. § 329.4, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

97.     The allegations in paragraph 97 are conclusions of law to which no response is required, and purport to characterize 33 C.F.R. § 329.11, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

98.     The allegations in paragraph 98 are conclusions of law to which no response is required, and purport to characterize 33 C.F.R. § 329.3, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

99.     The allegations in paragraph 99 are conclusions of law to which no response is required, and purport to characterize 33 C.F.R. § 329.14, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

100.    The allegations in paragraph 100 are conclusions of law to which no response is required, and purport to characterize 33 C.F.R. § 329.14, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

101.    The allegations in paragraph 101 are conclusions of law to which no response is required, and purport to characterize 33 C.F.R. § 329.16, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

102.    The allegations in paragraph 102 are conclusions of law to which no response is required, and purport to characterize 33 C.F.R. § 329.16, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

103.    The allegations in paragraph 103 are conclusions of law to which no response is required, and purport to characterize 33 C.F.R. § 329.16, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

## FIRST CLAIM FOR RELIEF

104.    Federal Defendants incorporate by reference each and every response to the allegations in the paragraphs numbered 1 through 103 above.

105.    The allegations in paragraph 105 are conclusions of law to which no response is required, and purport to characterize the APA and 40 C.F.R. § 233.15, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.

106.    The allegations in paragraph 106 are conclusions of law to which no response is required, and purport to characterize the APA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

107.    The allegations in paragraph 107 are conclusions of law to which no response is required, and purport to characterize the APA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

108.    The allegations in paragraph 108 are conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

109.    Federal Defendants admit the allegations in paragraph 109.

110.    The allegations in paragraph 110 are conclusions of law to which no response is required, and purport to characterize 40 C.F.R. § 233.11, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

111.    The allegations in paragraph 111 are conclusions of law to which no response is required, and purport to characterize Florida's application and the list of retained waters, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.

112.    The allegations in paragraph 112 consist of Plaintiffs' characterization of their lawsuit and are conclusions of law to which no response is required, and further purport to characterize Florida's application, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

113.    The allegations in paragraph 113 are conclusions of law to which no response is required, and purport to characterize Florida's application and 40 C.F.R. § 233.11, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.

114.    The allegations in paragraph 114 are conclusions of law to which no response is required, and purport to characterize "EPA's determination that Florida's application was complete as of its submission on August 20, 2020," which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

115.    The allegations in paragraph 115 are conclusions of law, to which no response is required. To the extent a response is required, the allegations are denied.

116.    The allegations in paragraph 116 are conclusions of law to which no response is required, and purport to characterize *Small Refiner Lead Phase-Down Task Force v. U.S. Envtl. Protection Agency*, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language, meaning, or context are denied.

117.    The allegations in paragraph 117 are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

## SECOND CLAIM FOR RELIEF

118.    Federal Defendants incorporate by reference each and every response to the allegations in the paragraphs numbered 1 through 117 above.

119.    The allegations in the first sentence of paragraph 119 are conclusions of law to which no response is required, and purport to characterize the CWA and 40 C.F.R. § 233.12, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.  The allegations in the second sentence of paragraph 119 are conclusions of law to which no response is required, and purport to characterize the CWA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

120.    The allegations in paragraph 120 are conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

121.    The allegations in paragraph 121 are conclusions of law to which no response is required and purport to characterize the CWA, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language, meaning, or context are denied.

122.    The allegations in paragraph 122 are conclusions of law to which no response is required and purport to characterize Florida's CWA Section 404 program and 40 C.F.R. §§ 233.21 and 233.2, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.

123.    The allegations in paragraph 123 are conclusions of law to which no response is required, and purport to characterize Florida's CWA Section 404 program and the CWA, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to their plain language, meaning, or context are denied.

124.    The allegations in paragraph 124 are conclusions of law to which no response is required, and purport to characterize Florida's CWA Section 404 program, the CWA and 40 C.F.R. § 233.22, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to their plain language, meaning, or context are denied.

125.    The allegations in paragraph 125 are conclusions of law to which no response is required, and purport to characterize Florida's CWA Section 404 program and 40 C.F.R. § 233.23, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to their plain language, meaning, or context are denied.

126.    The allegations in paragraph 126 are conclusions of law to which no response is required, and purport to characterize Florida's CWA Section 404 program and 40 C.F.R. §

233.30, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to their plain language, meaning, or context are denied.

127.    The allegations in paragraph 127 are conclusions of law to which no response is required, and purport to characterize Florida's CWA Section 404 program and 40 C.F.R. § 233.3, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to their plain language, meaning, or context are denied.

128.    The allegations in paragraph 128 are conclusions of law to which no response is required, and purport to characterize Florida's CWA Section 404 program and 40 C.F.R. § 233.32, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to their plain language, meaning, or context are denied.

129.    The allegations in paragraph 129 are conclusions of law to which no response is required, and purport to characterize Florida's CWA Section 404 program and 40 C.F.R. § 230.3, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to their plain language, meaning, or context are denied.

130.    The allegations in the first sentence of paragraph 130 are conclusions of law to which no response is required, and purport to characterize 40 C.F.R. § 233.40, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language, meaning, or context are denied.  The allegations in the second sentence of paragraph 130 purport to characterize Florida's application to assume the CWA Section 404 program, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language, meaning or context are denied.

131.    The allegations in paragraph 131 are conclusions of law to which no response is required, and purport to characterize Florida's CWA Section 404 program and 40 C.F.R. § 230.5,

which speak for themselves and are the best evidence of their contents.  Any allegations contrary to their plain language, meaning, or context are denied.

132.    The allegations in paragraph 132 are conclusions of law to which no response is required, and purport to characterize Florida's CWA Section 404 program and 40 C.F.R. § 230.7, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to their plain language, meaning, or context are denied.

133.    The allegations in paragraph 133 are conclusions of law to which no response is required, and purport to characterize Florida's CWA Section 404 program and 40 C.F.R. § 230.10, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to their plain language, meaning, or context are denied.

134.    The allegations in paragraph 134 are conclusions of law to which no response is required, and purport to characterize Florida's CWA Section 404 program and 40 C.F.R. § 230.10, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to their plain language, meaning, or context are denied.

135.    The allegations in paragraph 135 are conclusions of law to which no response is required, and purport to characterize Florida's CWA Section 404 program and 40 C.F.R. § 230.11, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to their plain language, meaning, or context are denied.

136.    The allegations in paragraph 136 are conclusions of law to which no response is required, and purport to characterize 40 C.F.R. § 230.12, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language, meaning, or context are denied.

137.    The allegations in paragraph 137 are conclusions of law to which no response is required, and purport to characterize Florida's CWA Section 404 program and 40 C.F.R. § 230.11, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to their plain language, meaning, or context are denied.

138.    The allegations in the first sentence of paragraph 138 are conclusions of law to which no response is required, and purport to characterize Florida's application to assume the CWA Section 404 program and the CWA, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to their plain language, meaning, or context are denied.  The allegations in the second sentence of paragraph 138 are conclusions of law to which no response is required, and purport to characterize the CWA, 18 U.S.C. § 3282, 28 U.S.C. § 2462, 40 C.F.R. § 233.41, and cited case law, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to their plain language, meaning, or context are denied.

139.    The allegations in paragraph 139 are conclusions of law to which no response is required, and purport to characterize Florida's CWA Section 404 program and 40 C.F.R. §§ 230.20-25, 230.30-32, 230.40-45, and 230.50-54, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to their plain language, meaning, or context are denied.

140.    The allegations in paragraph 140 are conclusions of law to which no response is required, and purport to characterize Florida's CWA Section 404 program, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language, meaning, or context are denied.

141.    The allegations in paragraph 141 are conclusions of law to which no response is required, and purport to characterize Florida's CWA Section 404 program and 40 C.F.R. § 230.92, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to their plain language, meaning, or context are denied.

142.    The allegations in paragraph 142 are conclusions of law to which no response is required, and purport to characterize Florida's CWA Section 404 program and 40 C.F.R. § 230.93, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to their plain language, meaning, or context are denied.

143.    The allegations in paragraph 143 are conclusions of law to which no response is required, and purport to characterize Florida's CWA Section 404 program and 40 C.F.R. § 230.93, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to their plain language, meaning, or context are denied.

144.    The allegations in paragraph 144 are conclusions of law to which no response is required, and purport to characterize 40 C.F.R. § 233.34, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language, meaning, or context are denied.

145.    The allegations in paragraph 145 purport to characterize Florida's CWA Section 404 program, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language, meaning, or context are denied.

146.    The allegations in paragraph 146 are conclusions of law to which no response is required, and purport to 40 C.F.R. § 233.40, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language, meaning, or context are denied.

147.     The allegations in paragraph 147 purport to characterize Florida's CWA Section 404 program, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language, meaning, or context are denied.

148.     The allegations in paragraph 148 are conclusions of law to which no response is required, and purport to characterize Florida's CWA Section 404 program and "[s]tate law," which speak for themselves and are the best evidence of their contents.  Any allegations contrary to their plain language, meaning, or context are denied.

149.     The allegations in paragraph 149 are conclusions of law to which no response is required, and purport to characterize "federal law" and Florida state law, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to their plain language, meaning, or context are denied.

150.     The allegations in the first sentence of paragraph 150 are conclusions of law to which no response is required, and purport to characterize without citation or attribution "[s]tate law," which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language, meaning, or context are denied.  The allegations in the second sentence of paragraph 150 are conclusions of law to which no response is required, and purport to characterize "federal law," *Am. Clinical Lab Ass'n v. Azar*, and "Florida law," which speak for themselves and are the best evidence of their contents.  Any allegations contrary to their plain language, meaning, or context are denied.

151.     The allegations in paragraph 151 are conclusions of law to which no response is required, and purport to characterize "state law" and the CWA, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.

152.     The allegations in paragraph 152 are conclusions of law to which no response is required, and purport to 40 C.F.R. § 233.20, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

153.     The allegations in paragraph 153 are conclusions of law to which no response is required, and purport to characterize Florida's CWA Section 404 program, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

154.     The allegations in paragraph 154 are conclusions of law to which no response is required, and purport to characterize Florida's CWA Section 404 program and 40 C.F.R. §§ 233.15 and 230.10, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.

155.     The allegations in paragraph 155 are conclusions of law, to which no response is required, and purport to characterize Florida's CWA Section 404 program, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

156.     The allegations in paragraph 156 purport to characterize Florida's application to assume administration of the state's CWA Section 404 program, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

157.     The allegations in paragraph 157 purport to characterize Florida's application to assume administration of the state's CWA Section 404 program, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

158.     The allegations in paragraph 158 are conclusions of law to which no response is required, and purport to characterize Florida's application to assume administration of the state's CWA Section 404 program, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

159.     The allegations in paragraph 159 are conclusions of law to which no response is required, and purport to characterize Florida's application to assume administration of the state's CWA Section 404 program, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

160.     The allegations in paragraph 160 are conclusions of law to which no response is required, and purport to characterize EPA's approval of Florida's application to assume administration of the state's CWA Section 404 program, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language, meaning, or context are denied.

161.     The allegations in paragraph 161 are conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

**THIRD CLAIM FOR RELIEF**

162.     Federal Defendants incorporate by reference each and every response to the allegations in the paragraphs numbered 1 through 162 above.

163.     The allegations in paragraph 163 are conclusions of law to which no response is required, and purport to characterize the ESA, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language, meaning, or context are denied.

164.     The allegations in the first sentence of paragraph 164 purport to characterize FWS's BiOp and EPA's biological evaluation, which speak for themselves and are the best

evidence of their contents.  Any allegations contrary to their plain language, meaning, or context are denied.  The allegations in the second sentence of paragraph 164 are conclusions of law to which no response is required, and purport to characterize the ESA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.  The allegations in the third sentence of paragraph 164 are conclusions of law to which no response is required, and purport to characterize 50 C.F.R. § 402.14, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language, meaning, or context are denied.

165.    The allegations in the first sentence of paragraph 165 are conclusions of law to which no response is required, and purport to characterize 50 C.F.R. § 402.14, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language, meaning, or context are denied.  The allegations in the second sentence of paragraph 165 purport to characterize FWS's BiOp, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language, meaning, or context are denied.

166.    The allegations in paragraph 166 purport to characterize FWS's BiOp, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language, meaning, or context are denied.

167.    The allegations in paragraph 167 purport to characterize FWS's BiOp and EPA's biological evaluation, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.

168.    The allegations in paragraph 168 purport to characterize EPA's biological evaluation, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language, meaning, or context are denied.

169.    The allegations in paragraph 169 purport to characterize EPA's biological evaluation, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language, meaning, or context are denied.

170.    The allegations in paragraph 170 purport to characterize FWS's BiOp, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language, meaning, or context are denied.

171.    The allegations in paragraph 171 purport to characterize FWS's BiOp, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language, meaning, or context are denied.

172.    The allegations in the first sentence of paragraph 172 purport to characterize EPA's biological evaluation, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied. The allegations in the second sentence of paragraph 172 purport to characterize FWS's BiOp, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language, meaning, or context are denied.

173.    The allegations in paragraph 173 purport to characterize FWS's BiOp, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language, meaning, or context are denied.

174.    The allegations in paragraph 174 purport to characterize EPA's biological evaluation, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language, meaning, or context are denied.

175.    The allegations in paragraph 175 are conclusions of law to which no response is required, and purport to characterize FWS's BiOp, which speaks for itself and is the best

evidence of its contents.  Any allegations contrary to its plain language, meaning, or context are denied.

176.    The allegations in paragraph 176 are conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

177.    The allegations in the first sentence of paragraph 177 are conclusions of law to which no response is required, and purport to characterize FWS's BiOp, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.  The allegations in the second sentence of paragraph 177 are conclusions of law to which no response is required, and purport to characterize the MOU, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

178.    The allegations in paragraph 178 are conclusions of law to which no response is required, and purport to characterize FWS's BiOp, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

179.    The allegations in paragraph 179 are conclusions of law to which no response is required, and purport to characterize FWS's BiOp, the ESA, and the APA, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.

## FOURTH CLAIM FOR RELIEF

180.    Federal Defendants incorporate by reference each and every response to the allegations in the paragraphs numbered 1 through 179 above.

181.    The allegations in paragraph 181 are conclusions of law to which no response is required, and purport to characterize the ESA, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language, meaning, or context are denied.

182.    The allegations in paragraph 182 are conclusions of law to which no response is required, and purport to characterize the ESA, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language, meaning, or context are denied.

183.    The allegations in paragraph 183 are conclusions of law to which no response is required and purport to characterize the ESA, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language, meaning, or context are denied.

184.    The allegations in paragraph 184 are conclusions of law to which no response is required and purport to characterize the ESA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

185.    The allegations in paragraph 185 are conclusions of law to which no response is required, and purport to characterize the ESA and 50 C.F.R. 402.14, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.

186.    The allegations in paragraph 186 are conclusions of law to which no response is required, and purport to characterize 50 C.F.R. § 402.14, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

187.    The allegations in paragraph 187 are conclusions of law to which no response is required and purport to characterize FWS's BiOp, which speaks for itself and is the best

evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

188.    The allegations in paragraph 188 are conclusions of law to which no response is required, and purport to characterize FWS's BiOp, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

189.    The allegations in the first and second sentence of paragraph 189 purport to characterize FWS's BiOp and the incidental take statement, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.  The allegations in the third sentence of paragraph 189 are conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

190.    The allegations in paragraph 190 consist of Plaintiffs' characterization of their lawsuit and are conclusions of law to which no response is required, and purport to characterize the incidental take statement, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

191.    The allegations in paragraph 191 are conclusions of law to which no response is required and purport to characterize the ESA's implementing regulations, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to their plain language, meaning, or context are denied.

192.    The allegations in the first sentence of paragraph 192 are conclusions of law to which no response is required, and purport to characterize FWS's BiOp and the incidental take statement, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.  The allegations in

the second sentence of paragraph 192 are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

193.     The allegations in paragraph 193 purport to characterize FWS's BiOp and the incidental take statement, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.

194.     The allegations in paragraph 194 are conclusions of law to which no response is required, and purport to characterize the incidental take statement, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

195.     The allegations in paragraph 195 are conclusions of law to which no response is required, and purport to characterize the incidental take statement, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

196.     The allegations in the first sentence of paragraph 196 are conclusions of law to which no response is required, and purport to characterize the incidental take statement, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.  The allegations in the second sentence of paragraph 196 are conclusions of law to which no response is required, and purport to characterize FWS's BiOp and the MOU, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.  The allegations in the third sentence of paragraph 196 are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

197.     Federal Defendants deny the allegations in paragraph 197.

198.    The allegations in paragraph 198 purport to characterize the incidental take statement, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

199.    The allegations in the first and third sentences of paragraph 199 are conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.  The allegations in the second sentence of paragraph 198 are conclusions of law to which no response is required, and purport to characterize the ESA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

200.    The allegations in paragraph 200 are conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

201.    The allegations in paragraph 201 are conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

**FIFTH CLAIM FOR RELIEF**

202.    Federal Defendants incorporate by reference each and every response to the allegations in the paragraphs numbered 1 through 201 above.

203.    The allegations in paragraph 203 are conclusions of law to which no response is required, and purport to characterize NMFS's April 15, 2020 determination, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language, meaning, or context are denied.

204.    Federal Defendants deny the allegation in paragraph 204 that EPA's determination was made on August 28, 2020 and aver that EPA's determination was issued on August 27, 2020.  The remaining allegations in paragraph 204 are conclusions of law to which

no response is required, and purport to characterize EPA's August 27, 2020 determination, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language, meaning, or context are denied.

205.    Federal Defendants admit the allegations in paragraph 205.

206.    The allegations in paragraph 206 purport to characterize EPA's biological evaluation, which speaks for itself and is the best evidence of its contents. Amy allegations contrary to its plain language, meaning, or context are denied.

207.    The allegations in paragraph 207 purport to characterize EPA's September 2, 2020 letter to NMFS, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

208.    Federal Defendants deny the allegation in paragraph 208 that NMFS sent a letter to EPA on September 3, 2020 and aver that NMFS sent an email to EPA on September 3, 2020. The remaining allegations in paragraph 208 purport to characterize NMFS's September 3, 2020 email to EPA, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language, meaning or context are denied.

209.    Federal Defendants deny the allegations in paragraph 209 that NMFS sent an email to EPA on October 30, 2020 and aver that NMFS sent a letter to EPA on October 30, 2020. The remaining allegations in paragraph 209 purport to characterize NMFS's October 30, 2020 letter to EPA, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language, meaning, or context are denied.

210.    The allegations in paragraph 210 regarding "these determinations" are vague and ambiguous and purport to characterize documents that speak for themselves and are the best

evidence of their contents.  Any allegations contrary to their plain language, meaning, or context are denied.

211.    The allegations in paragraph 211 are conclusions of law to which no response is required, and purport to characterize the CWA, APA, and 40 C.F.R. §§ 230.10, 233.11, and 233.23, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to their plain language, meaning, or context are denied.

212.    The allegations in paragraph 212 are conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

### SIXTH CLAIM FOR RELIEF

213.    Federal Defendants incorporate by reference each and every response to the allegations in the paragraphs numbered 1 through 212 above.

214.    The allegations in paragraph 214 are conclusions of law to which no response is required and purport to characterize FWS's BiOp, the incidental take statement, and the MOU, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to their plain language, meaning, or context are denied.

215.     The allegations in paragraph 215 are conclusions of law to which no response is required and purport to characterize FWS's BiOp, the incidental take statement, and the MOU, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to their plain language, meaning, or context are denied.

216.    The allegations in paragraph 216 are conclusions of law to which no response is required, and purport to characterize the ESA, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language, meaning, or context are denied.

217.    The allegations in the first sentence of paragraph 217 are conclusions of law to which no response is required and purport to characterize FWS's BiOp and the incidental take statement, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to their plain language, meaning, or context are denied.  The allegations in the second sentence of paragraph 217 are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

218.    The allegations in paragraph 218 are conclusions of law to which no response is required, and purport to characterize the ESA, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language, meaning, or context are denied.

219.    The allegations in paragraph 219 are conclusions of law to which no response is required, and purport to characterize FWS's BiOp and the incidental take statement, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to their plain language, meaning, or context are denied.

220.    The allegations in paragraph 220 are conclusions of law to which no response is required and purport to characterize FWS's BiOp and the incidental take statement, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to their plain language, meaning, or context are denied.

221.    The allegations in paragraph 221 are conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

## SEVENTH CLAIM FOR RELIEF

222.    Federal Defendants incorporate by reference each and every response to the allegations in the paragraphs numbered 1 through 221 above.

223.    The allegations in paragraph 223 are conclusions of law to which no response is required, and purport to characterize 33 C.F.R. §§ 329.14 and 329.16, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.

224.    Federal Defendants deny the allegations in paragraph 224.

225.    Federal Defendants deny the allegations in paragraph 225.

226.    The allegations in paragraph 226 are conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

227.    The allegations in paragraph 227 are conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

**EIGHTH CLAIM FOR RELIEF**

228.    Federal Defendants incorporate by reference each and every response to the allegations in the paragraphs numbered 1 through 227 above.

229.    The allegations in paragraph 229 are conclusions of law to which no response is required, and purport to characterize the APA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

230.    The allegations in paragraph 230 are conclusions of law to which no response is required, and purport to characterize the APA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

231.    Federal Defendants admit the allegations in paragraph 231.

232.    The allegations in the first sentence of paragraph 232 are conclusions of law to which no response is required, and purport to characterize 85 Fed. Reg. 57,853 (Sept. 16, 2020), which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its

plain language, meaning, or context are denied.  Federal Defendants admit the allegations in the second sentence of paragraph 232 that EPA has not yet codified its approval of Florida's 404 program, but the remaining allegations in the second sentence of paragraph 232 are conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

233.    The allegations in paragraph 233 are conclusions of law to which no response is required, and purport to characterize EPA's approval of Florida's 404 program, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language, meaning, or context are denied.

234.    The allegations in paragraph 234 are conclusions of law to which no response is required, and purport to characterize EPA's approval of Florida's 404 program, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language, meaning, or context are denied.

235.    The allegations in paragraph 235 are conclusions of law to which no response is required, and purport to characterize EPA's approval of Florida's 404 program, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language, meaning, or context are denied.

236.    The allegations in the first sentence of paragraph 236 purport to characterize the Federal Register notice, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language, meaning, or context are denied.  The allegations in the second sentence of paragraph 236 are conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

237.    The allegations in paragraph 237 are conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

238.    The allegations in paragraph 238 are conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

239.    The allegations in paragraph 239 are conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

**NINTH CLAIM FOR RELIEF**

240.    Federal Defendants incorporate by reference each and every response to the allegations in the paragraphs numbered 1 through 239 above.

241.    The allegations in paragraph 241 are conclusions of law to which no response is required, and purport to characterize 44 U.S.C. § 1510, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language, meaning, or context are denied.

242.    The allegations in paragraph 242 are conclusions of law to which no response is required, and purport to characterize EPA's approval of Florida's Section 404 program, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language, meaning, or context are denied.

243.    The allegations in paragraph 243 are conclusions of law to which no response is required, and purport to characterize 1 C.F.R. § 21.1, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language, meaning, or context are denied.

244.    The allegations in paragraph 244 purport to characterize 85 Fed. Reg. 83,553 (Dec. 22, 2020), which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language, meaning, or context are denied.

245.    The allegations in paragraph 245 purport to characterize 85 Fed. Reg. 83,553 (Dec. 22, 2020), which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language, meaning, or context are denied.

246.    The allegations in paragraph 246 purport to characterize 40 C.F.R. § 233.70, 49 Fed. Reg. 38,947-01, 40 C.F.R. § 233.71, and 59 Fed. Reg. 9,933-01, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to their plain language, meaning, or context are denied.

247.    The allegations in paragraph 247 are conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

248.    The allegations in paragraph 248 are conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

**TENTH CLAIM FOR RELIEF**

249.    Federal Defendants incorporate by reference each and every response to the allegations in the paragraphs numbered 1 through 248 above.

250.    The allegations in paragraph 250 are conclusions of law to which no response is required, and purport to characterize the ESA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

251.    The allegations in paragraph 251 are conclusions of law to which no response is required, and purport to characterize FWS's BiOp, which speaks for itself and is the best

evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

252.    The allegations in paragraph 252 are conclusions of law to which no response is required, and purport to characterize the ESA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

253.    The allegations in paragraph 253 are conclusions of law to which no response is required, and purport to characterize 50 C.F.R. 402.14, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning or context are denied.

254.    The allegations in the first sentence of paragraph 254 are conclusions of law to which no response is required, and purport to characterize 50 C.F.R. § 402.14, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.  The allegations in the second sentence of paragraph 254 purport to characterize FWS's BiOp, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

255.    The allegations in paragraph 255 purport to characterize FWS's BiOp, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

256.    Federal Defendants admit the allegation in paragraph 256 that Florida sent its final biological assessment to EPA on July 24, 2020.  The remaining allegations in paragraph 256 purport to characterize the final biological assessment, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

257.    Federal Defendants admit the allegation in the first sentence of paragraph 257 that EPA submitted a biological evaluation to FWS on September 2, 2020.  The remaining allegations in paragraph 257 purport to characterize EPA's biological evaluation, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

258.    Federal Defendants admit the allegations in the first sentence of paragraph 258. The allegations in the second sentence of paragraph 258 purport to characterize FWS's BiOp, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

259.    The allegations in paragraph 259 purport to characterize EPA's biological evaluation, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

260.    The allegations in paragraph 260 purport to characterize EPA's biological evaluation, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

261.    The allegations in paragraph 261 are conclusions of law to which no response is required, and purport to characterize FWS's BiOp, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

262.    The allegations in paragraph 262 are conclusions of law to which no response is required, and purport to characterize FWS's BiOp, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

263.     The allegations in paragraph 263 are conclusions of law to which no response is required, and purport to characterize FWS's BiOp, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

264.     The allegations in paragraph 264 are conclusions of law to which no response is required, and purport to characterize FWS's BiOp, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

265.     The allegations in paragraph 265 are conclusions of law to which no response is required, and purport to characterize FWS's BiOp, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

266.     The allegations in the first sentence of paragraph 266 are conclusions of law to which no response is required and purport to characterize FWS's BiOp, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language, meaning, or context are denied.  The allegations in the second sentence of paragraph 266 are conclusions of law to which no response is required, and purport to characterize the MOU, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

267.     The allegations in paragraph 267 purport to characterize FWS's BiOp, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language, meaning, or context are denied.

268.    The allegations in paragraph 268 are conclusions of law to which no response is required, and purport to characterize FWS's BiOp, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

269.    The allegations in paragraph 269 are conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

270.    The allegations in paragraph 270 are conclusions of law to which no response is required and purport to characterize FWS's BiOp, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language, meaning, or context are denied.

271.    The allegations in paragraph 271 purport to characterize the incidental take statement, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language, meaning, or context are denied.

272.    The allegations in paragraph 272 are conclusions of law to which no response is required, and purport to characterize FWS's BiOp and the incidental take statement, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to their plain language, meaning, or context are denied.

273.    The allegations in paragraph 273 are conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

**ELEVENTH CLAIM FOR RELIEF**

274.    Federal Defendants incorporate by reference each and every response to the allegations in the paragraphs numbered 1 through 273 above

275.     The allegations in paragraph 275 are conclusions of law to which no response is required, and purport to characterize the ESA and 50 C.F.R. §§ 402.13 and 402.14, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.

276.     The allegations in the first and second sentences of paragraph 276 purport to characterize 51 Fed. Reg. 19,926, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.  The allegations in the third sentence of paragraph 276 are conclusions of law to which no response is required, and purport to characterize 50 C.F.R. § 402.14, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

277.     The allegations in paragraph 277 purport to characterize 50 C.F.R. § 402.02, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

278.     The allegations in paragraph 278 are conclusions of law to which no response is required, and purport to characterize NMFS's April 15, 2020 letter, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

279.     Federal Defendants deny the allegation in paragraph 279 that EPA's determination was made on August 28, 2020 and aver that EPA's determination was issued on August 27, 2020.  The remaining allegations in paragraph 279 are conclusions of law to which no response is required, and purport to characterize EPA's August 27, 2020 determination, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language, meaning, or context are denied.

280.     Federal Defendants admit the allegation in the first sentence of paragraph 280.
The allegations in the second sentence of paragraph 280 purport to characterize EPA's biological
evaluation, which speaks for itself and is the best evidence of its contents. Any allegations
contrary to its plain language, meaning, or context are denied.

281.     The allegations in paragraph 281 purport to characterize EPA's September 2,
2020 letter to NMFS, which speaks for itself and is the best evidence of its contents. Any
allegations contrary to its plain language, meaning, or context are denied.

282.     Federal Defendants deny the allegation in paragraph 282 that NMFS sent a letter
to EPA on September 3, 2020 and aver that NMFS sent an email to EPA on September 3, 2020.
The remaining allegations in paragraph 282 purport to characterize NMFS's September 3, 2020
email, which speaks for itself and is the best evidence of its contents. Any allegations contrary to
its plain language, meaning, or context are denied.

283.     Federal Defendants deny the allegation in paragraph 283 that NMFS sent an email
to EPA on October 30, 2020 and aver that NMFS sent a letter to EPA on October 30, 2020.  The
remaining allegations in paragraph 283 purport to characterize NMFS's October 30, 2020 email,
which speaks for itself and is the best evidence of its contents. Any allegations contrary to its
plain language, meaning, or context are denied.

284.     The allegations in paragraph 284 regarding "these determinations" are vague and
ambiguous and purport to characterize documents that speak for themselves and are the best
evidence of their contents.  Any allegations contrary to their plain language, meaning, or context
are denied.

285.     The allegations in paragraph 285 are conclusions of law to which no response is
required.  To the extent a response is required, the allegations are denied. Federal Defendants

further aver that, at this time, EPA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 285 that EPA's approval of Florida's assumption application may directly or indirectly affect species under NMFS's jurisdiction, and deny the allegations on that basis.

286.    The allegations in paragraph 286 are conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

287.    The allegations in paragraph 287 are conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

## TWELFTH CLAIM FOR RELIEF

288.    Federal Defendants incorporate by reference each and every response to the allegations in the paragraphs numbered 1 through 287 above

289.    The allegations in paragraph 289 are conclusions of law to which no response is required, and purport to characterize the ESA, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain language, meaning, or context are denied.

290.    The allegations in paragraph 290 are conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.  Federal Defendants further aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 290, and deny them on that basis.

291.    The allegations in paragraph 291 are conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

292.    The allegations in paragraph 292 purport to characterize EPA's biological evaluation and FWS's BiOp, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.

293.    The allegations in paragraph 293 are conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

294.    The allegations in paragraph 294 are conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

## THIRTEENTH CLAIM FOR RELIEF

295.    Federal Defendants incorporate by reference each and every response to the allegations in the paragraphs numbered 1 through 294 above

296.    The allegations in paragraph 296 consist of Plaintiffs' characterization of their lawsuit and are conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

297.    The allegations in paragraph 297 are conclusions of law to which no response is required and purport to characterize FWS's BiOp, incidental take statement, and the MOU, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.

298.    The allegations in paragraph 298 are conclusions of law to which no response is required and purport to character

299.    The allegations in paragraph 299 are conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

300.    The allegations in paragraph 300 are conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

## RESPONSE TO PRAYER FOR RELIEF

The remainder of the Amended Complaint consists of Plaintiffs' Prayer for Relief, to which no response is required. To the extent a response is required, Federal Defendants deny that

Plaintiffs are entitled to any of the relief requested in Prayer for Relief, including subparagraphs (a)-(s), or to any relief whatsoever.

## GENERAL DENIAL

Defendants deny each and every allegation of the Amended Complaint not otherwise expressly admitted, qualified or denied herein.

## AFFIRMATIVE DEFENSES

1.    The Amended Complaint fails to state a claim upon which relief can be granted.

2.    Plaintiffs lack standing as to some or all of their claims.

3.    Defendants reserve their right to assert additional affirmative defenses during the course of this litigation.

Respectfully submitted,

Dated: May 19, 2022

/s/ Andrew S. Coghlan
ANDREW S. COGHLAN (CA Bar 313332)
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044-7611
Tel: (202) 514-2191
Fax: (202) 514-8865
Email: andrew.coghlan@usdoj.gov

/s/ Alison C. Finnegan
ALISON C. FINNEGAN (PA Bar 88519)
Wildlife & Marine Resources Section
P.O. Box 7611
Washington, DC 20044-7611
Tel: 202-305-0500
Email: alison.c.finnegan@usdoj.gov

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 19, 2022, a true and correct copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system, which will send notification of this filing to the attorneys of record.

/s/ Alison C. Finnegan