**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

CENTER FOR BIOLOGICAL DIVERSITY, ET AL.

          Plaintiffs,

    v.

U.S. ENVIRONMENTAL PROTECTION AGENCY, ET AL.

          Defendants.

CASE NO. 1:21-cv-0119 (RDM)

**STATE OF FLORIDA AND FLORIDA DEPARTMENT OF ENVIRONMENTAL
PROTECTION'S ANSWER TO PLAINTIFFS' AMENDED COMPLAINT**

The State of Florida and the Florida Department of Environmental Protection ("FDEP") (collectively, "Florida Intervenors"), by and through their undersigned counsel, answer the Amended Complaint (ECF 77) as follows:

1. The allegations in the first and second sentences of paragraph 1 consist of Plaintiffs' characterization of their lawsuit, to which no response is required. To the extent a response is required, the allegations are denied. Florida Intervenors admit the allegations in the third sentence of paragraph 1 that there was a press conference in Washington, D.C., on December 17, 2020 at which former EPA Administrator Andrew Wheeler announced EPA's approval of Florida's application to assume jurisdiction over Florida's program under Section 404 of the Clean Water Act. The remaining allegations in the third sentence of paragraph 1 purport to characterize former Administrator Wheeler's statements, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied. The complaint fails to identify that, on December 17, 2020, EPA issued a written notice determining

that Florida "has the necessary authority to operate a CWA Section 404 program in accordance with the requirements found in CWA Section 404(g-l) and EPA's implementing regulations," and approving Florida's assumption of the Section 404 program. Florida Intervenors admit the allegations in the fourth sentence of paragraph 1 that EPA's decision to approve Florida's application to assume jurisdiction over Florida's program under Section 404 of the Clean Water Act was published in the Federal Register on December 22, 2020. The remaining allegations in the fourth sentence of paragraph 1 are conclusions of law, to which no response is required, and purport to characterize the December 22, 2020 Federal Register notice, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied. The allegations in the fifth and seventh sentences of paragraph 1 are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied. The allegations in the sixth sentence of paragraph 1 are denied on the grounds that they are vague and ambiguous.

2.      Florida Intervenors deny the allegations in paragraph 2.

3.      The allegations in the first sentence of paragraph 3 consist of Plaintiff's characterization of their lawsuit, to which no response is required. To the extent a response is required, the allegations are denied.  The allegations in the second sentence of paragraph 3 purport to characterize former Administrator Wheeler's statements, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to their plain language, meaning, or context are denied. The allegations in the third sentence of paragraph 3 are conclusions of law, to which no response is required. To the extent a response is required, the allegations are denied.

4.      The allegations in first sentence of paragraph 4 purport to characterize the Clean Water Act ("CWA"), which speaks for itself and is the best evidence of its contents. Any

allegations contrary to its plain language, meaning, or context are denied. The allegations in the second sentence of paragraph 4 are conclusions of law to which no response is required, and purport to characterize the CWA's legislative history, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

5.     The allegations in paragraph 5 are conclusions of law to which no response is required, and purport to characterize the CWA and 40 C.F.R. § 230.1, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.

6.     The allegations in paragraph 6 are conclusions of law to which no response is required, and characterize the CWA and its implementing regulations, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.

7.     The allegations in paragraph 7 purport to characterize the Endangered Species Act ("ESA"), which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

8.     The allegations in paragraph 8 are conclusions of law to which no response is required, and purport to characterize the ESA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

9.     The allegations in paragraph 9 purport to characterize the CWA and its implementing regulations, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.

10.     The allegations in paragraph 10 are conclusions of law to which no response is required, and purport to characterize the CWA and its implementing regulations, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.

11.     The allegations in paragraph 11 are conclusions of law to which no response is required, and purport to characterize the ESA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

12.     The allegations in paragraph 12 are conclusions of law to which no response is required, and purport to characterize the ESA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

13.     The allegations in paragraph 13 are conclusions of law to which no response is required, and purport to characterize the CWA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

14.     The allegations in paragraph 14 are conclusions of law to which no response is required, and purport to characterize 40 C.F.R. § 233.15(h), which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

15.     The allegations in paragraph 15 are conclusions of law to which no response is required, and purport to characterize the Administrative Procedure Act ("APA"), which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

16.     Florida Intervenors deny the allegations in first sentence of paragraph 16 and aver that that the U.S. Environmental Protection Agency ("EPA") has approved three state Section 404

assumption programs. Florida Intervenors admit that EPA approved the Michigan and New Jersey programs in 1984 and 1994, respectively, as shown in 49 Fed. Reg. 38,947 (Oct. 2, 1984) (publishing approval of Michigan's program "effective immediately") and 59 Fed. Reg. 9,933 (publishing approval of New Jersey's program "effective immediately").

17.     Florida Intervenors admit that the State of Florida has previously expressed interest in obtaining assumption of the CWA Section 404 Program for certain waters located within the boundaries of the State of Florida, as has been done for other states and in a manner consistent with the "policy of Congress that the States … implement the [section 404] permit program[]…" 33 U.S.C. 1251(b). All other characterizations in Paragraph 17 are denied.

18.     Florida Intervenors lack knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 18, and deny them on that basis.

19.     Florida Intervenors admit the allegation in the first sentence of paragraph 19 that Florida applied to the EPA on August 20, 2020, proposing to assume administration of the CWA Section 404 program in Florida. The remaining allegations of paragraph 19 are conclusions of law to which no response is required, and purport to characterize Florida's application, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied. Funding for Florida's Section 404 program is described in Florida's application (e.g., Section (d) of the application contains a "Description of the Funding and Person-Power Which Will Be Available for Program Administration").

20.     Florida Intervenors admit the allegations in paragraph 20 that, on August 28, 2020, EPA determined that Florida's application was complete as of the date it was submitted. The remaining allegations in paragraph 20 are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

21.    The allegations in paragraph 21 are conclusions of law to which no response is required, and purport to characterize the CWA and 40 C.F.R. § 233.15, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.

22.    The allegations in paragraph 22 purport to characterize, without citation or attribution, documents that speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.

23.    Florida Intervenors deny the allegations in paragraph 23.

24.    Florida Intervenors admit the allegations in paragraph 24.

25.    Florida Intervenors admit the allegations in the first sentence of paragraph 25 that EPA sent a letter to the National Marine Fisheries Service ("NMFS") on September 2, 2020. Any allegations contrary to its plain language, meaning, or context are denied. Florida Intervenors admit the allegation in the second sentence of paragraph 25 that NMFS sent a letter to Florida dated April 15, 2020. The remaining allegations in the second sentence of paragraph 25 purport to characterize NMFS's April 15, 2020 letter, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied. The allegations in the third sentence of paragraph 25 are denied.

26.    The allegations in paragraph 26 purport to characterize EPA's biological evaluation, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

27.    Florida Intervenors admit the allegations in the first sentence of paragraph 27. The allegations in the second sentence of paragraph 27 purport to characterize 85 Fed. Reg. 57,853 (Sept. 16, 2020), which speaks for itself and is the best evidence of its contents. Any allegations

contrary to its plain language, meaning, or context are denied. The allegations in the third sentence

of paragraph 27 are conclusions of law and purport to characterize 40 C.F.R. §§ 233.70 and 233.71,

which speak for themselves and are the best evidence of their contents. Any allegations contrary

to their plain language, meaning, or context are denied.

28.     The allegations in the first sentence of paragraph 28 purport to characterize

Plaintiffs' counsel's statements at the October 21, 2020 public hearing on Florida's submission,

which speak for themselves and are the best evidence of their contents. The allegations in the

second sentence of paragraph 28 purport to characterize Plaintiffs' counsel's October 23, 2020

letter, which speaks for itself and is the best evidence of its contents.

29.     Florida Intervenors admit the allegation in paragraph 29 that EPA did not reverse

its completeness determination and that the public comment period closed on November 2, 2020.

The remaining allegations in paragraph 29 are conclusions of law to which no response is required.

To the extent a response is required, the allegations are denied.

30.     Florida Intervenors admit the allegation in paragraph 30 that Plaintiffs and members

of the public submitted comments regarding EPA's approval of Florida's application. The

remaining allegations in paragraph 30 purport to characterize those comments, which speak for

themselves and are the best evidence of their contents. Any allegations contrary to their plain

language, meaning, or context are denied.

31.     Florida Intervenors admit the allegations in the first sentence of paragraph 31. The

allegations in the second sentence of paragraph 31 purport to characterize the U.S. Fish and

Wildlife Service's ("FWS") November 17, 2020 Biological Opinion on EPA's Approval of

FDEP's Assumption of the Administration of the Dredge and Fill Permitting Program under

Section 404 of the Clean Water Act ("BiOp") and the memorandum of understanding between

Florida and FWS ("MOU"), which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.

32.    Florida Intervenors admit the allegations in paragraph 32 concerning announcement of program approval. Plaintiffs omit that written notice of approval of Florida's program – the legally operative act – was issued by the Regional Administrator on December 17, 2020.

33.    Florida Intervenors admit the allegations in paragraph 33 that there was a press conference in Washington, D.C., on December 17, 2020 at which former EPA Administrator Andrew Wheeler announced EPA's approval of Florida's application to assume jurisdiction over Florida's program under Section 404 of the Clean Water Act. The remaining allegations in paragraph 33 purport to characterize former Administrator Wheeler's statements, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied. The complaint fails to identify that, on December 17, 2020, EPA issued a legally-operative notice determining that Florida "has the necessary authority to operate a CWA Section 404 program in accordance with the requirements found in CWA Section 404(g-l) and EPA's implementing regulations," and therefore approved Florida's assumption of the Section 404 program.

34.    Florida Intervenors admit the allegations in paragraph 34 that EPA's approval notice was published in the Federal Register on December 22, 2020. The remaining allegations in paragraph 34 purport to characterize the December 22, 2020 Federal Register notice, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

35.    Florida Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35, and deny them on that basis.

36.    Florida Intervenors admit the allegations in paragraph 36 that then-EPA Acting General Counsel Fotouhi sent a letter to Justin Wolfe, General Counsel for FDEP on December 28, 2020. The remaining allegations in paragraph 36 purport to characterize Mr. Fotouhi's December 28, 2020 letter, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

37.    The allegations in paragraph 37 are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

38.    The allegations in paragraph 38 are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

39.    Florida Intervenors admit the allegations in paragraph 39 that Defendants are agencies of the United States and officers and employees of the United States acting in their official capacities. Florida Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39 regarding the principal place of business and residence of Plaintiff Defenders of Wildlife, and deny them on that basis. The remaining allegations in paragraph 39 are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

40.    Florida Intervenors lack knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 40, and deny them on that basis.

41.    Florida Intervenors lack knowledge or information sufficient to form a belief as to the truth of allegations in the first, second, third, and fourth sentences of paragraph 41, and deny

them on that basis. The allegations in the fifth sentence of paragraph 41 are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

42.     Florida Intervenors lack knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 42, and deny them on that basis.

43.     Florida Intervenors lack knowledge or information sufficient to form a belief as to the truth of allegations in the first, second, third, and fourth sentences in paragraph 43, and deny them on that basis. The allegations in the fifth sentence of paragraph 43 are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

44.     Florida Intervenors lack knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 44, and deny them on that basis.

45.     Florida Intervenors lack knowledge or information sufficient to form a belief as to the truth of allegations in the first and second sentences in paragraph 45, and deny them on that basis. The allegations in the third sentence of paragraph 45 are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

46.     Florida Intervenors lack knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 46, and deny them on that basis.

47.     Florida Intervenors lack knowledge or information sufficient to form a belief as to the truth of allegations in the first, second, and third sentences in paragraph 47, and deny them on that basis. The allegations in the fourth sentence of paragraph 47 are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

48.     Florida Intervenors lack knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 48, and deny them on that basis.

49.     Florida Intervenors lack knowledge or information sufficient to form a belief as to the truth of allegations in the first, second, and third sentences in paragraph 49, and deny them on that basis. The allegations in the fourth sentence of paragraph 49 are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

50.     Florida Intervenors lack knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 50, and deny them on that basis.

51.     Florida Intervenors lack knowledge or information sufficient to form a belief as to the truth of allegations in the first, second, and third sentences in paragraph 51, and deny them on that basis. The allegations in the fourth sentence of paragraph 51 are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

52.     Florida Intervenors admit that the St. Johns River is Florida's longest river (in terms of length within the boundaries of the State of Florida) and that it is significant for commercial and recreational use, but lack knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 52, and deny them on that basis.

53.     Florida Intervenors lack knowledge or information sufficient to form a belief as to the truth of allegations in the first, second, and third sentences in paragraph 53, and deny them on that basis. The allegations in the fourth sentence of paragraph 53 are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

54.     Florida Intervenors admit the allegations in the first sentence of paragraph 54 that Plaintiffs and their members participated in EPA's rulemaking process on Florida's application to assume the Section 404 program, but lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 54, and deny them on that basis.

55.     The allegations in paragraph 55 are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

56.     The allegations in paragraph 56 are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

57.     Florida Intervenors admit the allegations in paragraph 57 concerning EPA's existence as an independent executive branch agency of the federal government and that EPA approved Florida's application to assume administration of the Section 404 program. As stated in the Clean Water Act, "It is the policy of the Congress to recognize, preserve, and protect the primary responsibilities and rights of States to prevent, reduce, and eliminate pollution, to plan the development and use (including restoration, preservation, and enhancement) of land and water resources…" 33 U.S.C. 1251(b).

58.     Florida Intervenors admit the allegations in the first sentence of paragraph 58 that Michael Regan is the Administrator of the EPA. Florida Intervenors further aver that the EPA Administrator has delegated authority to approve state 404 programs to the Regional Administrator. The allegations in the second sentence of paragraph 58 are conclusions of law and consist of Plaintiffs' characterization of their lawsuit, to which no response is required. To the extent a response is required, the allegations are denied.

59.     Florida Intervenors admit the allegations in the first sentence of paragraph 59 that Radhika Fox is the Assistant Administrator for EPA's Office of Water. Florida Intervenors further aver that the EPA Administrator has delegated authority to approve state 404 programs to the Regional Administrator. The allegations in the second sentence of paragraph 59 are conclusions of law and consist of Plaintiffs' characterization of their lawsuit, to which no response is required. To the extent a response is required, the allegations are denied.

60.     Florida Intervenors admit the allegations in the first sentence of paragraph 60 that Jeffrey Prieto is the General Counsel for EPA. Florida Intervenors further aver that the EPA Administrator has delegated authority to approve state 404 programs to the Regional Administrator. The allegations in the second sentence of paragraph 60 conclusions of law and consist of Plaintiffs' characterization of their lawsuit, to which no response is required. To the extent a response is required, the allegations are denied.

61.     Florida Intervenors admit the allegations in the first sentence of paragraph 61 that Lawrence Starfield is the Acting Assistant Administrator for EPA's Office of Enforcement and Compliance Assurance. Florida Intervenors further aver that the EPA Administrator has delegated authority to approve state 404 programs to the Regional Administrator. The allegations in the second sentence of paragraph 61 are conclusions of law and consist of Plaintiffs' characterization of their lawsuit, to which no response is required. To the extent a response is required, the allegations are denied.

62.     Florida Intervenors admit the allegations in the first sentence of paragraph 62. The allegations in the second sentence of paragraph 62 are conclusions of law and consist of Plaintiffs' characterization of their lawsuit, to which no response is required. To the extent a response is required, the allegations are denied.

63.     The allegations in paragraph 63 consist of Plaintiff's description of the Defendants in this action, to which no response is required. To the extent a response is required, the allegations are denied.

64.     Florida Intervenors admit the allegations in paragraph 64, except with regard to the phrase "underlies the EPA's challenged action," which is vague and ambiguous.

65. Florida Intervenors deny the allegations in the first sentence of paragraph 65 and aver that Martha Williams is the Director of FWS. The allegations in the second sentence of paragraph 65 are conclusions of law and consist of Plaintiffs' characterization of their lawsuit, to which no response is required. To the extent a response is required, the allegations are denied.

66. Florida Intervenors admit the allegations in the first sentence of paragraph 66 that Leopoldo Miranda-Castro is the Regional Director of FWS, but deny the remaining allegations in the first sentence of paragraph 66 on the grounds that they are vague and ambiguous. The allegations in the second sentence of paragraph 66 are conclusions of law and consist of Plaintiffs' characterization of their lawsuit, to which no response is required. To the extent a response is required, the allegations are denied.

67. The allegations in paragraph 67 are Plaintiffs' description of the Defendants in this action, to which no response is required. To the extent a response is required, the allegations are denied.

68. Florida Intervenors admit the allegations in paragraph 68. The allegations in the second sentence of paragraph 68 are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied. Florida Intervenors admit the allegations in the third sentence of paragraph 68 that the U.S. Army Corps of Engineers ("Corps") entered into a Memorandum of Agreement with the FDEP, in accordance with 40 C.F.R. § 233.14, which includes a list of retained waters. The remaining allegations in the third sentence of paragraph 68 are conclusions of law and consist of Plaintiffs' characterization of their lawsuit, to which no response is required. To the extent a response is required, the allegations are denied.

69. Florida Intervenors admit the allegation in the first sentence of paragraph 69 that Lieutenant General Scott A. Spellmon is the Chief of Engineers and Commanding General of the

Corps. The remaining allegations in the first sentence of paragraph 69 are conclusions of law, to which no response is required. To the extent a response is required, the allegations are denied. The allegations in the second sentence of paragraph 69 are conclusions of law and consist of Plaintiffs' characterization of their lawsuit, to which no response is required. To the extent a response is required, the allegations are denied.

70.     Florida Intervenors admit the allegations in the first sentence of paragraph 70 that Colonel James Booth is the District Commander for the Jacksonville District of the Corps. The remaining allegations in the first sentence of paragraph 70 are conclusions of law and consist of Plaintiffs' characterization of their lawsuit, to which no response is required. To the extent a response is required, the allegations are denied.

71.     The allegations in paragraph 71 consist of Plaintiffs' description of the Defendants in this action, to which no response is required. To the extent a response is required, the allegations are denied.

72.     The allegations in paragraph 72 are conclusions of law to which no response is required, and purport to characterize the APA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

73.     The allegations in paragraph 73 are conclusions of law to which no response is required, and purport to characterize the APA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

74.     The allegations in paragraph 74 are conclusions of law and consist of Plaintiffs' characterization of their lawsuit, to which no response is required. To the extent a response is required, the allegations are denied.

75.     The allegations in paragraph 75 are conclusions of law and consist of Plaintiffs' characterization of their lawsuit, to which no response is required. To the extent a response is required, the allegations are denied.

76.     The allegations in paragraph 76 are conclusions of law to which no response is required, and purport to characterize the CWA and 40 C.F.R. § 233.10, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.

77.     The allegations in paragraph 77 are conclusions of law to which no response is required, and purport to characterize 40 C.F.R. § 233.11, which speak for itself and is the best evidence of their contents. Any allegations contrary to its plain language, meaning, or context are denied.

78.     The allegations in paragraph 78 are conclusions of law to which no response is required, and purport to characterize the CWA and 40 C.F.R. § 233.12, which speak for themselves and are the best evidence of their contents. Any allegations contrary to its plain language, meaning, or context are denied.

79.     The allegations in paragraph 79 are conclusions of law to which no response is required, and purport to characterize the CWA, which speak for itself and is the best evidence of their contents. The allegations in the second sentence of paragraph 79 are conclusions of law to which no response is required, and purport to characterize 40 C.F.R. § 233.15, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

80.     The allegations in paragraph 80 are conclusions of law to which no response is required, and purport to characterize the CWA and 40 C.F.R. § 233.15, which speak for themselves

and are the best evidence of their contents. Any allegations contrary to its plain language, meaning, or context are denied.

81.     The allegations in paragraph 81 are conclusions of law to which no response is required, and purport to characterize the CWA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

82.     The allegations in paragraph 82 are conclusions of law to which no response is required, and purport to characterize 40 C.F.R. §§ 230.10, 233.1, and 233.23, which speak for themselves and are the best evidence of their contents. Any allegations contrary to its plain language, meaning, or context are denied.

83.     The allegations in paragraph 83 are conclusions of law to which no response is required, and purport to characterize the ESA, which speak for itself and is the best evidence of their contents. Any allegations contrary to its plain language, meaning, or context are denied. The allegations in the second sentence of paragraph 83 are conclusions of law to which no response is required, and purport to characterize *Tennessee Valley Auth. v. Hill*, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

84.     The allegations in paragraph 84 are conclusions of law to which no response is required, and purport to characterize the ESA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

85.     The allegations in paragraph 85 are conclusions of law to which no response is required, and purport to characterize the ESA and 50 C.F.R. § 402.14, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.

86.     The allegations in paragraph 86 are conclusions of law to which no response is required, and purport to characterize the ESA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

87.     The allegations in paragraph 87 are conclusions of law to which no response is required, and purport to characterize 50 C.F.R. § 402.02, which speaks for itself and is the best evidence of its contents. Any allegations contrary to their plain language, meaning, or context are denied. The allegations in the second sentence of paragraph 87 are conclusions of law to which no response is required, and purport to characterize the ESA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

88.     The allegations in paragraph 88 are conclusions of law to which no response is required, and purport to characterize 50 C.F.R. § 402.14, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied. The allegations in the second sentence of paragraph 88 are conclusions of law to which no response is required, and purport to characterize the ESA and 50 C.F.R. § 402.14, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.

89.     The allegations in paragraph 89 are conclusions of law to which no response is required, and purport to characterize the ESA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied. The allegations in the second sentence of paragraph 89 are conclusions of law to which no response is required, and purport to characterize the cited case law, which speaks for itself and is the best

evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

90.     The allegations in paragraph 90 are conclusions of law to which no response is required, and purport to characterize the ESA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to their plain language, meaning, or context are denied. The allegations in the third sentence of paragraph 90 are conclusions of law to which no response is required, and purport to characterize 50 C.F.R. § 222.102, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

91.     The allegations in paragraph 91 are conclusions of law to which no response is required, and purport to characterize the ESA and 50 C.F.R. § 402.14, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.

92.     The allegations in paragraph 92 are conclusions of law to which no response is required, and purport to characterize 50 C.F.R. § 402.16, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

93.     The allegations in paragraph 93 are conclusions of law to which no response is required, and purport to characterize 50 C.F.R. § 402.14, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

94.     The allegations in paragraph 94 are conclusions of law to which no response is required, and purport to characterize 50 C.F.R. § 402.02, which speaks for itself and is the best

evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

95.     The allegations in paragraph 95 are conclusions of law to which no response is required, and purport to characterize 33 U.S.C. § 1344, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

96.     The allegations in the first sentence of paragraph 96 are conclusions of law to which no response is required, and purport to characterize 33 U.S.C. § 403, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied. The allegations in the second sentence of paragraph 96 are conclusions of law to which no response is required, and purport to characterize 33 C.F.R. § 329.4, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

97.     The allegations in paragraph 97 are conclusions of law to which no response is required, and purport to characterize 33 C.F.R. § 329.11, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

98.     The allegations in paragraph 98 are conclusions of law to which no response is required, and purport to characterize 33 C.F.R. § 329.3, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

99.     The allegations in paragraph 99 are conclusions of law to which no response is required, and purport to characterize 33 C.F.R. § 329.14, which speaks for itself and is the best

evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

100.    The allegations in paragraph 100 are conclusions of law to which no response is required, and purport to characterize 33 C.F.R. § 329.14, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

101.    The allegations in paragraph 101 are conclusions of law to which no response is required, and purport to characterize 33 C.F.R. § 329.16, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

102.    The allegations in paragraph 102 are conclusions of law to which no response is required, and purport to characterize 33 C.F.R. § 329.16, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

103.    The allegations in paragraph 103 are conclusions of law to which no response is required, and purport to characterize 33 C.F.R. § 329.16, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

## FIRST CLAIM FOR RELIEF

104.    Florida Intervenors incorporate by reference each and every response to the allegations in the paragraphs numbered 1 through 103 above.

105.    The allegations in paragraph 105 are conclusions of law to which no response is required, and purport to characterize the APA and 40 C.F.R. § 233.15, which speak for themselves

and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.

106.    The allegations in paragraph 106 are conclusions of law to which no response is required, and purport to characterize the APA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

107.    The allegations in paragraph 107 are conclusions of law to which no response is required, and purport to characterize the APA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

108.    The allegations in paragraph 108 are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

109.    Florida Intervenors admit the allegations in paragraph 109.

110.    Florida Intervenors deny the allegations in paragraph 110.

111.    The allegations in paragraph 111 are conclusions of law to which no response is required, and purport to characterize Florida's application and the list of retained waters, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.

112.    The allegations in paragraph 112 consist of Plaintiffs' characterization of their lawsuit and are conclusions of law to which no response is required, and further purport to characterize Florida's application, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

113.    The allegations in paragraph 113 are conclusions of law to which no response is required, and purport to characterize Florida's application and 40 C.F.R. § 233.11, which speak

for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.

114.    The allegations in paragraph 114 are conclusions of law to which no response is required, and purport to characterize "EPA's determination that Florida's application was complete as of its submission on August 20, 2020," which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

115.    The allegations in paragraph 115 are conclusions of law, to which no response is required. To the extent a response is required, the allegations are denied.

116.    The allegations in paragraph 116 are conclusions of law to which no response is required, and purport to characterize *Small Refiner Lead Phase-Down Task Force v. U.S. Envt'l Protection Agency*, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

117.    The allegations in paragraph 117 are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

## SECOND CLAIM FOR RELIEF

118.    Florida Intervenors incorporate by reference each and every response to the allegations in the paragraphs numbered 1 through 117 above.

119.    The allegations in the first sentence of paragraph 119 are conclusions of law to which no response is required, and purport to characterize the CWA and 40 C.F.R. § 233.12, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied. The allegations in the second sentence of paragraph 119 are conclusions of law to which no response is required, and purport to characterize

the CWA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

120.    The allegations in paragraph 120 are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied. Plaintiffs provide no citation to Florida law, regulations, or specific components of Florida's Section 404 program or application.

121.    The allegations in paragraph 121 are conclusions of law to which no response is required, and purport to characterize the CWA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

122.    The allegations in paragraph 122 are conclusions of law to which no response is required, and purport to characterize Florida's CWA Section 404 program and 40 C.F.R. §§ 233.21 and 233.2, which speak for themselves and are the best evidence of their contents. Plaintiffs provide no citation to Florida law, regulations, or specific components of Florida's Section 404 program or application. Any allegations contrary to their plain language, meaning, or context are denied.

123.    The allegations in paragraph 123 are conclusions of law to which no response is required, and purport to characterize Florida's CWA Section 404 program and the CWA, which speak for themselves and are the best evidence of their contents. Plaintiffs provide no citation to Florida law, regulations, or specific components of Florida's Section 404 program or application. Any allegations contrary to their plain language, meaning, or context are denied.

124.    The allegations in paragraph 124 are conclusions of law to which no response is required, and purport to characterize Florida's CWA Section 404 program, the CWA and 40 C.F.R. § 233.22, which speak for themselves and are the best evidence of their contents. Plaintiffs provide

no citation to Florida law, regulations, or specific components of Florida's Section 404 program or application. Any allegations contrary to their plain language, meaning, or context are denied.

125.     The allegations in paragraph 125 are conclusions of law to which no response is required, and purport to characterize Florida's CWA Section 404 program and 40 C.F.R. § 233.23, which speak for themselves and are the best evidence of their contents. Plaintiffs provide no citation to Florida law, regulations, or specific components of Florida's Section 404 program or application. Any allegations contrary to their plain language, meaning, or context are denied.

126.     The allegations in paragraph 126 are conclusions of law to which no response is required, and purport to characterize Florida's CWA Section 404 program and 40 C.F.R. § 233.30, which speak for themselves and are the best evidence of their contents. Plaintiffs provide no citation to Florida law, regulations, or specific components of Florida's Section 404 program or application. Any allegations contrary to their plain language, meaning, or context are denied.

127.     The allegations in paragraph 127 are conclusions of law to which no response is required, and purport to characterize Florida's CWA Section 404 program and 40 C.F.R. § 233.3, which speak for themselves and are the best evidence of their contents. Plaintiffs provide no citation to Florida law, regulations, or specific components of Florida's Section 404 program or application. Any allegations contrary to their plain language, meaning, or context are denied.

128.     The allegations in paragraph 128 are conclusions of law to which no response is required, and purport to characterize Florida's CWA Section 404 program and 40 C.F.R. § 233.32, which speak for themselves and are the best evidence of their contents. Plaintiffs provide no citation to Florida law, regulations, or specific components of Florida's Section 404 program or application.  Any allegations contrary to their plain language, meaning, or context are denied.

129.    The allegations in paragraph 129 are conclusions of law to which no response is required, and purport to characterize Florida's CWA Section 404 program and 40 C.F.R. § 230.3, which speak for themselves and are the best evidence of their contents. Beyond a citation to Florida Statute § 403.031(7), which does not support an allegation of a CWA violation, Plaintiffs provide no other citation to Florida law, regulations, or specific components of Florida's Section 404 program or applications. Any allegations contrary to their plain language, meaning, or context are denied.

130.    The allegations in the first sentence of paragraph 130 are conclusions of law to which no response is required, and purport to characterize 40 C.F.R. § 233.40, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied. The allegations in the second sentence of paragraph 130 purport to characterize Florida's application to assume the CWA Section 404 program, which speaks for itself and is the best evidence of its contents. Plaintiffs provide no citation to Florida law, regulations, or specific components of Florida's Section 404 program or application. Any allegations contrary to its plain language, meaning or context are denied.

131.    The allegations in paragraph 131 are conclusions of law to which no response is required, and purport to characterize Florida's CWA Section 404 program and 40 C.F.R. § 230.5 which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.

132.    The allegations in paragraph 132 are conclusions of law to which no response is required, and purport to characterize Florida's CWA Section 404 program and 40 C.F.R. § 230.7, which speak for themselves and are the best evidence of their contents. Plaintiffs provide no

citation to Florida law, regulations, or specific components of Florida's Section 404 program or application. Any allegations contrary to their plain language, meaning, or context are denied.

133.    The allegations in paragraph 133 are conclusions of law to which no response is required, and purport to characterize Florida's CWA Section 404 program and 40 C.F.R. § 230.10, which speak for themselves and are the best evidence of their contents. Plaintiffs provide no citation to Florida law, regulations, or specific components of Florida's Section 404 program or application. Any allegations contrary to their plain language, meaning, or context are denied.

134.    The allegations in paragraph 134 are conclusions of law to which no response is required, and purport to characterize Florida's CWA Section 404 program and 40 C.F.R. § 230.10, which speak for themselves and are the best evidence of their contents. Plaintiffs provide no citation to Florida law, regulations, or specific components of Florida's Section 404 program or application. Any allegations contrary to their plain language, meaning, or context are denied.

135.    The allegations in paragraph 135 are conclusions of law to which no response is required, and purport to characterize Florida's CWA Section 404 program and 40 C.F.R. § 230.11, which speak for themselves and are the best evidence of their contents. Plaintiffs provide no citation to Florida law, regulations, or specific components of Florida's Section 404 program or application. Any allegations contrary to their plain language, meaning, or context are denied.

136.    The allegations in paragraph 136 are conclusions of law to which no response is required, and purport to characterize 40 C.F.R. § 230.12, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

137.    The allegations in paragraph 137 are conclusions of law to which no response is required, and purport to characterize Florida's CWA Section 404 program and 40 C.F.R. § 230.11,

which speak for themselves and are the best evidence of their contents. Plaintiffs provide no citation to Florida law, regulations, or specific components of Florida's Section 404 program or application. Any allegations contrary to their plain language, meaning, or context are denied.

138.    The allegations in the first sentence of paragraph 138 are conclusions of law to which no response is required, and purport to characterize Florida's application to assume the CWA Section 404 program and the CWA, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied. Plaintiffs provide no citation to Florida law, regulations, or specific components of Florida's Section 404 program or application. The allegations in the second sentence of paragraph 138 are conclusions of law to which no response is required, and purport to characterize the CWA, 18 U.S.C. § 3282, 28 U.S.C. § 2462, 40 C.F.R. § 233.41, and cited case law, which speak for themselves and are the best evidence of their contents. Plaintiffs provide no citation to Florida law, regulations, or specific components of Florida's Section 404 program or application. Any allegations contrary to their plain language, meaning, or context are denied.

139.    The allegations in paragraph 139 are conclusions of law to which no response is required, and purport to characterize Florida's CWA Section 404 program and 40 C.F.R. §§ 230.20-25, 230.30-32, 230.40-45, and 230.50-54, which speak for themselves and are the best evidence of their contents. Plaintiffs provide no citation to Florida law, regulations, or specific components of Florida's Section 404 program or application. Any allegations contrary to their plain language, meaning, or context are denied.

140.    The allegations in paragraph 140 are conclusions of law to which no response is required, and purport to characterize Florida's CWA Section 404 program, which speaks for itself and is the best evidence of its contents. Plaintiffs provide no citation to Florida law, regulations,

or specific components of Florida's Section 404 program or application. Any allegations contrary to its plain language, meaning, or context are denied.

141.    The allegations in paragraph 141 are conclusions of law to which no response is required, and purport to characterize Florida's CWA Section 404 program and 40 C.F.R. § 230.92, which speak for themselves and are the best evidence of their contents. Plaintiffs provide no citation to Florida law, regulations, or specific components of Florida's Section 404 program or application. Any allegations contrary to their plain language, meaning, or context are denied.

142.    The allegations in paragraph 142 are conclusions of law to which no response is required, and purport to characterize Florida's CWA Section 404 program and 40 C.F.R. § 230.93, which speak for themselves and are the best evidence of their contents. Plaintiffs provide no citation to Florida law, regulations, or specific components of Florida's Section 404 program or application. Any allegations contrary to their plain language, meaning, or context are denied.

143.    The allegations in paragraph 143 are conclusions of law to which no response is required, and purport to characterize Florida's CWA Section 404 program and 40 C.F.R. § 230.93, which speak for themselves and are the best evidence of their contents. Plaintiffs provide no citation to Florida law, regulations, or specific components of Florida's Section 404 program or application. Any allegations contrary to their plain language, meaning, or context are denied.

144.    The allegations in paragraph 144 are conclusions of law to which no response is required, and purport to characterize 40 C.F.R. § 233.34, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

145.    The allegations in paragraph 145 purport to characterize Florida's CWA Section 404 program, which speaks for itself and is the best evidence of its contents. Plaintiffs provide no

citation to Florida law, regulations, or specific components of Florida's Section 404 program or application. Any allegations contrary to its plain language, meaning, or context are denied.

146.    The allegations in paragraph 146 are conclusions of law to which no response is required, and purport to 40 C.F.R. § 233.40, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

147.    The allegations in paragraph 147 purport to characterize Florida's CWA Section 404 program, which speaks for itself and is the best evidence of its contents. Plaintiffs provide no citation to Florida law, regulations, or specific components of Florida's Section 404 program or application. Any allegations contrary to its plain language, meaning, or context are denied.

148.    The allegations in paragraph 148 are conclusions of law to which no response is required, and purport to characterize Florida's CWA Section 404 program and "[s]tate law," which speak for themselves and are the best evidence of their contents. Plaintiffs provide no citation to Florida law, regulations, or specific components of Florida's Section 404 program or application. Any allegations contrary to their plain language, meaning, or context are denied.

149.    The allegations in paragraph 149 are conclusions of law to which no response is required, and purport to characterize "federal law" and Florida state law, which speak for themselves and are the best evidence of their contents. Plaintiffs provide no citation to Florida law, regulations, or specific components of Florida's Section 404 program or application. Any allegations contrary to their plain language, meaning, or context are denied.

150.    The allegations in the first sentence of paragraph 150 are conclusions of law to which no response is required, and purport to characterize without citation or attribution "[s]tate law," which speaks for itself and is the best evidence of its contents. Plaintiffs provide no citation to Florida law, regulations, or specific components of Florida's Section 404 program or

application. Any allegations contrary to its plain language, meaning, or context are denied. The allegations in the second sentence of paragraph 150 are conclusions of law to which no response is required, and purport to characterize "federal law," *Am. Clinical Lab Ass'n v. Azar*, and "Florida law," which speak for themselves and are the best evidence of their contents. Plaintiffs provide no citation to Florida law, regulations, or specific components of Florida's Section 404 program or application. Any allegations contrary to their plain language, meaning, or context are denied.

151.    The allegations in paragraph 151 are conclusions of law to which no response is required, and purport to characterize "state law" and the CWA, which speak for themselves and are the best evidence of their contents. Plaintiffs provide no citation to Florida law, regulations, or specific components of Florida's Section 404 program or application. Any allegations contrary to their plain language, meaning, or context are denied.

152.    The allegations in paragraph 152 are conclusions of law to which no response is required, and purport to 40 C.F.R. § 233.20, which speaks for itself and is the best evidence of its contents. Plaintiffs provide no citation to Florida law, regulations, or specific components of Florida's Section 404 program or application. Any allegations contrary to its plain language, meaning, or context are denied.

153.    The allegations in paragraph 153 are conclusions of law to which no response is required, and purport to characterize Florida's CWA Section 404 program, which speaks for itself and is the best evidence of its contents. Plaintiffs provide no citation to Florida law, regulations, or specific components of Florida's Section 404 program or application. Any allegations contrary to its plain language, meaning, or context are denied.

154.    The allegations in paragraph 154 are conclusions of law to which no response is required, and purport to characterize Florida's CWA Section 404 program and 40 C.F.R. §§ 233.15

and 230.10, which speak for themselves and are the best evidence of their contents. Plaintiffs provide no citation to Florida law, regulations, or specific components of Florida's Section 404 program or application. Any allegations contrary to their plain language, meaning, or context are denied.

155.   The allegations in paragraph 155 are conclusions of law, to which no response is required, and purport to characterize Florida's CWA Section 404 program, which speaks for itself and is the best evidence of its contents. Plaintiffs provide no citation to Florida law, regulations, or specific components of Florida's Section 404 program or application. Any allegations contrary to its plain language, meaning, or context are denied.

156.   The allegations in paragraph 156 purport to characterize Florida's application to assume administration of the state's CWA Section 404 program, which speaks for itself and is the best evidence of its contents. Plaintiffs provide no citation to Florida law, regulations, or specific components of Florida's Section 404 program or application. Any allegations contrary to its plain language, meaning, or context are denied.

157.   The allegations in paragraph 157 purport to characterize Florida's application to assume administration of the state's CWA Section 404 program, which speaks for itself and is the best evidence of its contents. Plaintiffs provide no citation to Florida law, regulations, or specific components of Florida's Section 404 program or application. Any allegations contrary to its plain language, meaning, or context are denied.

158.   The allegations in paragraph 158 are conclusions of law to which no response is required, and purport to characterize Florida's application to assume administration of the state's CWA Section 404 program, which speaks for itself and is the best evidence of its contents. Plaintiffs provide no citation to Florida law, regulations, or specific components of Florida's

Section 404 program or application. Any allegations contrary to its plain language, meaning, or context are denied.

159.    The allegations in paragraph 159 are conclusions of law to which no response is required, and purport to characterize Florida's application to assume administration of the state's CWA Section 404 program, which speaks for itself and is the best evidence of its contents. Plaintiffs provide no citation to Florida law, regulations, or specific components of Florida's Section 404 program or application. Any allegations contrary to its plain language, meaning, or context are denied.

160.    The allegations in paragraph 160 are conclusions of law to which no response is required, and purport to characterize EPA's approval of Florida's application to assume administration of the state's CWA Section 404 program, which speaks for itself and is the best evidence of its contents. Plaintiffs provide no citation to Florida law, regulations, or specific components of Florida's Section 404 program or application. Any allegations contrary to its plain language, meaning, or context are denied.

161.    The allegations in paragraph 161 are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

## THIRD CLAIM FOR RELIEF

162.    Florida Intervenors incorporate by reference each and every response to the allegations in the paragraphs numbered 1 through 162 above.

163.    The allegations in paragraph 163 are conclusions of law to which no response is required, and purport to characterize the ESA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

164.    The allegations in the first sentence of paragraph 164 purport to characterize FWS's BiOp and EPA's biological evaluation, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied. The allegations in the second sentence of paragraph 164 are conclusions of law to which no response is required, and purport to characterize the ESA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied. The allegations in the third sentence of paragraph 164 are conclusions of law to which no response is required, and purport to characterize 50 C.F.R. § 402.14, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

165.    The allegations in the first sentence of paragraph 165 are conclusions of law to which no response is required, and purport to characterize 50 C.F.R. § 402.14, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied. The allegations in the second sentence of paragraph 165 purport to characterize FWS's BiOp, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

166.    The allegations in paragraph 166 purport to characterize FWS's BiOp, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

167.    The allegations in paragraph 167 purport to characterize FWS's BiOp and EPA's biological evaluation, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.

168.    The allegations in paragraph 168 purport to characterize EPA's biological evaluation, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

169.    The allegations in paragraph 169 purport to characterize EPA's biological evaluation, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

170.    The allegations in paragraph 170 purport to characterize FWS's BiOp, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

171.    The allegations in paragraph 171 purport to characterize FWS's BiOp, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

172.    The allegations in the first sentence of paragraph 172 purport to characterize EPA's biological evaluation, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied. The allegations in the second sentence of paragraph 172 purport to characterize FWS's BiOp, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

173.    The allegations in paragraph 173 purport to characterize FWS's BiOp, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

174.    The allegations in paragraph 174 purport to characterize EPA's biological evaluation, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

175.    The allegations in paragraph 175 are conclusions of law to which no response is required, and purport to characterize FWS's BiOp, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

176.    The allegations in paragraph 176 are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

177.    The allegations in the first sentence of paragraph 177 are conclusions of law to which no response is required, and purport to characterize FWS's BiOp, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied. The allegations in the second sentence of paragraph 177 are conclusions of law to which no response is required, and purport to characterize the MOU, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

178.    The allegations in paragraph 178 are conclusions of law to which no response is required, and purport to characterize FWS's BiOp, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

179.    The allegations in paragraph 179 are conclusions of law to which no response is required, and purport to characterize FWS's BiOp, the ESA, and the APA, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.

## FOURTH CLAIM FOR RELIEF

180.    Florida Intervenors incorporate by reference each and every response to the allegations in the paragraphs numbered 1 through 179 above.

181.    The allegations in paragraph 181 are conclusions of law to which no response is required, and purport to characterize the ESA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

182.    The allegations in paragraph 182 are conclusions of law to which no response is required, and purport to characterize the ESA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

183.    The allegations in paragraph 183 are conclusions of law to which no response is required, and purport to characterize the ESA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

184.    The allegations in paragraph 184 are conclusions of law to which no response is required, and purport to characterize the ESA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

185.    The allegations in paragraph 185 are conclusions of law to which no response is required, and purport to characterize the ESA and 50 C.F.R. § 402.14, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.

186.    The allegations in paragraph 186 are conclusions of law to which no response is required, and purport to characterize 50 C.F.R. § 402.14, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

187.    The allegations in paragraph 187 are conclusions of law to which no response is required, and purport to characterize FWS's BiOp, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

188.    The allegations in paragraph 188 are conclusions of law to which no response is required, and purport to characterize FWS's BiOp, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

189.    The allegations in the first and second sentence of paragraph 189 purport to characterize FWS's BiOp and the incidental take statement, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied. The allegations in the third sentence of paragraph 189 are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

190.    The allegations in paragraph 190 consist of Plaintiffs' characterization of their lawsuit and are conclusions of law to which no response is required, and purport to characterize the incidental take statement, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

191.    The allegations in paragraph 191 are conclusions of law to which no response is required, and purport to characterize the ESA's implementing regulations, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.

192.    The allegations in the first sentence of paragraph 192 are conclusions of law to which no response is required, and purport to characterize FWS's BiOp and the incidental take statement, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied. The allegations in the second

sentence of paragraph 192 are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

193.    The allegations in paragraph 193 purport to characterize FWS's BiOp and the incidental take statement, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.

194.    The allegations in paragraph 194 are conclusions of law to which no response is required, and purport to characterize the incidental take statement, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

195.    The allegations in paragraph 195 are conclusions of law to which no response is required, and purport to characterize the incidental take statement, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

196.    The allegations in the first sentence of paragraph 196 are conclusions of law to which no response is required, and purport to characterize the incidental take statement, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied. The allegations in the second sentence of paragraph 196 are conclusions of law to which no response is required, and purport to characterize FWS's BiOp and the MOU, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied. The allegations in the third sentence of paragraph 196 are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

197.    Florida Intervenors deny the allegations in paragraph 197.

198.    The allegations in paragraph 198 purport to characterize the incidental take statement, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

199.    The allegations in the first and third sentences of paragraph 199 are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied. The allegations in the second sentence of paragraph 199 are conclusions of law to which no response is required, and purport to characterize the ESA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

200.    The allegations in paragraph 200 are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

201.    The allegations in paragraph 201 are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

### FIFTH CLAIM FOR RELIEF

202.    Florida Intervenors incorporate by reference each and every response to the allegations in the paragraphs numbered 1 through 201 above.

203.    The allegations in paragraph 203 are conclusions of law to which no response is required, and purport to characterize NMFS's April 15, 2020 determination, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

204.    Florida Intervenors deny the allegation in paragraph 204 that EPA's determination was made on August 28, 2020 and aver that EPA's determination was issued on August 27, 2020. The remaining allegations in paragraph 204 are conclusions of law to which no response is required,

and purport to characterize EPA's August 27, 2020 determination, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

205.    Florida Intervenors admit the allegations in paragraph 205.

206.    The allegations in paragraph 206 purport to characterize EPA's biological evaluation, which speaks for itself and is the best evidence of its contents. Amy allegations contrary to its plain language, meaning, or context are denied.

207.    The allegations in paragraph 207 purport to characterize EPA's September 2, 2020 letter to NMFS, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

208.    Florida Intervenors deny the allegation in paragraph 208 that NMFS sent a letter to EPA on September 3, 2020 and aver that NMFS sent an email to EPA on September 3, 2020. The remaining allegations in paragraph 208 purport to characterize NMFS's September 3, 2020 email to EPA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning or context are denied.

209.    Florida Intervenors deny the allegations in paragraph 209 that NMFS sent an email to EPA on October 30, 2020 and aver that NMFS sent a letter to EPA on October 30, 2020. The remaining allegations in paragraph 209 purport to characterize NMFS's October 30, 2020 letter to EPA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

210.    The allegations in paragraph 210 regarding "these determinations" are vague and ambiguous and purport to characterize documents that speak for themselves and are the best

evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.

211.    The allegations in paragraph 211 are conclusions of law to which no response is required, and purport to characterize the CWA, APA, and 40 C.F.R. §§ 230.10, 233.11, and 233.23, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.

212.    The allegations in paragraph 212 are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

## SIXTH CLAIM FOR RELIEF

213.    Florida Intervenors incorporate by reference each and every response to the allegations in the paragraphs numbered 1 through 212 above.

214.    The allegations in paragraph 214 are conclusions of law to which no response is required, and purport to characterize FWS's BiOp, the incidental take statement, and the MOU, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.

215.    The allegations in paragraph 215 are conclusions of law to which no response is required, and purport to characterize FWS's BiOp, the incidental take statement, and the MOU, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.

216.    The allegations in paragraph 216 are conclusions of law to which no response is required, and purport to characterize the ESA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

217.    The allegations in the first sentence of paragraph 217 are conclusions of law to which no response is required, and purport to characterize FWS's BiOp and the incidental take statement, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied. The allegations in the second sentence of paragraph 217 are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

218.    The allegations in paragraph 218 are conclusions of law to which no response is required, and purport to characterize the ESA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

219.    The allegations in paragraph 219 are conclusions of law to which no response is required, and purport to characterize FWS's BiOp and the incidental take statement, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.

220.    The allegations in paragraph 220 are conclusions of law to which no response is required, and purport to characterize FWS's BiOp and the incidental take statement, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.

221.    The allegations in paragraph 221 are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

**SEVENTH CLAIM FOR RELIEF**

222.    Florida Intervenors incorporate by reference each and every response to the allegations in the paragraphs numbered 1 through 221 above.

223.    The allegations in paragraph 223 are conclusions of law to which no response is required, and purport to characterize 33 C.F.R. §§ 329.14 and 329.16, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.

224.    Florida Intervenors deny the allegations in paragraph 224.

225.    Florida Intervenors deny the allegations in paragraph 225.

226.    The allegations in paragraph 226 are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

227.    The allegations in paragraph 227 are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

## EIGHTH CLAIM FOR RELIEF

228.    Florida Intervenors incorporate by reference each and every response to the allegations in the paragraphs numbered 1 through 227 above.

229.    The allegations in paragraph 229 are conclusions of law to which no response is required, and purport to characterize the APA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

230.    The allegations in paragraph 230 are conclusions of law to which no response is required, and purport to characterize the APA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

231.    Florida Intervenors admit the allegations in paragraph 231.

232.    The allegations in the first sentence of paragraph 232 are conclusions of law to which no response is required, and purport to characterize 85 Fed. Reg. 57,853 (Sept. 16, 2020), which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain

language, meaning, or context are denied. Florida Intervenors admit the allegations in the second sentence of paragraph 232 that EPA has not yet codified its approval of Florida's 404 program in the Code of Federal Regulations, but the remaining allegations in the second sentence of paragraph 232 are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied. On March 30, 2022, this Court granted Florida Intervenors' cross-motion to dismiss the Ninth Claim concerning an alleged failure to codify Florida's program in the Code of Federal Regulations. *See* ECF 73.

233.    The allegations in paragraph 233 are conclusions of law to which no response is required, and purport to characterize EPA's approval of Florida's 404 program, which speaks for itself and is the best evidence of its contents. Plaintiffs provide no citation to Florida law, regulations, or specific components of Florida's Section 404 program or application. Any allegations contrary to its plain language, meaning, or context are denied.

234.    The allegations in paragraph 234 are conclusions of law to which no response is required, and purport to characterize EPA's approval of Florida's 404 program, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

235.    The allegations in paragraph 235 are conclusions of law to which no response is required, and purport to characterize EPA's approval of Florida's 404 program, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

236.    The allegations in the first sentence of paragraph 236 purport to characterize the Federal Register notice, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied. The allegations in the

second sentence of paragraph 236 are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

237.    The allegations in paragraph 237 are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

238.    The allegations in paragraph 238 are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

239.    The allegations in paragraph 239 are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

## NINTH CLAIM FOR RELIEF

240.    Florida Intervenors incorporate by reference each and every response to the allegations in the paragraphs numbered 1 through 239 above. On March 30, 2022, this Court granted Florida Intervenors' cross-motion to dismiss the Ninth Claim concerning an alleged failure to codify Florida's program in the Code of Federal Regulations. *See* ECF 73.

241.    The allegations in paragraph 241 are conclusions of law to which no response is required, and purport to characterize 44 U.S.C. § 1510, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

242.    The allegations in paragraph 242 are conclusions of law to which no response is required, and purport to characterize EPA's approval of Florida's Section 404 program, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

243.    The allegations in paragraph 243 are conclusions of law to which no response is required, and purport to characterize 1 C.F.R. § 21.1, which speaks for itself and is the best

evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

244.    The allegations in paragraph 244 purport to characterize 85 Fed. Reg. 83,553 (Dec. 22, 2020), which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

245.    The allegations in paragraph 245 purport to characterize 85 Fed. Reg. 83,553 (Dec. 22, 2020), which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

246.    The allegations in paragraph 246 purport to characterize 40 C.F.R. § 233.70, 49 Fed. Reg. 38,947-01, 40 C.F.R. § 233.71, and 59 Fed. Reg. 9,933-01, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.

247.    The allegations in paragraph 247 are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

248.    The allegations in paragraph 248 are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

## TENTH CLAIM FOR RELIEF

249.    Florida Intervenors incorporate by reference each and every response to the allegations in the paragraphs numbered 1 through 248 above.

250.    The allegations in paragraph 250 are conclusions of law to which no response is required, and purport to characterize the ESA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

251.    The allegations in paragraph 251 are conclusions of law to which no response is required, and purport to characterize FWS's BiOp, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

252.    The allegations in paragraph 252 are conclusions of law to which no response is required, and purport to characterize the ESA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

253.    The allegations in paragraph 253 are conclusions of law to which no response is required, and purport to characterize 50 C.F.R. § 402.14, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning or context are denied.

254.    The allegations in the first sentence of paragraph 254 are conclusions of law to which no response is required, and purport to characterize 50 C.F.R. § 402.14, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied. The allegations in the second sentence of paragraph 254 purport to characterize FWS's BiOp, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

255.    The allegations in paragraph 255 purport to characterize FWS's BiOp, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

256.    Florida Intervenors admit the allegation in paragraph 256 that Florida sent its final biological assessment to EPA on July 24, 2020. The remaining allegations in paragraph 256 purport to characterize the final biological assessment, which speaks for itself and is the best

evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

257.    Florida Intervenors admit the allegation in the first sentence of paragraph 257 that EPA submitted a biological evaluation to FWS on September 2, 2020. The remaining allegations in paragraph 257 purport to characterize EPA's biological evaluation, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

258.    Florida Intervenors admit the allegations in the first sentence of paragraph 258. The allegations in the second sentence of paragraph 258 purport to characterize FWS's BiOp, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

259.    The allegations in paragraph 259 purport to characterize EPA's biological evaluation, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

260.    The allegations in paragraph 260 purport to characterize EPA's biological evaluation, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

261.    The allegations in paragraph 261 are conclusions of law to which no response is required, and purport to characterize FWS's BiOp, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

262.    The allegations in paragraph 262 are conclusions of law to which no response is required, and purport to characterize FWS's BiOp, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

263.     The allegations in paragraph 263 are conclusions of law to which no response is required, and purport to characterize FWS's BiOp, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

264.     The allegations in paragraph 264 are conclusions of law to which no response is required, and purport to characterize FWS's BiOp, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

265.     The allegations in paragraph 265 are conclusions of law to which no response is required, and purport to characterize FWS's BiOp, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

266.     The allegations in the first sentence of paragraph 266 are conclusions of law to which no response is required, and purport to characterize FWS's BiOp, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied. The allegations in the second sentence of paragraph 266 are conclusions of law to which no response is required, and purport to characterize the MOU, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

267.     The allegations in paragraph 267 purport to characterize FWS's BiOp, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

268.     The allegations in paragraph 268 are conclusions of law to which no response is required, and purport to characterize FWS's BiOp, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

269.    The allegations in paragraph 269 are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

270.    The allegations in paragraph 270 are conclusions of law to which no response is required, and purport to characterize FWS's BiOp, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

271.    The allegations in paragraph 271 purport to characterize the incidental take statement, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

272.    The allegations in paragraph 272 are conclusions of law to which no response is required, and purport to characterize FWS's BiOp and the incidental take statement, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.

273.    The allegations in paragraph 273 are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

## ELEVENTH CLAIM FOR RELIEF

274.    Florida Intervenors incorporate by reference each and every response to the allegations in the paragraphs numbered 1 through 273 above.

275.    The allegations in paragraph 275 are conclusions of law to which no response is required, and purport to characterize the ESA and 50 C.F.R. §§ 402.13 and 402.14, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.

276.    The allegations in the first and second sentences of paragraph 276 purport to characterize 51 Fed. Reg. 19,926, which speaks for itself and is the best evidence of its contents.

Any allegations contrary to its plain language, meaning, or context are denied. The allegations in the third sentence of paragraph 276 are conclusions of law to which no response is required, and purport to characterize 50 C.F.R. § 402.14, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

277.    The allegations in paragraph 277 purport to characterize 50 C.F.R. § 402.02, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

278.    The allegations in paragraph 278 are conclusions of law to which no response is required, and purport to characterize NMFS's April 15, 2020 letter, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

279.    Florida Intervenors deny the allegation in paragraph 279 that EPA's determination was made on August 28, 2020 and aver that EPA's memorandum on ESA consultation was dated August 27, 2020. The remaining allegations in paragraph 279 are conclusions of law to which no response is required, and purport to characterize EPA's August 27, 2020 memorandum, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

280.    Florida Intervenors admit the allegation in the first sentence of paragraph 280. The allegations in the second sentence of paragraph 280 purport to characterize EPA's biological evaluation, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

281.    The allegations in paragraph 281 purport to characterize EPA's September 2, 2020 letter to NMFS, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

282.    Florida Intervenors deny the allegation in paragraph 282 that NMFS sent a letter to EPA on September 3, 2020 and aver that NMFS sent an email to EPA on September 3, 2020. The remaining allegations in paragraph 282 purport to characterize NMFS's September 3, 2020 email, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

283.    Florida Intervenors deny the allegation in paragraph 283 that NMFS sent an email to EPA on October 30, 2020 and aver that NMFS sent a letter to EPA on October 30, 2020. The remaining allegations in paragraph 283 purport to characterize NMFS's October 30, 2020 email, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

284.    The allegations in paragraph 284 regarding "these determinations" are vague and ambiguous and purport to characterize documents that speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.

285.    The allegations in paragraph 285 are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied. Florida Intervenors further aver that, at this time, EPA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 285 that EPA's approval of Florida's assumption application may directly or indirectly affect species under NMFS's jurisdiction, and deny the allegations on that basis.

286.     The allegations in paragraph 286 are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

287.     The allegations in paragraph 287 are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

## TWELFTH CLAIM FOR RELIEF

288.     Florida Intervenors incorporate by reference each and every response to the allegations in the paragraphs numbered 1 through 287 above.

289.     The allegations in paragraph 289 are conclusions of law to which no response is required, and purport to characterize the ESA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

290.     The allegations in paragraph 290 are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied. Florida Intervenors further aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 290, and deny them on that basis.

291.     The allegations in paragraph 291 are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

292.     The allegations in paragraph 292 purport to characterize EPA's biological evaluation and FWS's BiOp, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.

293.     The allegations in paragraph 293 are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

294.     The allegations in paragraph 294 are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

## THIRTEENTH CLAIM FOR RELIEF

295.    Florida Intervenors incorporate by reference each and every response to the allegations in the paragraphs numbered 1 through 294 above.

296.    The allegations in paragraph 296 consist of Plaintiffs' characterization of their lawsuit and are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

297.    The allegations in paragraph 297 are conclusions of law to which no response is required, and purport to characterize FWS's BiOp, incidental take statement, and the MOU, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.

298.    The allegations in paragraph 298 are conclusions of law to which no response is required, and purport to characterize FWS's BiOp, incidental take statement, and the MOU, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.

299.    The allegations in paragraph 299 are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

300.    The allegations in paragraph 300 are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

## RESPONSE TO PRAYER FOR RELIEF

The remainder of the Amended Complaint consists of Plaintiffs' Prayer for Relief, to which no response is required. To the extent a response is required, Florida Intervenors deny that Plaintiffs are entitled to any of the relief requested in Prayer for Relief, including subparagraphs (a)-(s), or to any relief whatsoever.

## GENERAL DENIAL

Florida Intervenors deny each and every allegation of the Amended Complaint not otherwise expressly admitted, qualified or denied herein.

## AFFIRMATIVE DEFENSES

1.    The Amended Complaint fails to state a claim upon which relief can be granted.

2.    Plaintiffs lack standing as to some or all of their claims.

3.    Florida Intervenors reserve their right to assert additional affirmative defenses during the course of this litigation.


Dated:  May 26, 2022

Respectfully submitted,
BAKER BOTTS L.L.P.

*/s/ Jeffrey H. Wood*
Jeffrey H. Wood (D.C. Bar No. 1024647)
700 K Street, NW
Washington, D.C. 20001
Phone: (202) 639-7732
jeff.wood@bakerbotts.com

Lily N. Chinn (D.C. Bar No. 979919)
101 California Street
San Francisco, CA 94111
Phone: (415) 291-6200
lily.chinn@bakerbotts.com

Aaron M. Streett (TX Bar No. 24037561)
Harrison Reback (TX Bar No. 24012897)
910 Louisiana Street
Houston, TX 77002-4995
Phone: (713) 229-1234
aaron.streett@bakerbotts.com
harrison.reback@bakerbotts.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 26th day of May 2022, I electronically filed the foregoing

document using the CM/ECF system.  Service was accomplished by the CM/ECF system.

Respectfully submitted,
BAKER BOTTS L.L.P.

/s/ Jeffrey H. Wood
Jeffrey H. Wood (D.C. Bar No. 1024647)
700 K Street, NW
Washington, D.C. 20001
Phone: (202) 639-7732
jeff.wood@bakerbotts.com