IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CENTER FOR BIOLOGICAL DIVERSITY,
et al.,

    *Plaintiffs,*

v.                                                    Civil Action No.  1:21-cv-119 (RDM)

MICHAEL S. REGAN, et al.,

    *Defendants.*
_____/

**THE FLORIDA CHAMBER OF COMMERCE &**
**THE ASSOCIATION OF FLORIDA COMMUNITY DEVELOPERS**
**<u>SUPPLEMENTAL BRIEF ON REMEDY</u>**

According to the Plaintiffs' First Amended Complaint, the U.S. Environmental Protection Agency violated the Administrative Procedure Act "by making its approval" of Florida's Section 404-permit assumption "effective immediately upon publication in the Federal Register, rather than no less than 30 days thereafter." ECF No. 62-1, ¶ 237. In addressing the Plaintiffs' Article III standing to advance this claim, the Court concluded that (assuming the truth of the Plaintiffs' allegations), the EPA's decision to give immediate effect to its Section 404 transfer meant that the Plaintiffs did not have the opportunity to petition the EPA for a Section 705 stay-pending-judicial review of their lawsuit, which, in turn, may have affected their concrete interests. *See* ECF No. 73, at 41-44. Although the Court surmised that the Plaintiffs may have satisfied Article III's injury-in-fact requirement, it concluded that the "Plaintiffs are on less sure footing . . . with respect to causation and redressability. ECF No. 73, at 44. It then "direct[ed] that the parties submit further briefing as to what relief (if any) the EPA might be able to provide to Plaintiffs should the Court find in their favor on the merits of Count Eight." ECF No. 73, at 49.

1

This Court's skepticism regarding its ability to redress the Plaintiffs' purported injury is well founded. Simply put, neither the Court nor the EPA has any power to unscramble the Section 404-transfer egg short of notice-and-comment rulemaking. Because binding precedent makes unassailable the notion that (1) the Plaintiffs' remedy can extend no further than their ability to file a Section 705 stay-pending judicial review, and (2) a Section 705 stay-pending judicial review neither triggers nor can substitute for notice-and-comment rulemaking, the Plaintiffs' purported injury is no longer redressable. And should the Court find sympathy in the Plaintiffs' "where there is a legal right, there is also a legal remedy" rhetoric, it bears noting that the Plaintiffs could have moved the Court for a temporary restraining order a year-and-a-half ago—long before thousands of Section 404 permits arrived at the door of the *Florida* Department of Environmental Protection and many were issued in the time the State has been administering the program.

The EPA's May 26, 2022 supplemental filing establishes quite conclusively that the Court's ability to redress the Plaintiffs' purported injury perished long ago. Specifically, the EPA is correct that (1) Plaintiffs have requested an order that would allow the EPA to grant their request for a Section 705 stay, *see* ECF No. 82, at 1, but (2) "an agency cannot postpone an effective date that has already come and gone," *see* ECF No. 82, at 2. The State echoes that position. *See* ECF No. 83. Movants too agree that, given the current status quo (i.e., Florida's year-long assumption of the Section 404 permitting process), issuing a Section 705 *now* would change tremendously the status quo. *See* ECF No. 82, at 2. Given the ineluctable accuracy of the EPA's position, and that of the State, Movants adopt those positions in full.

Rather than reiterate the EPA's and the State's meritorious position, Movants offers the following to emphasize with the Plaintiffs' suggestion cannot salvage their claim. Their claim is premised entirely on the notion that the EPA's transfer of Section 404 permitting authority to Florida constituted an agency rule, and they appear to concede that this rule has indeed "gone into

2

effect." ECF No. 78, at 2. To grant the relief they now request (i.e., "set[ting] aside" the rule's effective date "for a period of at least 30 days from the Court's order granting summary judgment," ECF No. 78, at 9), necessarily means *voiding* (albeit temporarily) the rule in its entirety. In other words, the Plaintiffs are not suggesting merely that the Court "invalidat[e] or chang[e] a *portion* of the rule." ECF No. 73, at 47 (emphasis added). They are instead requesting that the Court vacate the *entire* rule for a period of thirty days.

This request cannot be squared with *Prows v. U.S. Department of Justice*, 938 F.2d. 274 (D.C. Cir. 1991). Indeed, this Court has already observed that, under *Prows*, Section 553(d) violations "do not typically provide a basis for vacating a rule in its entirety." *See* ECF No. 73, at 31 (citing *Prows*, 938 F.2d at 275-76). As stated succinctly and correctly by the EPA, "[r]ules may not be issued, amended, or repealed through administrative stays," and, accordingly, "[b]y Plaintiffs' own logic . . . the relief that they seek for Claim Eight is foreclosed." ECF No. 82, at 4 (citing *Bauer*, 325 F. Supp. 3d at 110; *California*, 277 F. Supp. 3d at 1121; *Becerra*, 276 F. Supp. 3d at 966; *Env't Def. Fund v. Gorsuch*, 713 F.2d 802, 814-17 (D.C. Cir. 1983).

It matters not that the Plaintiffs (mistakenly) believe that the Section 404 transfer date violated the APA. Nor does the Plaintiffs' euphemism that their requested temporary vacatur is instead a "suspen[sion]." ECF No. 78, at 9. The fact remains that any conceivable relief that the Court could construe would necessarily involve rendering ineffective a rule that has already taken effect and served as the basis to issue permits. Because this is a remedy that the Court cannot order based on the Plaintiffs' effective-date claim, the Plaintiffs' effective-date claim is not redressable.

This fact distinguishes the Plaintiffs' effective-date claim from the cases they cite. In each (*Lewis-Mota v. Secretary of Labor*, 469 F.2d 478, 482 (2d Cir. 1972), *United States v. Gavrilovic*, 551 F.2d 1099 (8th Cir. 1977), *Ngou v. Schweiker*, 535 F. Supp. 1214 (D.D.C. 1982)), a court granted an exemption to a litigant who would otherwise have to comply with a rule enacted in

violation of Section 553(d). In *none* did the Court vacate temporarily (i.e., "suspend," ECF No. 78, at 9) the rule itself. That the Plaintiffs "have not found a case that is on par with the facts presented here," then, is unsurprising. ECF No. 78, at 10. They have not found one because those cases do not exist, and those cases do not exist because the relief that they request is relief that a court would have had no authority to grant.

Finally, it bears reiterating that the Plaintiffs have no basis whatsoever for their suggestion that the Court should just tack a Section 553 notice-and-comment requirement to their request for a Section 705 stay. *See* ECF No. 82, at 2 n.2. Indeed, their suggestion-without-citation does little than emphasize the extent to which they are stretching to find a remedy where, plainly, none exists. Simply put, if the Plaintiffs wanted to seek a stay at the outset of this litigation, they could have done so. Seventeen months into Florida's assumption of the Section 404 permitting process is far too late.

## CONCLUSION

For the foregoing reasons, the Court should dismiss the Plaintiffs effective-date cause of action for lack of Article III standing.

Respectfully submitted this **9th** day of June, 2022.

> */s/ Mohammad O. Jazil*
> Mohammad O. Jazil (FBN: 72556)
> Gary V. Perko (FBN: 855898)
> Edward M. Wenger (FBN: 85568)
> HOLTZMAN VOGEL BARAN
> TORCHINSKY & JOSEFIAK PLLC
> 119 S. Monroe St., Suite 500
> Tallahassee, FL 32301
> Tel: (850) 391-0502
> mjazil@holtzmanvogel.com
> gperko@holtzmanvogel.com
> emwenger@holtzmanvogel.com
>
> *Counsel for the Chamber and AFCD*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served to all counsel of record through the Court's CM/ECF system on June 9, 2022.

*/s/ Mohammad O. Jazil*
Mohammad O. Jazil
