# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, et al., <br><br> Plaintiffs, <br><br> v. <br><br> U.S. ENVIRONMENTAL PROTECTION AGENCY, et al., <br><br> Defendants. | **CASE NO.** 1:21-cv-00119 (RDM) |

## DECLARATION OF SARAH HOLLENHORST

I, Sarah Hollenhorst, make the following declaration:

1. I am a resident of De Soto County, Florida.

2. I am competent to make this declaration. I provide this declaration based upon my personal knowledge. I would testify to the facts in this declaration under oath if called upon to do so.

3. I am a member of the Sierra Club, and have for the past 39 years been an avid canoeist and kayaker on Horse Creek in De Soto County, Florida. From my kayak, my husband and I engage in bird watching, and enjoy the natural beauty of the Creek.

1

4. Horse Creek is a medium sized tributary of the lower Peace River. It is about 40 miles long, and is historically navigable or susceptible of navigation in that is wide and deep enough to support flat bottom skiffs, laden with hides, produce and goods transported from stores during the settler period. I know that Horse Creek is currently navigable. I live walking distance from Horse Creek kayak on it regularly, and I intend to continue to use the Creek for that purpose.

5. At most, only the lower few miles of Horse Creek are ever subject to tidal influence.

6. I know that Horse Creek is not on the Corps' 2019 Retained Water List, even though it is navigable and very little of it is tidally influenced.

7. I know that open pit phosphate mining is now moving into the Horse Creek area and that phosphate mines are preparing to seek state 404 permits, which will degrade the Creek. I am deeply fearful about the impacts of these state 404 permits because Florida has in recent years issued permits that allowed waterways to be seriously degraded.

8. I have a reasonable, fact-based fear that there will be be state 404 permitting will harm my use and enjoyment of Horse Creek because the state's 404 process is not as protective as federal law, does not involve Endangered Species Act consultations, and is not subject to NEPA environmental impact review as 404

permits are when they are administered by the Corps. A ruling in Plaintiffs' favor in this litigation would redress my harms.

9. A ruling invalidating EPA's approval of Florida's program would restore 404 authority over assumable waters to the Corps, restoring Section 7 and NEPA review to projects, and ensuring that all requirements of federal law are met and can be enforced in federal court. A ruling in Plaintiffs' favor on our ESA claims would redress my harms by requiring EPA to reinitiate consultation with Fish and Wildlife Service to fully consider the effects of Florida's application on listed species and critical habitat; require the wildlife agencies to produce legally sufficient biological opinions that properly analyze the impact to listed species and critical habitat, set limits on incidental take, and impose reasonable and prudent measures and triggers for reinitiation that are protective under the Endangered Species Act; and prohibit EPA, the state, and state permittees from receiving incidental take coverage from an unlawful "technical assistance" process. A ruling in Plaintiffs' favor on the Rivers and Harbors Act claim would set aside the Corps' inadequate retained waters list, prevent state 404 permitting on waters required to remain under the Corps' jurisdiction, and require re-evaluation of the Corps' list to comply with federal law.

I declare under penalty of perjury that the foregoing is true and correct. Executed this ___24th___ day of February 2023, in De Soto County, Florida.

3

_____
Sarah Hollenhorst

4