# Exhibit A

## I.  STATE DEFINITIONS OF CRIMINAL NEGLIGENCE

The following 25 states require a showing beyond simple or ordinary negligence to establish criminal liability.  This list should not be considered exhaustive.

|   | State | Citation to statute or case law |
|---|---|---|
| 1. | Alabama | Ala. Code § 13A-2-2<br>"(4) CRIMINAL NEGLIGENCE. A person acts with criminal negligence with respect to a result or to a circumstance which is defined by statute as an offense when he fails to perceive a substantial and unjustifiable risk that the result will occur or that the circumstance exists. The risk must be of such nature and degree that the failure to perceive it constitutes a gross deviation from the standard of care that a reasonable person would observe in the situation. A court or jury may consider statutes or ordinances regulating the defendant's conduct as bearing upon the question of criminal negligence." |
| 2. | Arizona | Ariz. Rev. Stat. § 13-105<br>"(d) 'Criminal negligence' means, with respect to a result or to a circumstance described by a statute defining an offense, that a person fails to perceive a substantial and unjustifiable risk that the result will occur or that the circumstance exists. The risk must be of such nature and degree that the failure to perceive it constitutes a gross deviation from the standard of care that a reasonable person would observe in the situation." |
| 3. | Arkansas | Ark. Code § 5-2-202<br>"(4) 'NEGLIGENTLY.'<br>(A) A person acts negligently with respect to attendant circumstances or a result of his or her conduct when the person should be aware of a substantial and unjustifiable risk that the attendant circumstances exist or the result will occur.<br>(B) The risk must be of such a nature and degree that the actor's failure to perceive the risk involves a gross deviation from the standard of care that a reasonable person would observe in the actor's situation considering the nature and purpose of the actor's conduct and the circumstances known to the actor." |
| 4. | Colorado | Colo. Rev. Stat. § 18-1-501<br>"(3) 'Criminal negligence'. A person acts with criminal negligence when, through a gross deviation from the standard of care that a reasonable person would exercise, he fails to perceive a substantial and unjustifiable risk that a result will occur or that a circumstance exists." |

1

|   | **State** | **Citation to statute or case law** |
|---|---|---|
| 5. | Connecticut | Conn. Gen. Stat. Ann. § 53a-3.<br>"(14) A person acts with 'criminal negligence' with respect to a result or to a circumstance described by a statute defining an offense when he fails to perceive a substantial and unjustifiable risk that such result will occur or that such circumstance exists. The risk must be of such nature and degree that the failure to perceive it constitutes a gross deviation from the standard of care that a reasonable person would observe in the situation." |
| 6. | Delaware | Del. Code Ann. tit. 11, § 231<br>"(a) 'Criminal negligence'. — A person acts with criminal negligence with respect to an element of an offense when the person fails to perceive a risk that the element exists or will result from the conduct. The risk must be of such a nature and degree that failure to perceive it constitutes a gross deviation from the standard of conduct that a reasonable person would observe in the situation." |
| 7. | Florida | Fla. Stat. § 373.430(4)<br>"A person who commits a violation specified in paragraph (1)(a) or paragraph (1)(b) due to reckless indifference or gross careless disregard commits a misdemeanor of the second degree."<br>*See also Aledda v. State*, 337 So. 3d 846, 850 (Fla. Dist. Ct. App. 2022) ("to sustain a conviction for the crime of culpable negligence, the State must establish that the defendant acted with . . . entire want of care which would raise the presumption of indifference to consequences") (internal quotation marks omitted); *cf. id.* at 850–51 ("when asked to determine whether a defendant's conduct constitutes criminal culpable negligence, the jury employs an objective, rather than a subjective, standard, i.e., the jury must decide what a reasonable person would do "under the circumstances surrounding the particular case." |
| 8. | Hawai'i | Haw. Rev. Stat. § 702-206<br>"(4)  'Negligently.' (a)  A person acts negligently with respect to his conduct when he should be aware of a substantial and unjustifiable risk taken that the person's conduct is of the specified nature.<br> (b)  A person acts negligently with respect to attendant circumstances when he should be aware of a substantial and unjustifiable risk that such circumstances exist.<br>(c) A person acts negligently with respect to a result of his conduct when he should be aware of a substantial and unjustifiable risk that his conduct will cause such a result.<br> (d)  A risk is substantial and unjustifiable within the meaning of this subsection if the person's failure to perceive it, considering the nature and purpose of his conduct and the circumstances known to him, involves a gross deviation from the standard of care that a law- abiding person would observe in the same situation." |

|    | State | Citation to statute or case law |
|----|-------|----------------------------------|
| 9. | Idaho | "The term 'criminal negligence,' . . . does not mean merely the failure to exercise ordinary care, or that degree of care which an ordinarily prudent person would exercise under like circumstances. It means gross negligence." *State v. Hintz*, 61 Idaho 411, 102 P.2d 639, 642–43 (1940) |
| 10. | Illinois | 720 Ill. Comp. Stat. § 5/4-7<br>"Negligence. A person is negligent, or acts negligently, when that person fails to be aware of a substantial and unjustifiable risk that circumstances exist or a result will follow, described by the statute defining the offense, and that failure constitutes a substantial deviation from the standard of care that a reasonable person would exercise in the situation." |
| 11. | Indiana | Ind. Code 13-11-2-138.5.<br>"For purposes of IC 13-30-10-1.5, a person acts 'negligently' when . . . (3) the risk of the person's action causing foreseeable injury to human health or the environment is of such a nature and degree that the failure to perceive it constitutes a gross deviation from the standard of care that an ordinary person would exercise in a similar circumstance." |
| 12. | Louisiana | La. Stat. Ann. § 14:12<br>"Criminal negligence exists when, although neither specific nor general criminal intent is present, there is such disregard of the interest of others that the offender's conduct amounts to a gross deviation below the standard of care expected to be maintained by a reasonably careful man under like circumstances." |
| 13. | Maine | 17-A Me. Rev. Stat. 35<br>"4. 'Criminal negligence.' . . . C. For purposes of this subsection, the failure to be aware of the risk, when viewed in light of the nature and purpose of the person's conduct and the circumstances known to the person, must involve a gross deviation from the standard of conduct that a reasonable and prudent person would observe in the same situation." |
| 14. | Missouri | Mo. Rev. Stat. § 562.016.5.<br>"A person 'acts with criminal negligence' or is criminally negligent when he or she fails to be aware of a substantial and unjustifiable risk that circumstances exist or a result will follow, and such failure constitutes a gross deviation from the standard of care which a reasonable person would exercise in the situation. |
| 15. | New Hampshire | N.H. Rev. Stat. Ann. § 626:2<br>"(d) 'Negligently.' A person acts negligently with respect to a material element of an offense when he fails to become aware of a substantial and unjustifiable risk that the material element exists or will result from his conduct. The risk must be of such a nature and degree that his failure to become aware of it constitutes a gross deviation from the conduct that a reasonable person would observe in the situation." |

|  | State | Citation to statute or case law |
|---|---|---|
| 16. | New Jersey | N.J. Rev. Stat. § 2C:2-2<br>"General requirements of culpability . . . (4) Negligently. A person acts negligently with respect to a material element of an offense when he should be aware of a substantial and unjustifiable risk that the material element exists or will result from his conduct. The risk must be of such a nature and degree that the actor's failure to perceive it, considering the nature and purpose of his conduct and the circumstances known to him, involves a gross deviation from the standard of care that a reasonable person would observe in the actor's situation. 'Negligently' or 'negligence' when used in this code, shall refer to the standard set forth in this section and not to the standards applied in civil cases." |
| 17. | New York | N.Y. Penal § 15.05<br>"Culpability; definitions of culpable mental states . . .4. 'Criminal negligence.' A person acts with criminal negligence with respect to a result or to a circumstance described by a statute defining an offense when he fails to perceive a substantial and unjustifiable risk that such result will occur or that such circumstance exists. The risk must be of such nature and degree that the failure to perceive it constitutes a gross deviation from the standard of care that a reasonable person would observe in the situation." |
| 18. | North Dakota | N.D. Cent. Code § 12.1-02-02<br>"1. For the purposes of this title, a person engages in conduct: . . . d. 'Negligently' if he engages in the conduct in unreasonable disregard of a substantial likelihood of the existence of the relevant facts or risks, such disregard involving a gross deviation from acceptable standards of conduct." |
| 19. | Oregon | Or. Rev. Stat. 161.085<br>"(10) 'Criminal negligence' or 'criminally negligent,' when used with respect to a result or to a circumstance described by a statute defining an offense, means that a person fails to be aware of a substantial and unjustifiable risk that the result will occur or that the circumstance exists. The risk must be of such nature and degree that the failure to be aware of it constitutes a gross deviation from the standard of care that a reasonable person would observe in the situation." |
| 20. | Pennsylvania | 18 Pa. Stat. § 302.<br>"(b) Kinds of culpability defined . . . (4) A person acts negligently with respect to a material element of an offense when he should be aware of a substantial and unjustifiable risk that the material element exists or will result from his conduct. The risk must be of such a nature and degree that the actor's failure to perceive it, considering the nature and intent of his conduct and the circumstances known to him, involves a gross deviation from the standard of care that a reasonable person would observe in the actor's situation." |

|  | State | Citation to statute or case law |
|---|---|---|
| 21. | Tennessee | Tenn. Code Ann. § 39-11-302<br>"(d) 'Criminal negligence' refers to a person who acts with criminal negligence with respect to the circumstances surrounding that person's conduct or the result of that conduct when the person ought to be aware of a substantial and unjustifiable risk that the circumstances exist or the result will occur. The risk must be of such a nature and degree that the failure to perceive it constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances as viewed from the accused person's standpoint." |
| 22. | Texas | Texas Penal Code § 6.03<br>"(d) A person acts with criminal negligence, or is criminally negligent, with respect to circumstances surrounding his conduct or the result of his conduct when he ought to be aware of a substantial and unjustifiable risk that the circumstances exist or the result will occur.  The risk must be of such a nature and degree that the failure to perceive it constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances as viewed from the actor's standpoint." |
| 23. | Utah | Utah Code § 76-2-103.<br>"A person engages in conduct: . . . (4) With criminal negligence or is criminally negligent with respect to circumstances surrounding his conduct or the result of his conduct when he ought to be aware of a substantial and unjustifiable risk that the circumstances exist or the result will occur. The risk must be of a nature and degree that the failure to perceive it constitutes a gross deviation from the standard of care that an ordinary person would exercise in all the circumstances as viewed from the actor's standpoint." |
| 24. | Washington | Wash. Rev. Code § 9A.08.010<br>"(1) Kinds of Culpability Defined . . . (d) CRIMINAL NEGLIGENCE. A person is criminally negligent or acts with criminal negligence when he or she fails to be aware of a substantial risk that a wrongful act may occur and his or her failure to be aware of such substantial risk constitutes a gross deviation from the standard of care that a reasonable person would exercise in the same situation." |
| 25. | Wyoming | Wyo. Stat. 6-1-104.<br>"(iii) 'Criminal negligence' is defined as the following conduct: A person acts with criminal negligence when, through a gross deviation from the standard of care that a reasonable person would exercise, he fails to perceive a substantial and unjustifiable risk that the harm he is accused of causing will occur, and the harm results. The risk shall be of such nature and degree that the failure to perceive it constitutes a gross deviation from the standard of care that a reasonable person would observe in the situation;" |

## II. STATE STATUTES OF LIMITATIONS FOR ENVIRONMENTAL CRIMES

The following 38 states employ a less-than-five-year statute of limitations for at least some environmental crimes. Those less-than-five-year statutes of limitations are cited below. States marked with an asterisk (*) also employ a statute of limitations of at least five years for some environmental crimes designated as felonies.

|  | State | Less-than-five-year statute of limitations applicable to environmental crimes |
|---|---|---|
| 1. | Alabama* | Ala. Code § 15-3-2 (one-year statute of limitations for misdemeanors) |
| 2. | Arizona* | Ariz. Rev. Stat. § 13-107(b)(2) (one-year statute of limitations for misdemeanors) |
| 3. | Arkansas | Ark. Code § 5-1-109 (three-year felony statute of limitations, one-year misdemeanor statute of limitations) |
| 4. | California | Cal. Penal Code §§ 801–802 (three-year felony statute of limitations, one-year misdemeanor statute of limitations) |
| 5. | Colorado | Colo. Rev. Stat. § 16-5-401 (three-year felony statute of limitations, eighteen-month misdemeanor statute of limitations) |
| 6. | Connecticut* | Conn. Gen. Stat. Ann. § 54-193(d) (one-year misdemeanor statute of limitations) |
| 7. | Delaware* | Del. Code. Ann. tit. 11 § 205(b)(3) (two-year misdemeanor statute of limitations) |
| 8. | Florida | Fla. Stat. § 775.15(2)(b)–(d) (three-year felony statute of limitations, one-to-two-year misdemeanor statute of limitations) |
| 9. | Georgia | Ga. Code Ann. § 17-3-1 (four-year felony statute of limitations, two-year misdemeanor statute of limitations) |
| 10. | Hawai'i | Haw. Rev. Stat. § 701-108 (three-year felony statute of limitations, one-to-two-year misdemeanor statute of limitations) |
| 11. | Idaho | Idaho Code § 19-403 (one-year misdemeanor statute of limitations) |
| 12. | Indiana* | Ind. Code § 35-41-4-2(a)(2) (two-year misdemeanor statute of limitations) |
| 13. | Iowa | Iowa Code § 802.3 (three-year statute of limitations for aggravated or serious misdemeanors) |
| 14. | Louisiana | La. Code Crim. Proc. Ann. art. 572.A.(3) (two-year misdemeanor statute of limitations) |
| 15. | Maine | Me. Stat. tit. 17-A, § 8(2) (three-year statute of limitations for "Class E" crimes) |
| 16. | Maryland | Md. Code Ann., Env't § 1–303 (three-year statute of limitations for environmental crimes) |
| 17. | Minnesota* | Minn. Stat. § 628.26(j) (three-year misdemeanor statute of limitations) |

|     | State | Less-than-five-year statute of limitations applicable to environmental crimes |
| --- | --- | --- |
| 18. | Mississippi | Miss. Code Ann. § 99-1-5 (two-year statute of limitations) |
| 19. | Missouri | Mo. Rev. Stat. § 556.036 (three-year felony statute of limitations, one-to-two-year misdemeanor statute of limitations) |
| 20. | Montana* | Mont. Code. Ann. § 45-1-205(2)(b) (one-year misdemeanor statute of limitations) |
| 21. | Nebraska | Neb. Rev. Stat. § 29-110(1)–(2) (three-year felony statute of limitations, twelve-to-eighteen-month misdemeanor statute of limitations) |
| 22. | Nevada | Nev. Rev. Stat. § 171.085(2) & § 171.090(1) (three-year felony statute of limitations, two-year statute of limitations for gross misdemeanors) |
| 23. | New Hampshire | N.H. Rev. Stat. Ann. § 625:8.I(c) (one-year misdemeanor statute of limitations) |
| 24. | New Mexico* | N.M. Stat. Ann. § 30-1-8 (one-to-two-year misdemeanor statute of limitations) |
| 25. | New York* | N.Y. Crim. Proc. Law § 30.10(c) (two-year misdemeanor statute of limitations) |
| 26. | North Carolina* | N.C. Gen. Stat. § 15-1 (two-year misdemeanor statute of limitations) |
| 27. | North Dakota | N.D. Cent. Code § 29-04-02 & § 29-04-03 (three-year felony statute of limitations, two-year misdemeanor statute of limitations) |
| 28. | Ohio* | Ohio Rev. Code. Ann. § 2901.13(A)(1)(b) (two-year misdemeanor statute of limitations) |
| 29. | Oklahoma | Okla. Stat. tit. 22 § 152.H (three-year statute of limitations for "public offenses") |
| 30. | Oregon | Or. Rev. Stat. § 131.125(8)(a) & (b) (three-year felony statute of limitations, two-year misdemeanor statute of limitations) |
| 31. | Tennessee | Tenn. Code Ann. § 40-2-101(b)(4) & § 40-2-102(a) (two-year felony statute of limitations, one-year misdemeanor statute of limitations) |
| 32. | Texas | Tex. Code Crim. Proc. Ann. art. 12.01(8) & Art. 12.02 (three-year felony statute of limitations, two-year misdemeanor statute of limitations) |
| 33. | Utah | Utah Code Ann. § 76-1-302(1)(a), (b) (four-year felony statute of limitations, two-year misdemeanor statute of limitations). |
| 34. | Vermont | Vt. Stat. Ann. tit. 13 § 4501(e) (three-year statute of limitations for felonies and misdemeanors). |
| 35. | Virginia | Va. Code. Ann. § 62.1-44.32(d) (three-year limitation period from discovery of offense). |
| 36. | Washington | Wash. Rev. Code § 9A.04.080(1)(j) (two-year statute of limitations for gross misdemeanors) |
| 37. | West Virginia* | W. Va. Code § 61-11-9 (one-year misdemeanor statute of limitations) |
| 38. | Wisconsin | Wis. Stat. § 939.74(1) (three-year misdemeanor statute of limitations) |