# Attachment 3

## MEMORANDUM OF AGREEMENT

## BETWEEN THE STATE OF NEW JERSEY

## AND THE DEPARTMENT OF THE ARMY

I.   PURPOSE AND AUTHORITY

A.   Section 404(g) thru (l) of the Clean Water Act of 1977 (CWA) Public Law 92-500, as amended by Public Law 95-217, 33 U.S.C. 1344(g) through (l) authorizes the Administrator of the United States Environmental Protection Agency (EPA) to approve a state administered program for the assumption of the Section 404 permit program for certain waters of that state.  The EPA has promulgated regulations at 40 C.F.R. Part 233 outlining its requirements for approving a State Program.

B.   The State of New Jersey (State) is submitting its program for the assumption of the Section 404 program in compliance with the above cited authorities.  This Memorandum of Agreement (MOA) between the State and the Corps fulfills the requirements of 40 C.F.R. Section 233.14.

C.   Section 404 of the Clean Water Act authorizes the Secretary of the Army, acting through the Chief of Engineers, to regulate the discharge of dredged or fill material into waters of the United States.  The Corps' North Atlantic Division, acting through the New York and Philadelphia Districts, currently administers the Section 404 program in the State.  The Division Engineer, North Atlantic Division, has been delegated the authority to enter into this Memorandum of Agreement.

D.   The New Jersey Department of Environmental Protection and Energy (NJDEPE) pursuant to the Freshwater Wetlands Protection Act (FWPA), P.L. 1987, c.156 (codified at 13:9B-1 et seq.), is authorized to issue permits for regulated activities conducted in State regulated waters, including the discharge of dredged and fill material.  The Commissioner of the NJDEPE is given the authority to issue permits pursuant to the FWPA and is the state official charged with administering the State Program when assumed in accordance with 40 CFR part 233.

II.  EFFECTIVE DATE AND REVISIONS

A.   This MOA will become effective upon approval of the State Program by the Administrator of the EPA.

B.   This MOA, and procedures established in conformance with it, shall be reviewed as necessary by the NJDEPE and the Corps.  This agreement may be modified upon the initiative of

either party.  Amendments to this agreement shall be in writing, and shall become effective upon the signature of both parties. Amendments shall be made in conformance with 40 C.F.R. 233.16.

    C.    This MOA will remain in effect until such time as NJDEPE's program authorization is withdrawn or is voluntarily transferred by NJDEPE to the Corps according to the criteria i procedures established in 40 C.F.R. 233.53.

III.  STATE WATERS TO BE REGULATED

    A.    All waters of the United States, as defined at 40 C.F.R. Section 232.2(q), within the State of New Jersey will be regulated by NJDEPE as part of their State Program, with the exception of those waters which are presently used, or are susceptible to use in their natural condition or by reasonable improvement as a means to transport interstate or foreign commerce shoreward to their ordinary highwater mark, including all waters which are subject to the ebb and flow of the tide shoreward to their mean high water mark, including wetlands adjacent thereto.  For the purposes of this agreement, the Corps will retain regulatory authority over those wetlands that are partially or entirely located within 1000 feet of the ordinary high water mark or mean high tide of the Delaware River, Greenwood Lake, and all water bodies which are subject to the ebb and flow of the tide.

    State waters will generally be determined by superimposing Head of Tide data on the State's freshwater wetlands quarter quadrangles which are at a scale of one inch equals 1000 feet.  A line will be established parallel to and 1000 feet from the ordinary high water mark or mean high tide of the waters described above.  The Corps will retain jurisdiction over all wetlands which are waterward of, or intersected by, the jurisdictional line described above.

    In those waters over which NJDEPE does not assume jurisdiction under the State Program, NJDEPE will retain jurisdiction under State law, and both State and federal requirements will apply.

    B.    Bodies of water over which NJDEPE will not assume program jurisdiction include, but are not limited to:

    1.    The entire length of the Delaware River and adjacent wetlands, as described in A. above, within the State of New Jersey;

    2.    Waters of the United States falling under the jurisdiction of the Hackensack Meadowlands Development Commission;

    3.    Greenwood Lake and adjacent wetlands, as described in A. above;

4.    All tidal waterbodies to the head of tide and adjacent wetlands, as described in A. above; and

5.    All waterways not included in 1-4, above, that are served by an existing or proposed federal navigation project, and adjacent wetlands.  The Philadelphia and New York Districts will provide NJDEPE with a listing of such projects and update those lists as necessary.

C.    Modifications to the extent of State regulated waters will be made when the Corps makes a navigability determination in accordance with the provisions of 33 C.F.R.  Part 329 (1987) that the waterway is presently used or is susceptible to use in its natural condition or by reasonable improvement as a means to transport interstate or foreign commerce.  Modifications will be made according to the provisions of section II. B. of this MOA.

## IV.   JOINT PROCESSING PROCEDURES

In areas where NJDEPE and the Corps have concurrent regulatory jurisdiction, NJDEPE and the Corps agree to establish and follow Joint Processing Procedures.  These procedures will significantly reduce both duplicative regulatory effort by NJDEPE and the Corps, and duplicative requirements upon applicants for NJDEPE and Corps permits.  The procedures include joint applications, designating NJDEPE as the lead agency for jurisdictional determinations/letters of interpretation, and programmatic general permits to be issued by the Corps under the authority of 33 C.F.R. Section 325.5(c) (3).

## V    PERMITS AND PENDING PERMIT APPLICATIONS

### A    INDIVIDUAL PERMITS

Department of the Army Individual permits issued prior to the date of assumption for regulated activities in assumable waters shall remain in effect for the purposes of Section 404 after State assumption.  These permits shall continue to be effective for the original duration established by the Corps. Requests for extensions or modifications of the above described permits, after the date of assumption, shall be made to NJDEPE.

### B.    NATIONWIDE PERMITS

On November 22, 1991, the Chief of Engineers issued thirty-seven (37) nationwide permits which authorize many regulated activities, 51 Fed. Reg. 41254 (codified at 33 C.F.R. Section 330).  However, the Nationwide permits adopted on November 22, 1991 do not constitute a basis for exemption from the FWPA and therefore permits under the State Program are required.

C.    REGIONAL PERMITS (STATE PROGRAM GENERAL PERMITS)

After assumption of the 404 program by NJDEPE, the Corps
will no longer issue regional permits in waters subject to
regulation under the State Program.  Authorizations approved
prior to the date of assumption, under existing State program
general permits issued by the Corps District Engineer, for
regulated activities in assumable waters, shall remain in effect
for the purposes of Section 404 after State assumption.  These
authorizations shall continue to be effective for the original
duration established by the Corps.  Requests for extensions or
modifications of the above described permits, after the date of
assumption, shall be made to NJDEPE.

D.    STATEWIDE GENERAL PERMITS

Authorizations approved prior to the date of assumption
under Statewide general permits issued by the Commissioner of the
NJDEPE for regulated activities in assumable waters, shall remain
in effect for the purposes of Section 404 after State assumption.
These permits shall continue to be effective for the original
duration.

E.    Upon notification of program approval from the
Administrator of EPA, the Corps will transfer to the NJDEPE any
pending permit application files within the area of State
regulated waters.  The Corps will however, retain the records
pertaining to completed, currently valid permits and
authorizations in order that the Corps may continue to administer
and enforce the terms and conditions of these permits.  However,
upon request by the Corps, NJDEPE will assist in administering
and enforcing the terms and conditions of specific permits.

VI.  REVIEW OF APPLICATIONS FOR STATE PROGRAM PERMITS

A.    The Corps reserves the right to review applications for
permits to be issued under the State Program, for projects which,
due to their size or scale, may have an impact upon navigation in
Navigable Waters of the United States as defined at 33 C.F.R.
Part 329, and projects involving discharges which could have an
impact upon existing or proposed Corps projects.  The Corps shall
provide a list to the NJDEPE of proposed Corps projects which may
be impacted by projects proposed by other persons.  The Corps
agrees to update this list as necessary.

VII.  ENFORCEMENT

A.    In those waters subject to the State Program, the Corps
will not be responsible for enforcing against unauthorized
discharges of dredged and fill material in violation of the CWA
which occur after the effective date of this MOA.

NJDEPE will take timely and appropriate enforcement action

against persons in violation of the State Program permit
conditions and against persons conducting unauthorized discharges
of dredged or fill material into state regulated waters pursuant
to N.J.A.C. 7:7A-15.

     B.   The Corps will retain the records and responsibility for
enforcement actions for unauthorized activities which occurred
prior to the effective date of the FWPA.

     C.   For those unauthorized activities which occurred after
the effective date of the FWPA but prior to the effective date of
this MOA, which are the subject of ongoing enforcement actions by
both the State and the Corps, the Corp agrees to transfer the
lead for these cases to the State.   However, upon request by the
NJDEPE, the Corps will assist in resolving specific cases.   The
NJDEPE will notify the Corps of the proposed resolution of
transferred cases.   If the Corps does not disagree with the
action to be taken by the State, then the resolution of an action
by the State will also constitute resolution of the Federal
action.   If there is a disagreement or an unusual circumstance
concerning a violation, the parties to this agreement retain
authority to independently pursue resolution of a violation.

STATE OF NEW JERSEY

Date: **3-4-97**

By: _____
Scott A. Weiner, Commissioner
State of New Jersey
Department of Environmental Protection
and Energy

DEPARTMENT OF THE ARMY

Date: _____

By: _____
PAUL Y. CHINEN, Brigadier General
United States Army
Division Engineer
North Atlantic Division

5

25