**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, et al., | |
| Plaintiffs, | |
| v. | CASE NO. 1:21-cv-00119 (RDM) |
| U.S. ENVIRONMENTAL PROTECTION AGENCY, et al., | |
| Defendants. | |

**PLAINTIFFS' REBUTTAL TO INTERVENORS' POST-HEARING MEMORANDUM**

Plaintiffs, by and through undersigned counsel, respectfully submit this brief response to Florida's Post-Hearing Memorandum, Dkt. 127-1 to 127-4.  As a general matter, Plaintiffs submit that the Court should disregard unsubstantiated factual assertions in the Post-Hearing Memorandum that are not supported by the record.  Florida's final arguments also lack merit.

As to Florida's assertions regarding "Endangered Species Review," Plaintiffs have shown that the State's application was not complete when submitted to EPA because it failed to demonstrate how the State would ensure against the issuance of permits that may jeopardize species or adversely modify or destroy critical habitat.  *See* Dkt. 98 at 32–33, 35, 72–75; Dkt. 104 at 87–90.  That Plaintiffs "had a copy" of the Biological Assessment ("BA") when they commented on Florida's application, Dkt. 127-1 at 2, does not change this because the BA *also* did not demonstrate that State-issued permits would not jeopardize species or adversely modify or destroy critical habitat.[1]  The BA expressly relied on the terms and conditions "anticipated" in

---

[1] Incidentally, although Plaintiffs obtained a copy of it, the BA was not included with Florida's application to EPA nor did EPA make it available to the public.

1

the forthcoming biological opinion and incidental take statement to claim that the State program would meet the endangered species criteria required for assumption. Dkt. 104 at 88.

Florida's account of how the State program's "technical team"[2] addresses protected species and involves various "commitments," Dkt. 127-1 at 3, does not contest the foundational problem that nothing *requires* USFWS to engage in the technical assistance process (beyond receiving and reviewing permit applications), directs *how* USFWS must go about making any determinations (if it chooses to make any) related to species impacts (such as using the best available science), or ensures that the technical assistance process is *enforceable* such that USFWS can be held accountable by Plaintiffs for its actions (or inaction). The fact remains that USFWS has unlawfully exercised authority granted under the Endangered Species Act to extend broad incidental take liability coverage while avoiding the statute's mandates.

Contrary to Florida's post-hearing argument, Dkt. 127-1 at 5, an incidental take statement is not required in light of a "no jeopardy" finding.[3] The ESA requires an incidental take statement when an agency has determined that incidental take *as a result of the action* is likely. 16 U.S.C. § 1536(b)(4). The ESA also requires the agency to first make that determination by performing rigorous analyses before extending liability protection for that incidental take. *Id.* § 1536(a)(2), (b)(3). But USFWS did no such thing here.

---

[2] The biological opinion's description of the role of the "technical team" does not include permit-level engagement or analysis. FWS-006028, at FWS-006105, FWS-006109.

[3] Nor is Florida's characterization of USFWS' consultation on New Jersey's 404 program, Dkt. 127-1 at 5, accurate. USFWS found that it could not agree with EPA that New Jersey's program as initially proposed would have no adverse effect on protected species. FWS-006144, at FWS-006155 (USFWS New Jersey MOA). Rather, USFWS concurred that the program would not likely adversely affect protected species only after the parties agreed that (1) USFWS would determine whether a permit would affect listed species or critical habitat, and (2) any permit that would affect species must be federalized. *Id.*, at FWS-006155, FWS-006161–62.

2

As to retained waters, Florida's post-hearing memorandum, Dkt. 127-1 at 6, does not show that there have been any changes to the retained waters list.  Nor does the memorandum contest that the allocation of authority over retained versus assumable waters was accomplished by EPA's approval of the Florida program in the manner stated in the program nor that such changes in the allocation of authority would require amendment by EPA.  Dkt. 104 at 85.  At most, Florida has indicated that the State and the Corps at times confer to determine whether a project is *in* a retained or assumed water; they are not able to alter which waters are retained or assumed without EPA approval.  And, as Plaintiffs stated at the hearing, Florida's only example involved conferrals with the Corps to determine whether certain coastal waters are tidally influenced.  This makes sense since Florida's program acknowledged that tidal waters must be retained but failed to identify them other than by saying they are tidal.  *See* Dkt. 102-1 at 16–17 (Wolfe Dec. ¶ 48); Dkt. 104 at 84–85, 113–14.

Florida's reliance on a subcommittee's accounting of the legislative history, Dkt. 127-1 at 6, should be given no weight, since that body lacked any legal authority to interpret the Clean Water Act and its description of the legislative history was incomplete, speculative, and unreliable.  The only relevant legislative report cited by the Defendants supports Plaintiffs' position.  *See* Dkt. 123 at 18 (citing H.R. Conf. Rep. 95-830); *see also* Dkt. 99 at 18–19 (citing the same report for a different purpose).  Even the memorandum directing the Corps to follow the majority recommendation on retained waters described this as a "policy" recommendation with which the author of the memorandum agreed.  CORPS004096, at CORPS004097.

Plaintiffs therefore respectfully request that the Court grant Plaintiffs' Motion for Summary Judgment, Dkt. 98, and deny the Defendants' and Florida's Cross-Motions for Summary Judgment, Dkt. 99; Dkt. 101.

Dated: October 30, 2023

    Respectfully submitted,

    /s/ Tania Galloni
    TANIA GALLONI*
    Fla. Bar No. 619221
    CHRISTINA I. REICHERT*
    Fla. Bar No. 0114257
    Earthjustice
    4500 Biscayne Blvd., Ste 201
    Miami, FL 33137
    T: 305-440-5432
    F: 850-681-0020
    tgalloni@earthjustice.org
    creichert@earthjustice.org

    /s/ Bonnie Malloy
    BONNIE MALLOY*
    Fla. Bar No. 86109
    Earthjustice
    111 S. Martin Luther King Jr. Blvd
    Tallahassee, FL 32301
    T: 850-681-0031
    F: 850-681-0020
    bmalloy@earthjustice.org

    /s/ Anna Sewell
    ANNA SEWELL
    D.C. Bar No. 241861
    Earthjustice
    1001 G St., Ste 1000
    Washington, DC 20001
    T: 202-667-4500
    asewell@earthjustice.org

    *Counsel for Plaintiffs*

    * Appearing *pro hac vice*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 30th day of October 2023 I electronically filed the foregoing using the CM/ECF system. Service was accomplished by the CM/ECF system.

Respectfully submitted,

/s/ Tania Galloni
TANIA GALLONI
Fla. Bar No. 619221
Earthjustice
4500 Biscayne Blvd., Ste 201
Miami, FL 33137
T: 305-440-5432
F: 850-681-0020
tgalloni@earthjustice.org
