IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>U.S. ENVIRONMENTAL PROTECTION AGENCY, *et al.*,<br><br>    Defendants. | Case No. 1:21-cv-0119 (RDM) |

## FEDERAL DEFENDANTS' MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEF IN RESPONSE TO ISSUES RAISED IN PLAINTIFFS' SUPPLEMENTAL BRIEFS

Federal Defendants respectfully request leave to file the attached three-page supplemental brief outlining legislative history on the statutory definition of retained waters contained in Clean Water Act ("CWA") Section 404(g)(1), 33 U.S.C. § 1344(g)(1). Plaintiffs argued for the first time in their sur-reply that this definition, which omits any reference to "historic use" waters, should be read to implicitly incorporate a body of caselaw that treats historic use as a determinant of navigability in certain legal contexts. Dkt. 123 at 18. To bolster their argument about the scope of retained waters, Plaintiffs cited (again, for the first time) the legislative history of the 1977 Amendments to the CWA. *Id.* And in their most recent supplemental filing, Plaintiffs urge the Court to confine its consideration of legislative history to the arguments that they raised in their sur-reply. Dkt. 129 at 3.

To the extent that the Court is inclined to consider legislative history in interpreting the statutory definition of retained waters, it should do so with the benefit of fuller briefing on this issue. The attached brief provides background essential for a complete understanding of the process by which Section 404(g)(1)'s definition of retained waters became law. Federal

1

Defendants did not address this legislative history in prior briefing because: (1) Section 404(g)(1)'s text plainly omits historic use waters; and (2) before to their sur-reply, Plaintiffs never argued that legislative history supported their position on the scope of retained waters. Now that Plaintiffs have raised the legislative history of Section 404(g)(1)'s retained waters definition in two supplemental filings, Federal Defendants respectfully request the opportunity to be heard.

In requesting leave to file this narrowly targeted supplemental brief, Federal Defendants do not concede that any of the other arguments or assertions that Plaintiffs raised in their supplemental filing are legally or factually correct, and Federal Defendants would welcome the opportunity to address those arguments through additional briefing or argument, should the Court find it useful.

Pursuant to LCvR 7(m), undersigned counsel certify that they conferred with the other parties before filing this motion. Plaintiffs oppose the motion; Defendant Intervenors take no position.

Dated: November 6, 2023

Respectfully submitted,

TODD KIM
Assistant Attorney General
Environment & Natural Resources Division
United States Department of Justice

/s/ Andrew S. Coghlan
Andrew S. Coghlan (CA Bar 313332)
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044-7611
Tel: (202) 514-9275
Fax: (202) 514-8865
Email: Andrew.Coghlan@usdoj.gov

Alison C. Finnegan (PA Bar 88519)
United States Department of Justice

Environment & Natural Resources Division
Wildlife & Marine Resources Section
P.O. Box 7611
Washington, DC 20044-7611
Tel: 202-305-0500
Email: Alison.C.Finnegan@usdoj.gov
*Attorneys for Federal Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on November 6, 2023, a true and correct copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system, which will send notification of this filing to the attorneys of record.

<u>/s/ Andrew S. Coghlan</u>