

**FLORIDA DEPARTMENT OF**
**Environmental Protection**

South District
PO Box 2549
Fort Myers FL  33902-2549
SouthDistrict@FloridaDEP.gov

**Ron DeSantis**
Governor

**Jeanette Nuñez**
Lt. Governor

**Shawn Hamilton**
Secretary

December 1, 2023

<u>Via E-Mail</u>

Tania Galloni
Managing Attorney
Earthjustice
4500 Biscayne Blvd., Suite 201
Miami, Florida 33137

Dear Ms. Galloni:

Thank you for your email of November 21, 2023 requesting that the Florida Department of Environmental Protection (FDEP) "postpone acting" on the permit application for the Kingston Project (DEP Application No. 423130-001). You requested a response within two business days (taking into account the intervening state holidays for Thanksgiving). We have endeavored to prepare a response within a reasonable timeframe. The referenced project remains under review and is part of an ongoing public notice and comment process. FDEP has made no decision at this time whether to grant or deny a Section 404 permit for the Kingston Project.

**Public Comment Process for the Kingston Project**

FDEP received the Section 404 permit application for the Kingston Project in June 2022. Since receipt of the application, FDEP has submitted requests for additional information (RAIs) to the permit applicant and engaged in extensive permit review procedures including, for example, the Technical Assistance Process set forth in FDEP's Memorandum of Understanding with the U.S. Fish and Wildlife Service (USFWS). FDEP's permit file for this project contains individual records and is fully accessible to the public on a real-time basis. For Section 404 permit records related to the Kingston Project, please refer to FDEP's Information Portal.[1]

FDEP issued its first public notice for this permit application on November 20, 2022 (as shown on the Information Portal), which invites comments from the public.  As stated in the Public Notice announcing the comment period for this project, any person may request a public meeting (which should be submitted to Jonathan Guinn at P.O. Box 2549, Fort Myers, FL. 33902, or by electronic mail at SD[1]ERPcomments@dep.state.fl.us within the designated comment period). During the ongoing public comment process, FDEP is soliciting comments from the public; federal, state, and local agencies and officials; Indian Tribes; and other interested parties in order to consider and evaluate the impacts of this proposed activity. Comments are used to assess

---

[1] https://prodenv.dep.state.fl.us/DepNexus/public/electronic-documents/ST404_423130/facility!search

impacts to endangered species, historic properties, water quality, general environmental effects, and other public interest factors.

Please note that all written comments will be made part of the record. Any comments received will be considered by FDEP to determine whether to issue, modify, condition, or deny a permit. The determination whether a permit will be issued is based on an evaluation of all relevant factors, including the public comments received and the effects of the proposed project on the public interest, including, but not limited to, fish, wildlife, historical resources, and pollution. The specific permit decision criteria can be found in Chapter 62-331, Florida Administrative Code (F.A.C.). All comments received will be carefully reviewed and taken into consideration as FDEP takes final action on the permit application.

**Additional Steps Before Permit Action**

Similar to your other recent letter regarding the Bellmar Project, your e-mail requests information about "any other events (e.g., public hearing) that will occur before FDEP acts on the Kingston permit." FDEP will consider requests for a public meeting. If a public meeting is held, that decision will be announced via public notice. Importantly, the end of the public meeting is *not* the end of the Section 404 permitting process. For example, pursuant to rule 62-331.060(3)(c), F.A.C., the "public notice comment period shall automatically be extended to the close of any public meeting, if one is held. The presiding officer may also extend the comment period at the public meeting." Moreover, FDEP may request additional information as necessary during its review of any information that FDEP receives during the public comment period, at a public meeting, or during federal review. Rule 62-331.052(1)(c), F.A.C.

Likewise, the federal review process would need to be completed prior to FDEP final action on the permit, per rule 62-331.052(3), F.A.C., and the Florida 404 Handbook, Section 5.2.5. EPA may request to comment on the permit application. As explained in FDEP-EPA Memorandum of Agreement for the Section 404 Program, EPA reserves the right to object within 90 days based upon information received during the public comment period. If FDEP has been so notified, the permit shall not be issued until after the receipt of such comments or 90 days of EPA's receipt of the public notice, draft general permit or FDEP's response (40 C.F.R. § 233.31(a)), whichever comes first. If, during the federal review process, FDEP receives an EPA objection or requirement for a permit condition, FDEP will not issue the permit unless the steps required by EPA to eliminate the objection or condition the permit have been taken. Rule 62-331.052(3)(b)2., F.A.C. Additionally, within 90 days after FDEP receives an EPA objection or requirement for a permit condition, FDEP or any interested party may request that the EPA hold its own separate public meeting on the objection or requirement.

Moreover, as part of the EPA-led federal review process, EPA provides a copy of each public notice and other information needed for review of the application to the U.S. Army Corps of Engineers, the USFWS, and NMFS within 10 days of receipt. If these agencies wish to comment, they so notify EPA within 15 days, and submit their comments to EPA within 50 days of such receipt. EPA will then determine whether to comment, object, or to require permit conditions, as noted above.

**To be clear, FDEP has made no decision at this time whether to grant or deny the permit for the Kingston Project**. As with other projects, FDEP will continue to review and consider all comments received during the ongoing public notice and comment process and subsequent review periods. When a determination is made whether to grant or deny a permit request, FDEP's determination is subject to challenge in an administrative hearing before the Florida Division of Administrative Hearings. As such, FDEP's issuance or denial of a permit is not final agency action if an administrative challenge is timely filed. *See* Fla. Stat. § 120.569, § 120.57. The "administrative hearing process is designed to formulate agency action" so FDEP's "final action may be different from the proposed agency action and may result in the issuance of a permit as requested by the applicant or as modified in the course of the [administrative] proceeding or by settlement." Rule 62-110.106(7)(e)(2), F.A.C.

**Species Review**

Your letter also raises concerns about the species review process for the Kingston Project. That process is ongoing, as shown in the public records provided in the FDEP Information Portal. FDEP has been involved in closely reviewing potential impacts, including species impacts, for this permit application. For Section 404 permits, FDEP "shall incorporate as permit conditions all recommended impact avoidance and minimization measures (protection measures) provided by the Florida Fish & Wildlife Conservation Commission (FWC), USFWS, or NMFS under their respective authorities…." Florida 404 Handbook, Section 5.2.3. In all respects related to impacts to federally-protected species or habitat, the position of the USFWS always controls: "With regard to conclusions about the potential effects of a project on ESA-listed species, their critical habitats, or the effectiveness of proposed protection measures, the final USFWS position is determinative." BiOp at 41. The BiOp/ITS repeats this point to make it abundantly clear: "…final FWS conclusions regarding effects to species are determinative" and "USFWS conclusions regarding potential impacts and necessary measures to address impacts are determinative." BiOp at 40. The Memorandum of Understanding between FDEP, Florida Fish & Wildlife Conservation Commission, and USFWS also expressly states that "the final FWS position" is "determinative" for purposes of "potential effects on ESA-listed species or the effectiveness of proposed mitigation measures." As such, FDEP administers the 404 program fully committed to the requirement that any such determinations by USFWS are binding.

For awareness, the publicly accessible FDEP permit file for the Kingston Project contains the **USFWS Technical Assistance Process Response report**.[2] As shown in the response, USFWS conducted an in-depth review whether the Kingston Project had "adequate protection measures to avoid and minimize any incidental take that is reasonably certain to occur." As such, USFWS provided a list of "necessary avoidance and minimization measures (AMMs)" that FDEP must adopt in order to "ensure that the permitted activity is not likely to jeopardize any species, adversely modify or destroy critical habitat or to ensure that any incidental take is avoided or minimized." The USFWS response provides "Additional and Necessary Avoidance and Minimization Measures" for species and critical habitat that are likely to be adversely affected by the project, including the Florida panther, the Florida bonneted bat, Audubon's crested caracara,

---

[2] *See* FDEP Information Portal, "001 USFWS STATE 404 PERMIT REVIEW,"
https://prodenv.dep.state.fl.us/DepNexus/public/electronic-documents/ST404_423130/facility!search.

the tricolored bat, and the Eastern indigo snake. The USFWS response also provides analysis of the action area, status of species, effects of the action, cumulative effects, amount of take (including numeric estimates), and jeopardy assessment. As shown in the FDEP Information Portal, FWC has coordinated with USFWS in the review of measures necessary to ensure the conservation of Florida's federally and state-listed wildlife and their habitats,[3] and has identified conditions and other provisions related to conservation of the Florida panther, Florida bonneted bat, Everglade snail kite, Red-cockaded woodpecker, Audubon's crested caracara, Florida scrub-jay, and other species.

Other relevant documents currently available via the FDEP Information Portal file also address species impacts issues, such as (among other materials):

- Comments, recommendations, and permit conditions provided by the Florida Fish & Wildlife Conservation Commission in coordination with the U.S. Fish and Wildlife Service, including "Species Conditions for the Kingston State 404 Permit," other "Special Conditions" resulting from "completion of technical assistance between the U.S. Fish and Wildlife Service and the Florida Department of Environmental Protection," and other similar items;
- Applicant-prepared Biological Assessment (containing 550 pages of documentation), including Species Survey, and the Revised Biological Assessment submitted in December 2022;
- Applicant-prepared Environmental Supplement (containing over 600 pages of documentation); and
- Various other requests for additional information (with responses) addressing species-specific issues.

Altogether, the FDEP permit file currently contains extensive species-related information and analysis, including information related to the Florida panther. FDEP received a letter dated October 25, 2023 from several organizations regarding the status of an ongoing USFWS cumulative impacts analysis. FDEP will consider any information provided by USFWS in the permit review process.

**Request for Postponement**

FDEP has considered your request that FDEP "postpone acting" on this permit application. As you are aware, FDEP is in the midst of an ongoing public notice and comment process for this permit application. To be clear, the public comment process is still ongoing. All comments received will be evaluated and considered by FDEP and will help to inform further agency consideration and actions related to the application. FDEP has undertaken a lengthy permit review process in close coordination with state and federal agencies and other stakeholders. Consistent with Rule 62-331.060(4), F.A.C., FDEP may hold a public meeting for a proposed project "if it is determined that there is a significant degree of public interest in the application." FDEP has discretion to hold a public meeting when it is "useful to a decision on the permit application." If FDEP decides to hold a public meeting, FDEP will issue a public notice announcing the date, time, and location. To the extent new information becomes available, FDEP reserves the right to take that information into consideration as part of its determination. FDEP

---

[3] *See* FDEP Informational Portal, "FWC REVISED PUBLIC NOTICING COMMENTS."

may also reevaluate the circumstances and conditions of a permit at any time if sufficient cause exists, including but not limited to significant new information. Rule 62-331.080(2)(e), F.A.C.

FDEP welcomes your participation in the public comment process for this permit application. As that process remains ongoing and FDEP continues to evaluate information related to the permit, FDEP is not in a position to announce action, including action to postpone a decision, on this permit application at this time.

Thank you for your interest in this matter.

Sincerely,

*[signature: Jennifer Carpenter]*

Jennifer Carpenter
District Director
South District Office


cc:     Justin Wolfe, General Counsel (FDEP)