IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, et al., <br><br> Plaintiffs, <br><br> v. <br><br> U.S. ENVIRONMENTAL PROTECTION AGENCY, et al., <br><br> Defendants. | CASE NO. 1:21-cv-00119 (RDM) |

**UNOPPOSED MOTION TO SET ORAL ARGUMENT ON MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION BY PLAINTIFFS CENTER FOR BIOLOGICAL DIVERSITY AND SIERRA CLUB**

Plaintiffs Center for Biological Diversity and Sierra Club ("Plaintiffs") respectfully move the Court to set oral argument on their Motion for Temporary Restraining Order and Preliminary Injunction, Dkt. 135, for the week of January 29 to February 2, 2024.  In accordance with LCvR 65.1(d), Plaintiffs state the following facts:

1. On December 4, 2023, Plaintiffs filed a Motion for a Temporary Restraining Order and Preliminary Injunction, requesting a decision by December 7, 2023, to prevent the imminent issuance of state 404 permits for two projects that will destroy the habitat of, and result in take of, the ESA-listed Florida panther and crested caracara, and cause Plaintiffs irreparable harm: the Bellmar and Kingston projects.  Dkt. 135.

2. As described in the motion, the issuance of these permits had become imminent once the Florida Department of Environmental Protection ("FDEP") issued a final 30-day public notice for the Bellmar State 404 Permit Application on November 6, 2023, and for the Kingston State 404 Permit Application on November 20, 2023.  *Id.* at 8, 11–12.

1

3. FDEP and the Federal Defendants declined Plaintiffs' subsequent requests to postpone action on the permits until the Court rendered judgment on their claims related to ESA-listed species. *Id.* Although EPA retained the right to comment on the permit applications, it could waive that right at any time and without notice to the Plaintiffs, thereby allowing the state permits to issue. *Id.* at 11–12.

4. On December 5, 2023, the Court held a status conference. During the hearing, counsel for the U.S. Environmental Protection Agency ("EPA") advised the Court that he believed EPA would not act with regard to the permits for perhaps two weeks or more. The Court then ordered EPA to provide notice with respect to timing for this litigation by December 6, 2023, and ordered the parties to file a joint status report with respect to a briefing schedule by December 7, 2023. Minute Order, Dec. 5, 2023.

5. On December 6, 2023, EPA filed a Notice Regarding Timing of Action on Pending Permits. Dkt. 137. In that Notice, EPA committed to the Court that the agency would not take any action before January 26, 2024, with respect to the Bellmar permit, and would not take any action February 9, 2024, as to the Kingston permit. *Id.* at 1.

6. On December 7, 2023, the parties filed a Joint Status Report. Dkt. 138. In that report, the parties advised the Court that counsel for the Defendant-Intervenors had informed the Parties that FDEP would not be in a position to make a final determination on the Bellmar and Kingston permits before February 5, 2024. *Id.* at 2. The parties thus agreed that a decision on these permits could not issue before February 5, 2024. *Id.*

7. In light of the opposing parties' representations, Plaintiffs agreed to a briefing schedule that would allow the Federal Defendants and Intervenors to respond to the Motion by January 12, 2024, and for Plaintiffs to file a reply by January 26, 2024. *Id.*

8. Plaintiffs requested that the Court rule on the TRO by (Friday) February 2, 2024, *id.*, to prevent irreparable harm to Plaintiffs' interests, as the permits may issue as soon as (Monday) February 5, 2024.

9. Plaintiffs submitted that the proposed schedule was consistent with the Court's indication at the status conference that it would require a week from the conclusion of briefing to rule on the request for a TRO. *Id.*

10. Plaintiffs also noted that the proposed schedule would allow the opportunity for the Court to hold oral argument after the conclusion of briefing and before February 2, 2024. *Id.*

Based on the foregoing, Plaintiffs submit that they have established that expedition is essential, *see* LCvR 65.1(d), and respectfully request that the Court set oral argument on this matter for the week of January 29 to February 2, 2024.

In accordance with LCvR 7(m), Plaintiffs have conferred with counsel for the Federal Defendants, Florida Intervenors, and Tarpon Blue Silver King I, LLC d/b/a Collier Enterprises Intervenors, who have advised Plaintiffs that they do not oppose the relief requested. Opposing counsel have also advised the Plaintiffs that they are available on February 1, 2024 (as are counsel for the Plaintiffs). Counsel for the Federal Defendants have further advised Plaintiffs that they are not available on January 31, 2024.

Dated: January 9, 2024

Respectfully submitted,

/s/ Tania Galloni
TANIA GALLONI*
Fla. Bar No. 619221
CHRISTINA I. REICHERT*
Fla. Bar No. 0114257
Earthjustice
4500 Biscayne Blvd., Ste 201
Miami, FL 33137

3

T: 305-440-5432
F: 850-681-0020
tgalloni@earthjustice.org
creichert@earthjustice.org

/s/ Bonnie Malloy
BONNIE MALLOY*
Fla. Bar No. 86109
Earthjustice
111 S. Martin Luther King Jr. Blvd
Tallahassee, FL 32301
T: 850-681-0031
F: 850-681-0020
bmalloy@earthjustice.org

/s/ Anna Sewell
ANNA SEWELL
D.C. Bar No. 241861
Earthjustice
1001 G St., Ste 1000
Washington, DC 20001
T: 202-667-4500
asewell@earthjustice.org

*Counsel for Plaintiffs*

* Appearing *pro hac vice*

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of January 2024 I electronically filed the foregoing document using the CM/ECF system. Service was accomplished by the CM/ECF system.

Respectfully submitted,

/s/ Tania Galloni
TANIA GALLONI
Fla. Bar No. 619221
Earthjustice
4500 Biscayne Blvd., Ste 201
Miami, FL 33137
T: 305-440-5432
F: 850-681-0020
tgalloni@earthjustice.org