UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CENTER FOR BIOLOGICAL DIVERSITY, *et al.*,

    *Plaintiffs*,

v.

UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, *et al.*,

    *Defendants*,

and

STATE OF FLORIDA, *et al.*,

    *Defendant-Intervenors*.

Civil Action No. 21-119 (RDM)

MEMORANDUM IN SUPPORT OF MOTION TO INTERVENE
OF CAMERATTA COMPANIES, LLC
AND CAM7-SUB, LLC

Cameratta Companies, LLC and CAM7-Sub, LLC ("Cameratta") by and through their undersigned counsel hereby submit this Memorandum in Support of the Motion to Intervene pursuant to Federal Rule of Civil Procedure 24(a).[1]

---

[1] Cameratta has not accompanied this motion with an Answer to the Complaint pursuant to Fed. R. Civ. P. 24(c) given the nature of these proceedings. Cameratta's position on the TRO is clearly laid out in its brief and an answer to the challenge to the 404 assumption would add nothing to these proceedings other than another filing.

## BACKGROUND

Cameratta incorporates by reference its brief of *Amicus* Curiae. (Dkt. No. 146-2). In sum, Plaintiffs seek to halt the Florida's Department of Environmental Protection ("FDEP")'s consideration of the Kingston Project under the Section 404 permit program. Cameratta is the permit applicant for the Kingston Project and has invested millions of dollars obtaining the Project approvals. Cameratta seeks to intervene in this matter in order to protect its interests in the Project that the Plaintiffs seek to halt. The interest of Cameratta and the history of the Project are set forth in the Declaration of Joseph Cameratta. (Dkt. No. 146-3). The current conditions of the land, potential impacts of the Project, and future mitigation benefits are described in the Declaration of Shane Johnson (Dkt. No. 146-4), who was the environmental consultant for the Project and therefore the person most qualified to rebut Plaintiffs' mischaracterization of the nature of the Project and the potential harm to the species.

## ARGUMENT

Cameratta should be granted intervention of right under Fed. R. Civ. P. 24(a) because: (1) the motion to intervene is timely; (2) Cameratta has direct, substantial and legally protected interests in the permits which are the subject of Plaintiffs' TRO motion; (3) the disposition of this action may, as a practical matter, impair or impede those interests; and (4) the present parties to the action do not adequately represent Cameratta's interests. Moreover, as the prospective permittee for the Kingston Project, Cameratta would have Article III standing. Alternatively, the Court should allow Cameratta to permissively intervene pursuant to Fed. R. Civ. P. 24(b)(1)(B). The responses and defenses that Cameratta would assert present questions of law and fact in common with the underlying suit and would respond directly to Plaintiffs' claims. Cameratta's unique and valuable perspective on the underlying facts in this case specific to the Kingston Project

2

challenged by Plaintiffs' TRO Motion, including those covered in the Declarations of Joseph Cameratta and Shane Johnson, would aid the Court's understanding of the legal and factual issues and, thereby, assist in the efficient resolution of this action. Further, Permittees' motion to intervene is timely, the request is limited, and would not delay or prejudice the litigation.

## I.    CAMERATTA HAS STANDING

A party seeking "to intervene as another defendant," in this Circuit must "demonstrate Article III standing[.]" *Crossroads Grassroots Policy Strategies v. Federal Election Com'n*, 788 F.3d 312, 316 (D.C. Cir. 2015). The test for standing, as laid out in *Lujan v. Defenders of Wildlife*, requires the party seeking standing to demonstrate: (1) concrete and imminent injury, (2) causation, and (3) redressability. 504 U.S. 555, 560–61 (1992).

As the proponent of the project that Plaintiffs seek to halt, Cameratta can demonstrate that Plaintiffs' TRO Motion would result in concrete and particularized injury to its interests. While styled against the agencies, the relief Plaintiffs seek would harm Cameratta the most, with millions of dollars at stake and two years of work in processing the entitlements. Cameratta Dec. at ¶ 21 (Dkt. No. 146-3). Plaintiffs seek to interrupt this investment and render it meaningless, hence the alleged injury is "fairly traceable to the challenged conduct." *Lujan*, 504 U.S. at 560–61. Finally, it is "likely" that the injury would be redressed by a favorable decision – demonstrating that the injunction is unwarranted would ensure that Cameratta is not harmed by the relief Plaintiffs seek.

## II.   CAMERATTA IS ENTITLED TO INTERVENE AS A MATTER OF RIGHT

Federal Rule of Civil Procedure 24(a)(2) provides that "[o]n timely motion, the court *must permit* anyone to intervene who:

> …claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to

>protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(2) (emphasis added). Cameratta is entitled to intervene as of right because: (1) this motion is timely; (2) Cameratta has interests relating to the subject of the action; (3) disposition of this action may impair or impede Cameratta's ability to protect those interests; and (4) the existing parties do not adequately represent those interests.

A)   Cameratta's Motion is Timely

As the Supreme Court has noted, "[t]imeliness is to be determined from all the circumstances . . . [and] by the court in the exercise of its sound discretion." *NAACP v. New York,* 413 U.S. 345, 366 (1973). In assessing timeliness, this Circuit considers factors such as: (1) the time elapsed since the inception of the suit, (2) the purpose for which intervention is sought, (3) the necessity for intervention as a means of preserving the applicant's rights, and (4) the improbability of prejudice to those already parties in the case. *United States v. Am. Tel. & Tel. Co.*, 642 F.2d 1285, 1295 (D.C. Cir. 1980). Cameratta satisfies these factors of timeliness.

Cameratta has sought to intervene in a timely manner. Plaintiffs filed their motion on December 4, 2023. (Dkt. No. 135). Upon learning of the challenge to the Kingston Project, Cameratta initially sought leave to file an amicus brief in order to avoid burdening the Court with additional parties in this matter. While accepting that unopposed brief, the Court rejected Cameratta's declarations as outside of the factual record before the court. (01/22/24 Minute Order). Yet, Cameratta's declarations contain highly relevant factual information specific to the Kingston Project that would not otherwise be adequately represented in this proceeding. Plaintiffs' TRO Motion presents a one-sided perspective of the Kingston Project, and they discuss the Project at length. (Dkt. No. 135 17-20). Plaintiffs claim, among other things, that the Kingston Project will result in irreparable harm to the Panther and other species, (Dkt. No. 135 at 12, 20), and submit

4

the Declaration of Dr. Frakes to provide a purported expert analysis of the project. (Dkt. No. 135-1 at 24-30). Yet, Dr. Frakes has no individual knowledge of the Project, unlike Cameratta's declarants. The other declarations submitted in relation to Plaintiffs' TRO Motion also discuss and criticize the Kingston Project in various manners. (Dkt Nos. 135-2; 135-3; 135-4).

Cameratta's declarations uniquely address Plaintiffs' characterization of the Kingston Project through direct knowledge of the Project by its developer and expert consultant, and also explain the potential harm to Cameratta if the relief Plaintiffs seek is granted. The facts that the declarations contain are essential to the Court's understanding of the Kingston Project and what is at stake in this matter. Given that Plaintiffs have chosen to drag Cameratta into this fight, Cameratta only seeks a fair opportunity to be heard.

Intervention at this point of the proceedings will not delay this action or otherwise prejudice the parties. The hearing has not yet been held and Cameratta seeks only to file the declarations that accompanied its *Amici* Brief. Accepting the declarations will not delay this action nor will it negatively impact the parties to this matter, who did not oppose the *Amici* Brief and were already served the declarations as part of the *Amici* Brief.

B) <u>Cameratta Has a Legally Protected Interest in the Kingston Project</u>

Cameratta easily satisfies the second requirement of Rule 24(a)(2) in that it has "an interest relating to the property or transaction which is the subject matter of the action." Fed. R. Civ. P. 24(a)(2). "'An intervenor's interest is obvious when [it] asserts a claim to property that is the subject matter of the suit.'" *Fund for Animals, Inc. v. Norton*, 322 F.3d 728, 735 (D.C. Cir. 2003) (quoting *Foster v. Gueory*, 655 F.2d 1319, 1324 (D.C. Cir. 1981)). As stated in the Declaration of Joseph Cameratta, Cameratta has a direct financial stake in the investment of land and in the work

5

on permitting this Project.  This is a recognized financial interest.  *Dimond v. Dist. Of Columbia*, 792 F.2d 179, 193 (D.C. Cir. 1986)

Moreover, courts routinely recognize that permittees have legally protected interests in federal entitlements when such authorizations are at risk from third-party challenges.  *See e.g., County of San Miguel, Colorado v. MacDonald,* 244 F.R.D. 36, 47 (D.D.C. 2007) (interests in land); *Sierra Club v. Glickman*, 82 F.3d 106, 109 (5th Cir. 1996) (farmers who have the right to pump water under government programs being challenged have legally protected interest); *Sierra Club v. Envtl. Prot. Agency*, 995 F.2d 1478, 1482 (9th Cir. 1993) (owner of facility that received CWA permit had legally protected interest in litigation that sought to invalidate the permit); *Sierra Club, Inc. v. U.S. Army Corps of Eng'rs*, No. 08-750, 2009 WL 2525481 at * 2 (M.D. Fla. Aug. 17, 2009) (mining company has a legally protectable interest in extraction permits). Cameratta merely seeks to protect its reasonable investments in Kingston.

C)   <u>Cameratta's Interests May be Impeded or Impaired by the Disposition of this Litigation.</u>

Intervention aims to protect interests that "are of such a direct and immediate character that the intervenor will either gain or lose by the direct legal operation and effect of the judgment." *United States v. AT&T*, 642 F.2d 1285, 1292 (D.C. Cir. 1980).  In evaluating this factor, a court will consider "the 'practical consequences' of denying intervention." *Fund for Animals*, 322 F.3d at 735.

Plaintiffs have requested a TRO to enjoin the parties from taking any action furthering the issuance of the Kingston permit. (Dkt. No. 135 at 36).  Cameratta's practical and financial interests will be impaired because Cameratta will – at best – incur further delay in developing this Project, which has already been thoroughly reviewed by multiple regulatory agencies, while while paying the substantial additional costs of further environmental review, carrying costs, as well as lost

opportunity costs associated with delayed return on the investments. Courts have previously found that parties' interests are practically impaired if they "have to start over again" to obtain necessary government approvals. *Natural Res. Def. Council, Inc. v. US EPA*, 99 F.R.D. 607, 609 (D.D.C. 1983).  If denied intervention, the practical impact would be that Cameratta would be unable to participate in the defense of their entitlements.  As such, this case clearly threatens to impair or impede the interests of Cameratta.

        D)        <u>The Current Parties Do Not Adequately Represent Cameratta's Interests</u>

Given that Cameratta has significant protectable interests that may be impaired by the disposition of this litigation, Cameratta has the right to intervene as long as its interests *may* not be adequately represented by the existing parties. Fed. R. Civ. P. 24(a)(2) (emphasis added). The Supreme Court has held that an intervenor bears the "minimal" burden of satisfying this fourth element of Rule 24(a)(2) by demonstrating that representation of his interest "may be" inadequate. *Trbovich v. United Mine Workers of America,* 404 U.S. 528, 538 n.10 (1972).  In this case, it is readily apparent that none of the existing parties will adequately represent Cameratta's interests.

The primary Defendants are federal and state agencies, and employees which are sued in their official capacities, as the individuals who head these agencies.  Courts have often recognized that government entities do not adequately represent the interests of private intervenors. See e.g., *Fund for Animals*, 322 F.3d at 736-37; *Dimond*, 792 F.2d at 192-93 ("A government entity such as the District of Columbia is charged by law with representing the public interest of its citizens. State Farm, on the other hand, is seeking to protect a more narrow and 'parochial' financial interest not shared by the citizens of the District of Columbia.").  While these defendants may generally share the desire of Cameratta to defend the regulatory process governing the Kingston Project, the

7

government represents the interests of its citizens as a whole. *Hardin v. Jackson*, 600 F. Supp. 2d 13, 16 (D.D.C. 2009).

The project proponent for Bellmar, Collier Enterprises, does not represent the interests of Kingston. In many ways, Cameratta is a competitor of Collier Enterprises, and Cameratta cannot rely on that entity to defend Cameratta's interests. Furthermore, the Kingston Project and the Bellmar project are completely different, unrelated projects. Cameratta has unique information concerning the nature of the Kingston Project that go directly to the elements of the TRO that do not apply to the Bellmar project. Proponents of the Bellmar project do not have intimate knowledge of the Kingston Project that would be served by Cameratta's declarations. Cameratta's two declarations provide essential factual material that will not be in front of the Court without Cameratta's participation.

## III. ALTERNATIVELY, THE COURT SHOULD GRANT PERMISSIVE INTERVENTION

Notwithstanding the above, the Court also has discretion to grant permissive intervention pursuant to Rule 24(b)(2):

> Upon timely application anyone may be permitted to intervene in an action . . . when an applicant's claim or defense and the main action have a question of law or fact in common. . . . In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

Fed. R. Civ. P. 24(b)(2). To meet the standard of permissive intervention, the intervenor applicant must submit a timely motion and demonstrate a common question of law and fact between the applicant's claim or defense and the main action.

The Plaintiffs' request for relief in this case clearly threatens the property and economic interests of Cameratta. To protect those interests, Cameratta must be able to respond directly to

the Plaintiffs' claims and assert defenses that present questions of law and fact in common with the underlying suit. Common questions of law and fact exist between Cameratta's defense and the Plaintiffs' action, namely the adequacy of the technical review of the Kingston Project and the potential environmental benefits.

    Finally, Cameratta's intervention is timely and will not cause undue delay or prejudice the original parties. The same four-part analysis of the timeliness of a motion for intervention by right, which was fully described in the proceeding section, applies to a motion for permissive intervention.

Date: January 23, 2024          Respectfully submitted,

    HOLLAND & KNIGHT LLP

    By: /s/ Rafe Petersen
    Rafe Petersen (Bar ID No: 465542)
    Alexandra E. Ward (Bar ID No. 1688003)
    800 17th Street NW, Suite #1100
    Washington, D.C. 2006
    rafe.petersen@hklaw.com
    (202)419-2481

    Chené M. Thompson (pro hac pending)
    Fla. Bar No. 0541540
    Pavese Law Firm
    1833 Hendry Street
    Fort Myers, FL 33901

    *Attorneys for Cameratta Companies, LLC and CAM7-SUB, LLC*

#239854877_v1