IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CENTER FOR BIOLOGICAL DIVERSITY, *et al.*,

    *Plaintiffs*,

    v.

MICHAEL S. REGAN, *et al.*,

    *Defendants*.

Civil Action No. 21-119 (RDM)

---

**FLORIDA INTERVENORS' REPLY ON REMEDY**

---

Florida Intervenors submit this short reply concerning Plaintiffs' 10-page remedy brief. Dkt. 161.

Plaintiffs have thus far avoided acknowledging that EPA's action here necessarily triggered Endangered Species Act ("ESA") Section 7 procedures that could take the form of a *programmatic* formal consultation. In pressing for vacatur, Plaintiffs now acknowledge that the "first option" of "comply[ing] with the ESA" would be for FWS to "develop an adequate BiOp and ITS at the programmatic level" for Florida's program. Dkt. 161 at 10. EPA and FWS used programmatic formal consultation here. FWS found that EPA's action was "likely to adversely affect" listed species without jeopardizing their continued existence; thus, Section 7 *mandated* that FWS' biological opinion contain an incidental take statement, 16 U.S.C. § 1536(b)(4) (using "shall"), covering "any taking" that "is in compliance with the terms and conditions specified in [FWS's] written statement…" *Id*. § 1536(o)(2) (using "shall"). Plaintiffs' first option helps to show why their challenge to the programmatic BiOp/ITS at issue here should fail. If this Court finds the programmatic BiOp/ITS to be deficient in some respect, the proper remedy is remand *without*

1

*vacatur*. Dkt. 160 at 5. To avoid that outcome, Plaintiffs claim, *without any record citation*, that Federal Defendants "have adhered to the position that the first option is *not possible*." Dkt. 161 at 10 (emphasis added). That is an over-generalization of the parties' positions and should be rejected. *Cf.* Dkt. 99 at 62-63; Dkt. 106 at 30-33. The agencies should have the opportunity to resolve deficiencies with the programmatic BiOp/ITS on remand.

In place of the first option, Plaintiffs suggest a "second option" for ESA compliance where FWS "determine[s] that Section 7 programmatic consultation is not required … so long as any permit that 'may affect' species (as determined by USFWS) would be [A] processed by the Corps … or [B] include proof that the applicant had already obtained a Section 10 ITP." Dkt. 161 at 10. However, this "second option" would require a *partial assumption* of the Section 404 program, which CWA Section 404(g) prohibits. *See* 33 U.S.C. § 1344(g)(1); *see also* 40 C.F.R. § 233.11(b). A state must assume the *entire* 404 program *for all permits* occurring in assumable waters. *Id.*

Also, Plaintiffs' "second option" would contradict the ESA. It would *require* a finding that EPA's action "may affect" but is "not likely to adversely affect" listed species only on the basis of the Section 10 process. That is unsupported on the record here. If Section 7 consultation is triggered (as Plaintiffs agree it is), that consultation must follow the Section 7 procedures in the statute and regulations. Reliance on the ESA Section 10 permit process, which is infrequently used and only "voluntary" (Dkt. 161 at 7), is not a replacement for the *mandatory* Section 7 BiOp/ITS with all terms, conditions, and procedures employed here. Plaintiffs' second option would, in fact, be less protective of listed species than the status quo. Dkt. 160-1 at ¶¶ 6-21, 28.

Dated:  February 12, 2024  Respectfully submitted,

BAKER BOTTS L.L.P.

*/s/ Jeffrey H. Wood*
Jeffrey H. Wood (D.C. Bar No. 1024647)
700 K Street, NW
Washington, D.C. 20001
Phone: (202) 639-7700
jeff.wood@bakerbotts.com

Lily N. Chinn (D.C. Bar No. 979919)
101 California Street
San Francisco, CA 94111
Phone: (415) 291-6200
lily.chinn@bakerbotts.com

Aaron M. Streett (TX Bar No. 24037561)
Harrison Reback (TX Bar No. 24012897)
(*pro hac vice*)
910 Louisiana Street
Houston, TX 77002-4995
Phone: (713) 229-1234
aaron.streett@bakerbotts.com
harrison.reback@bakerbotts.com

**CERIFICATE OF SERVICE**

I hereby certify that on this the 12th day of February 2024, I electronically filed the foregoing document using the CM/ECF system. Service was accomplished by the CM/ECF system.

Respectfully submitted,
BAKER BOTTS L.L.P.

*/s/ Jeffrey H. Wood*
Jeffrey H. Wood (D.C. Bar No. 1024647)
700 K Street, NW
Washington, D.C. 20001
Phone: (202) 639-7700
jeff.wood@bakerbotts.com
