IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, et al., <br><br> Plaintiffs, <br><br> v. <br><br> U.S. ENVIRONMENTAL PROTECTION AGENCY, et al., <br><br> Defendants. | Case No. 1:21-cv-0119 (RDM) |

## FEDERAL DEFENDANTS' SUPPLEMENTAL BRIEF REGARDING LIMITED STAY

In its February 15, 2024, Memorandum Opinion, the Court offered Federal Defendants and Defendant-Intervenors the opportunity to submit supplemental briefs seeking a limited stay of its order vacating EPA's approval of Florida's Section 404 program. Dkt. 163 at 94–96. The Court noted that the appropriateness of a limited stay turned in part on "question[s] [of] whether the EPA could authorize a more modest assumption—and whether Florida would want it to do so." *Id.* at 96. By "more modest assumption," Federal Defendants understand the Court to mean a Section 404 program that would divide permitting responsibility in state-assumed waters, with Florida issuing permits for projects that would have "no effect" on ESA-listed species, and the Corps issuing permits for projects "that 'may affect' any listed species under the jurisdiction of the FWS or the NMFS." *Id.* Because that bifurcated program would be impractical and inconsistent with the CWA, a limited stay of the Court's vacatur is neither "desirable [nor] workable." *Id.* at 97.[1]

---

[1] In opposing a partial stay of the Court's vacatur, Federal Defendants do not waive their right to appeal the Court's decision. The Solicitor General is responsible for determining whether, and to what extent, the United States will pursue an appeal when the federal government receives an adverse decision. *See* 28 C.F.R. § 0.20. The Solicitor General has not yet decided whether to authorize an appeal from the Court's February 15th order.

1

As a practical matter, it is unclear how, or even if, Florida and the Corps could divide permitting responsibilities for projects in state-assumed waters depending on whether those projects "may affect" listed species. Under such an arrangement, would applicants apply to Florida or the Corps in the first instance? Who would then determine impacts on ESA-listed species? And what would happen if Florida and the Corps disagreed on that determination? The time needed to answer these, and many other difficult questions could exceed the uncertain duration of a limited stay and would consume considerable agency resources that might otherwise go toward processing permit applications in the meantime.

The fact remains, moreover, that Florida and the Corps require applicants for individual Section 404 permits to submit different information. *See* Dkt. 158 at 8 (discussing differences in state and federal Section 404 permit review requirements). Thus, a project proponent who applies for an individual Section 404 permit from the State, but whose application is transferred to the Corps based on a "may affect" determination, would effectively have to apply for the same project twice. This redundancy weighs against a partial stay of vacatur to accommodate a "more modest assumption." Dkt. 163 at 96.

Practical considerations aside, legal considerations further weigh against a partial stay of vacatur. For one thing, there is no statutory or regulatory mechanism under which permitting authority could toggle between Florida and the Corps depending only on whether a proposed project "may affect" ESA-listed species. Under 33 U.S.C. § 1344(j) and 40 C.F.R. § 233.50(e), authority to process a particular Section 404 permit application transfers from a state to the Corps only if EPA objects to the state's potential issuance of that permit. EPA can only object "if the proposed permit is (1) the subject of an interstate dispute under § 233.31(a) and/or (2) outside requirements of the Act, these regulations, or the 404(b)(1) Guidelines." 40 C.F.R. § 233.50(e).

2

A "may affect" determination satisfies neither of those conditions. More still, EPA can transfer authority to approve a Section 404 permit application from a state to the Corps only after holding a hearing on EPA's objections (if the state requests one), and only after giving the state a chance to amend the permit to address the objections. 33 U.S.C. § 1344(j); *accord* 40 C.F.R. § 233.50(f)–(j).[2] Those procedural requirements simply do not accommodate a system in which the Corps routinely processes all "may affect" permit applications in state-assumed waters.

Finally, a state Section 404 program that regulates only those discharges associated with projects deemed to have "no effect" on ESA-listed species would directly conflict with 40 C.F.R. § 233.1(b), which provides that "[p]artial State programs are not approvable under section 404" and that "a State program must regulate all discharges of dredged or fill material into waters regulated by the State under section 404(g)–(1)." *See also* "Clean Water Act Section 404 Tribal and State Program Regulation," 88 Fed. Reg. 55276, 55314–15 (Aug. 14, 2023) (discussing EPA's longstanding view that CWA Section 404 precludes partial assumption).

\*    \*    \*

For these reasons, a limited state assumption under which the Corps processes permits for all projects in state-assumed waters that "may affect" ESA-listed species is practically and legally unworkable. The Court should not enter a partial stay of its vacatur to accommodate such a program.

Dated: February 26, 2024                                    Respectfully submitted,

                                                            TODD KIM
                                                            Assistant Attorney General

---

[2] Under New Jersey's and Michigan's Section 404 programs, state permit applications are transferred to the Corps only if EPA objects based on the limited grounds in 40 C.F.R. § 233.50 and the state does not address those objections.

Environment & Natural Resources Division
United States Department of Justice

/s/ Andrew S. Coghlan
Andrew S. Coghlan (CA Bar 313332)
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044-7611
Tel: (202) 514-9275
Fax: (202) 514-8865
Email: Andrew.Coghlan@usdoj.gov

Alison C. Finnegan (PA Bar 88519)
United States Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
P.O. Box 7611
Washington, DC 20044-7611
Tel: 202-305-0500
Email: Alison.C.Finnegan@usdoj.gov
*Attorneys for Federal Defendants*