## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>U.S. ENVIRONMENTAL PROTECTION AGENCY, et al.,<br><br>    Defendants,<br><br>and<br><br>TARPON BLUE SILVER KING I, LLC d/b/a COLLIER ENTERPRISES,<br><br>    Defendant-Intervenor. | Case No. 1:21-cv-00119 (RDM) |

**<u>COLLIER ENTERPRISES'S BRIEF ON LIMITED STAY</u>**

As this Court considers whether to issue a limited stay of vacatur, Collier[1] requests clarification that (under any stay issued by this Court) FDEP may (1) continue to process an application for a State 404 permit which "may affect" listed species *if* the project completes Endangered Species Act (ESA) section 7 consultation on an associated federal action, or (2) immediately transfer such a permit[2] to the Corps for processing.  This clarification would confirm, for example, that Collier may either complete the State 404 permit process for Bellmar if it receives an ESA section 10 incidental take permit (ITP) from the USFWS, or immediately transfer its 404 permit application to the Corps for processing.  In either instance, ESA section 7 consultation would be completed and incidental take would be authorized under established ESA procedures.[3]  This clarification is needed because the Court's opinion could otherwise be read to preclude FDEP from issuing a 404 permit for Bellmar and other projects *even if USFWS completes consultation and issues an ITP* on those projects.[4]

This request for clarification is consistent with: (1) this Court's emphasis on meeting the "dictates of Section 7 or Section 10 of the ESA," Op. at 8; (2) this Court's recognition of an ESA section 10 ITP as one option for a State 404 permit to meet ESA requirements;[5] (3) Florida rules

---

[1] Tarpon Blue Silver King I, LLC is the official name of Collier Enterprises.

[2] Federalization processes should be unnecessary to the extent vacatur applies.  Rather, immediate transfer to the Corps of applications subject to a vacatur is consistent with returning to the *status quo ante*.  *See Sugar Cane Growers v. Veneman,* 289 F.3d 89, 97 (D.C. Cir. 2002).

[3] *See* 50 C.F.R. 402.02 (federal permit issuance is an agency "action" subject to section 7 consultation); www.fws.gov/node/266268 (issuance of ITPs is subject to "intra-Service section 7 consultation" under 50 C.F.R. Part 402).

[4] This Court's opinion states that "neither of the two permits [plaintiffs] seek to enjoin can issue, and, even if the Court eventually grants a limited stay … the State will lack authority under Section 404 to issue those permits."  Memorandum Opinion, ECF 163 ("Op.") at 96.  Collier requests clarification that the State *could* issue those permits *if* an ITP covering those activities is received from the USFWS.

[5] *See* Op. at 23-24, 27, 46-47, 92 (discussing State 404 options to either apply for an ESA section 10 ITP *or* complete ESA section 7 consultation on a federal 404 permit).

1

that allow 404 applicants to satisfy ESA requirements by completing consultation on an ITP or other federal action;[6] (4) FDEP's support for a limited stay, including the New Jersey approach, ECF 166 at 12-19; (5) allowing applicants to derive benefit from their (often years of) work and costs in support of their applications, and thereby limit collateral harm to the public; and (5) limiting confusion and delay by clarifying the two options noted above for 404 applications.

Persons with State 404 applications, including Collier, should have a fair and certain path toward completion of 404 permitting that does not leave them in regulatory limbo. Collier therefore requests clarification that FDEP and EPA may provide applicants for State 404 permits that "may affect" ESA-listed species the option to either: (1) continue State 404 permit processing if ESA section 7 consultation is completed on an ITP or related federal action, or (2) immediately transfer their applications to the Corps for processing based on the vacatur.[7]

Date: February 26, 2024

Respectfully submitted,

/s/ George P. Sibley, III
George P. Sibley, III (DC Bar No. 1011939)
**HUNTON ANDREWS KURTH LLP**
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219
(804) 788-8262
gsibley@HuntonAK.com

*Counsel for Defendant-Intervenor Tarpon Blue Silver King I, LLC d/b/a Collier Enterprises*

---

[6] *See* State 404 Program Applicant's Handbook at 5.2.3, http://tinyurl.com/3h4xvfr2 (no additional ESA measures required where applicant holds ITP covering activities described in 404 permit application).

[7] Naturally, if FDEP is able to resume processing pending applications for State 404 permits that "may affect" ESA-listed species (as a result of an appeal or otherwise), Collier and other applicants should be able to immediately transfer those applications back to FDEP.

2

## CERTIFICATE OF SERVICE

      I hereby certify that, on February 26, 2024, I electronically filed the foregoing motion with the Clerk of the Court for the U.S. District Court for the District of Columbia via the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by that system.

/s/ George P. Sibley, III
George P. Sibley, III

*Counsel for Defendant-Intervenor Tarpon Blue Silver King I, LLC d/b/a Collier Enterprises*