## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

CENTER FOR BIOLOGICAL
DIVERSITY,
*et al.*,

        *Plaintiffs,*

  v.

UNITED STATES
ENVIRONMENTAL
PROTECTION AGENCY, *et al.*,

        *Defendants,*

  and

STATE OF FLORIDA, *et al.*,

        *Defendant-Intervenors.*

Civil Action No. 21-119 (RDM)

Motion of *Amici Curiae*
Supporting Florida Defendants'
Request for a Stay

## MOTION FOR LEAVE TO FILE BRIEF OF *AMICI CURIAE* IN SUPPORT OF THE FLORIDA DEFENDANTS' REQUEST FOR A STAY

The Florida Chamber of Commerce; the Association of Florida Community

Developers, Inc.; the Mosaic Company; the Florida Homebuilders Association;

Lennar Corporation; G.L. Homes of Florida Corporation; GreenPointe Holdings;

KB Home; Pulte Group; Taylor Morrison; the Florida Transportation Builders'

Association, Inc.; the Florida State Hispanic Chamber of Commerce; Leading

Builders of America and the Associated Industries of Florida, by and through undersigned counsel, hereby submit this motion for leave to file a brief of Amici Curiae in support of the Florida Department of Environmental Protection's motion for a limited stay of the court's decision to vacate Florida's assumption of the Section 404 wetlands permitting program. *See* Dkt. No. 166.[1] A copy of the proposed brief is attached.

Though the Federal Rules of Civil Procedure make no provision for them, the Court "possesses the inherent authority to appoint amici to assist in a proceeding." *Garcia v. Stillman*, No. 22-cv-24156-Bloom, *2 (S.D. Fla. July 20, 2023). Such appointment is appropriate where the amicus "has expertise in the issues raised in this litigation" and where its "perspective is helpful." *Id.* When moving to file an amicus brief, the proposed amicus should ensure that it does so within seven days of the filing of the principal brief of the party it supports, and it should attach a copy of the proposed brief with the motion. *Ferguson v. Miami Dolphins*, No. 20-24483-Civ-Scola, n.6 (S.D. Fla. July 7, 2021). The proposed amici meet all three elements described above.

First, the Proposed Amici are profoundly familiar with the issues raised by the Court's vacatur order. They currently have applications for hundreds of permits

---

[1] The Florida Chamber of Commerce and the Association of Florida Community Developers, Inc., have already been granted Amici status. *See* Dkt. No. 39.

pending before FDEP—some of which were on the verge of issuance, others of which were among those transferred to FDEP by the Corps in 2020. The mass transfer of over 1,000 applications and the necessary transitional pains on both the Corps and the regulated community will be tremendous; at a minimum, permittees will have to prepare new permit applications and the Corps will have to staff its operations. The potential devastating impact on the State's economy forms the gravamen of the Proposed Amici's brief.

Second, the proposed amicus brief will assist the Court in its consideration of this case. All agree that as part of the *Allied-Signal* inquiry, a court weighing the remedy to address an agency error must consider the likely "disruptive consequences" of vacatur. *Allied-Signal, Inc. v. U.S. Nuclear Regul. Comm'n*, 988 F.2d 146, 150-51 (D.C. Cir. 1993) (internal citation omitted). As previously noted, the Proposed Amici will highlight the potential economic catastrophe that would arise if the Court declines to issue a stay, and they respectfully submit that they are more acutely aware of these consequences than any other collection of entities.

Finally, the Proposed Amici are filing this motion within seven days after the brief it supports (the State's motion for a stay, filed at Docket No. 166 (Feb. 26, 2024)), and it is accompanied by the proposed amicus brief they seek to file. Additionally, counsel for the State has extended his consent to the filing of the brief. The Plaintiffs oppose this motion, and the Federal Defendants were not able to

provide as response before this filing.

Therefore, the Proposed Amici move the Court to file the attached proposed brief amici curiae.

## CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limitation of Local Rule 7(o)(4) because it does not exceed 25 pages. This motion complies with the typeface requirements of Local Rule 5.1(d) because this brief has been prepared in a proportionally spaced typeface using the Microsoft Office Word processing software in a 14-point Times New Roman type style.


Dated: March 2, 2024

*/s/ Edward M. Wenger*
Edward M. Wenger (DCB No.1001704)

## CERTIFICATE OF SERVICE

I hereby certify that on March 2, 2024, I filed this motion with the United States District Court for the District of Columbia using the CM/ECF system, which will cause it to be served on all counsel of record.


*/s/ Edward M. Wenger*
Edward M. Wenger (DCB No. 1001704)

6