IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>MICHAEL S. REGAN, *et al.*,<br><br>*Defendants*. | Civil Action No. 21-119 (RDM) |

_____

**FLORIDA INTERVENORS' OPPOSITION TO
PLAINTIFFS' MOTION FOR EXTENSION OF TIME**
_____

Florida Intervenors oppose Plaintiffs' motion for extension of time (Dkt. 173). This Court gave Plaintiffs six days to respond, which is more than adequate under the urgent situation facing the State of Florida. Plaintiffs justify their extension request by alleging that counsel failed to adequately confer with them ahead of filing the motion. Yet Plaintiffs ignore Local Rule 7(m), which imposes a duty of conferral for "non-dispositive" motions only. Florida Intervenors' motion for entry of judgment is "dispositive." Regardless, counsel adequately conferred with Plaintiffs to seek their non-opposition to entry of judgment.

### *Local Rule 7(m) Does Not Apply to the Dispositive Motion At Issue Here*

The "threshold question for Local Rule 7(m) is whether the motion in question is 'nondispositive'." *Steel v. United States*, No. 1:1:14-cv-1523-RCL, 2023 WL 6215790, at *6 (D.D.C. Sept. 25, 2023) (involving a Rule 54(b) motion and Local Rule 7(m)). The D.C. Circuit defines a dispositive motion to include "a motion that, if granted, would result either in the determination of a particular claim on the merits or elimination of such a claim from the case."

*Burkhart v. Washington Metro. Area Transit Auth.*, 112 F.3d 1207, 1215 (D.C. Cir. 1997). "**[O]rdinarily a Rule 54(b) motion will be a dispositive motion**..." *Steel*, 2023 WL 6215790, at *6 (emphasis added) (citing *Burkhart* and recognizing that Rule 54(b) motions are "ordinarily" dispositive but finding, under unique facts, that such a motion was "non-dispositive" because the movants "merely [sought] immediate payment of a portion of the damages"). While the Rule 54(b) motion is obviously dispositive here, the primary Rule 58(d) motion is even more so because it expressly seeks dismissal of claims as moot (indeed, that feature of Florida's pending motion is what Plaintiffs seem to decry the most here, *see* Dkt. 173 at 1). Thus, an alleged lack of *adequate* conferral gives no basis for their extension request because no conferral was required.

### *If Local Rule 7(m) Does Apply, Counsel Adequately Conferred*

Nonetheless, even if Local Rule 7(m) did apply, counsel followed it appropriately under the circumstances. Rule 7(m) provides that counsel shall discuss a non-dispositive motion with opposing counsel "in a good-faith effort *to determine whether there is any opposition to the relief sought* and, if there is, to *narrow the areas of disagreement*." LcRV 7(m) (emphasis added). The purpose of Rule 7(m) is not to give opposing counsel more "time" to prepare a response (as Plaintiffs say); rather, it is to "encourage informal resolution to such disputes." *Steele*, 2023 WL 6215790, at *3. Counsel informed Plaintiffs on the morning of March 8 that Florida Intervenors would proceed with filing a motion for entry of judgment at the earliest opportunity (which they did on the night of March 11). Plaintiffs informed counsel that they would oppose it. That was adequate conferral under the circumstances. *Eng. v. Washington Metro. Area Transit Auth.*, No. 16-02335, 2018 WL 4680274, at *2 (D.D.C. Sept. 27, 2018) (finding no failure to comply with Rule 7(m) where "information provided by Defense counsel may have lacked the detail sought by Plaintiff's counsel").

Dated:  March 13, 2024               Respectfully submitted,

                                     BAKER BOTTS L.L.P.


                                     */s/ Jeffrey H. Wood*
                                     Jeffrey H. Wood (D.C. Bar No. 1024647)
                                     700 K Street, NW
                                     Washington, D.C. 20001
                                     Phone: (202) 639-7700
                                     jeff.wood@bakerbotts.com

                                     Lily N. Chinn (D.C. Bar No. 979919)
                                     101 California Street
                                     San Francisco, CA 94111
                                     Phone: (415) 291-6200
                                     lily.chinn@bakerbotts.com

                                     Aaron M. Streett (TX Bar No. 24037561)
                                     Harrison Reback (TX Bar No. 24012897)
                                     (*pro hac vice*)
                                     910 Louisiana Street
                                     Houston, TX 77002-4995
                                     Phone: (713) 229-1234
                                     aaron.streett@bakerbotts.com
                                     harrison.reback@bakerbotts.com

## CERIFICATE OF SERVICE

I hereby certify that on this the 11th day of March 2024, I electronically filed the foregoing document using the CM/ECF system. Service was accomplished by the CM/ECF system.

> Respectfully submitted,
> BAKER BOTTS L.L.P.
>
> */s/ Jeffrey H. Wood*
> Jeffrey H. Wood (D.C. Bar No. 1024647)
> 700 K Street, NW
> Washington, D.C. 20001
> Phone: (202) 639-7700
> jeff.wood@bakerbotts.com