IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, et al., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, et al., <br><br> Defendants, <br><br> and <br><br> STATE OF FLORIDA, et al., <br><br> Defendant-Intervenors, | CIVIL CASE NO.: 1:21-cv-119 (RDM) |

**CAMERATTA'S RESPONSE TO FLORIDA INTERVENORS'**
**MOTION FOR ENTRY OF FINAL JUDGMENT**

COMES NOW Intervenors, CAMERATTA COMPANIES, LLC and CAM7-SUB, LLC (hereinafter "Cameratta") pursuant to this Court's Order of March 12, 2024, directing certain parties to file responses to the Florida Intervenor's Motion for Entry of Final Judgment with Request for Expedited Consideration. (Dkt. No. 171).

Cameratta fully supports the Florida Intervenor's Motion for Entry of Final Judgment with Request for Expedited Consideration. (Dkt. No. 171). Incredibly, Plaintiffs have recently admitted that they made misrepresentations to the Court in their filings and oral arguments. (Dkt. 169 at 9 n.4). Such "confusion", whether deliberate or not, calls into question Plaintiffs' assertion that there is no choice but full vacatur and undercuts their attempts to downplay the effects of the

relief that they seek. Whether Plaintiffs acknowledge it nor not, vacatur of the 404 program will cause untold disruptive consequences to the State of Florida.

Delay has real consequences for permittees. As set forth in the Declaration of Joseph Cameratta, (Dkt. No. 146-3), the Kingston project was nearing final approval – after two years of review – when it became the subject of the Plaintiffs' request for a TRO. The only remaining step was confirmation from USEPA that they did not object to permit issuance, which was withheld only because of Plaintiffs' TRO motion. The delay caused by this suit places Cameratta's investment at substantial risk. As explained by the *Amici* in this matter, (Dkt. No. 168), such delay has a collateral impact on each and every company that has an interest in land development in Florida. It is essential that innocent parties that have been swept into this litigation have a fair opportunity to seek appellate relief.

Delay impacts broad public interests. While Plaintiffs would have the Court believe that the 404 program has a negative impact on panthers, the simple truth is that vacatur and delay in permit issuance will have the ironic impact of delaying habitat restoration and panther crossings. As discussed in oral argument, because of the stringent permit conditions, projects such as Cameratta's result in a net gain of usable panther habitat and millions of dollars for other work. The below exhibit, from the Cameratta permit file that Plaintiffs have put at issue, shows a number of panther crossings and other traffic mitigation efforts that will be blocked in just one area of Lee and Hendry Counties.



Plaintiffs' litigation strategy of selectively pulling two applications into the suit painted a distorted picture of this process. Cameratta was brought into the litigation at quite literally the eleventh hour through Plaintiffs' TRO.[1] Despite this project specific TRO, Cameratta was limited in the information that could be presented.[2] While, this Court granted the Motion permitting Cameratta to present limited argument on the Kingston project at the hearing on January 30, 2024, (Order, January 24, 2024), that hearing focused on the pending Motions for Summary Judgment. As a result, Cameratta was afforded little opportunity to defend a 500-million-dollar project that

---

[1] The more appropriate route would have been to seek an injunction at the outset of the litigation. It is agreed upon that it took Florida a number of months to have its 404 Program up and running. That would have been the opportune time to seek the injunction with the least amount of disruption.

[2] The Court initially struck Cameratta's Declarations, (Dkt. 146-3; 146-4), attached to its amicus brief (Order, January 22, 2024), necessitating Cameratta's Motion to Intervene. (Dkt. 150).

has been in progress for two (2) years. *See* Declaration of Joseph Cameratta at ¶ 3, 11, 22 (Dkt. 146-3).

As was stressed in Cameratta's briefing, the same people who review a permit under a Section 7, are the same people who review it under a state 404 application. Hence, Cameratta's 404 application has already been reviewed by USFWS to prevent jeopardy.

> Florida Fish and Wildlife Conservation Commission (FWC) staff reviewed the above referenced State 404 permit application and provided the following comments, recommendation, and the permit conditions pursuant to Chapter 62-331, Florida Administrative Code, Chapter 373, Florida Statutes (FS), and in accordance with FWC's authorities under Chapter 379, FS. **These comments have been coordinated with the U.S. Fish and Wildlife Serviced (USFWS) to ensure the conservation of Florida's federally and state-listed wildlife and their habitats.**

(Dkt. No. 149-2; pg. 508) (emphasis added) At the conclusion of the review by both FWC and USFWS, Kingston was found "not likely to jeopardize" any listed species. (Dkt. No. 149-2; pg. 510). Further, it was determined the Kingston project would,

> reduce the likelihood that smaller, non-Federally reviewed actions will be needed to meet the commercial and residential needs of the rapidly growing human population in this area regardless of whether these 404 projects are authorized. The Service believes the conservation measures included in these 404 projects will provide greater benefits to panthers compared to non-Federally reviewed projects because they include measures to maintain high quality habitats that are connected, install fencing and crossings to reduce roadway mortality and are planned to reduce human and wildlife conflicts.

(Dkt. 149-2; pg. 564).

Finally, in the interest of transparency, FWC and USFWS placed a caveat on its take number stating, "we do not expect the actual number of panthers killed by vehicles to reach the estimated value for the reasons stated above." (Dkt. 149-2; pg. 566-567). Because this Court's February 15, 2024, decision has a direct and immediate effect on Kingston the foregoing findings of both FWC and USFWS are critical to the discussion of the Expedited Final Judgment and Stay.

4

Cameratta firmly believes that there is a workable solution that both protects species and does not cause the substantial harm of shutting down the permitting process in Florida. The Plaintiffs have done an irreparable disservice to this litigation by distorting the Florida program and the previous efforts of Michigan and New Jersey. As explained by FDEP, the Florida, New Jersey and Michigan programs have similarities in that no state 404 permit would be issued that jeopardizes a species because any such permit must be objected to (and if the objection is not resolved by avoiding jeopardy, the permit must be federalized by transfer to the Corps). (Dkt. No. 170 at 6). The Kingston project is an example of that process. It has extensive requirements for habitat restoration, wildlife crossings and purchases of millions of dollars of mitigation credits in order to ensure that there will be no jeopardy. Cameratta Dec. at ¶¶ 12-16 (Dkt. No. 146-3) See also Declaration of Shane Johnson at ¶ 22 (Dkt. No. 146-4). It would likely be issued under the New Jersey model.

Both the Stay and the Expedited Final Judgment are important to mitigating present misconceptions and to avoid the incredible disruption of permitting that Plaintiffs seek. In sum, it is essential for the regulated community that there both a continuing program and final resolution of this matter. While Cameratta cannot forecast how the Court will now address the request for a partial Stay, it appears that appellate review is more essential than ever. There is no just reason for delay.

Date: March 18, 2024   */s/ Chené M. Thompson*
CHENÉ M. THOMPSON*
Florida Bar No. 465542
Pavese Law Firm
P.O. Box 1507
Fort Myers, FL 33902-1507
Telephone: 239.336.6234
Email: CheneThompson@paveselaw.com

5

*Co-Counsel for Cameratta Companies, LLC and CAM7-Sub, LLC* \* <u>Admitted pro hac vice</u>

*/s/ Rafe Petersen*
RAFE PETERSEN (Bar # 465542)
ALEXANDRA E. WARD (Bar # 1688003)
800 17th Street NW, Suite 1100
Washington, District of Columbia  20006
Telephone: 202.419.2481
Rafe.Petersen@hklaw.com
*Counsel for Cameratta Companies, LLC and CAM7-Sub, LLC*