IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, et al., <br><br> Plaintiffs, <br><br> v. <br><br> U.S. ENVIRONMENTAL PROTECTION AGENCY, et al., <br><br> Defendants, <br><br> and <br><br> TARPON BLUE SILVER KING I, LLC d/b/a COLLIER ENTERPRISES, <br><br> Defendant-Intervenor. | Case No. 1:21-cv-00119 (RDM) |

**COLLIER ENTERPRISES'S RESPONSE TO
FLORIDA'S MOTION FOR ENTRY OF FINAL JUDGMENT**

Collier emphasized the importance of regulatory certainty when it appeared before this Court on January 30, 2024. Applicants for section 404 permits, like the overall economy in which they operate, depend on clear and reliable rules. Collier will comply with any application framework that reasonably implements Clean Water Act and Endangered Species Act requirements. It just needs to know the rules. That regulatory certainty will not exist until this litigation progresses, which (given indications one or more parties will appeal) requires an appealable order.

Section 404 permitting in Florida has been thrown into disarray since this Court's February 15 decision. That decision prevents the State from issuing any of over 1,000 section 404 permits on applications previously pending before it, about 85% of which are expected to have no effect on listed species. Doc 166-1 at 3. But the Corps, the State, and applicants do not yet know whether the Corps must absorb the entire universe of pending State section 404 permit applications (which would join applications already pending before the Corps and others yet to be filed), or whether only applications that "may affect" listed species will proceed before the Corps.[1] Florida plans to appeal and seek "near-term relief", Doc 171 at 3, potentially returning all section 404 permitting to the State, but that appeal cannot go forward until this Court enters at least a partial final judgment. The upshot is that Collier and over 1,000 other section 404 permit applicants intending to construct housing, hospital, school, grid, road and other projects remain

---

[1] Plaintiffs acknowledge their own (and apparently this Court's) confusion about State section 404 permitting procedures and concepts, noting they incorrectly said section 404 permit applications in New Jersey are transferred to the Corps when a "may affect" determination is made, when in fact such transfers occur in a more limited set of circumstances. *See* Doc 169 at 9 n.4; Doc 171 at 2 n.2. They likewise acknowledge the term "federalization" has been confusingly used to describe not only the transfer of state section 404 permit applications to the Corps for processing, but also federal review of state 404 applications (akin to that in Florida). *See* Doc 169 at 9 n.4; Doc 171 at 2 n.2.

in regulatory limbo, uncertain as to who must decide their permit applications, much less when or how those applications will be processed.

The current posture of this case prevents appellate review under 28 U.S.C. § 1292(a)(1), and further delays in issuance of final judgment prevent appellate review under § 1291. The Court has functionally granted Plaintiffs the preliminary injunctive relief they sought, but in a manner that prevents the appeal Florida plans to file and leaves section 404 permit applicants in limbo. At a minimum, partial final judgment is warranted because plaintiffs have now received complete relief on their Endangered Species Act claims.[2]

Collier supports the Florida Intervenors' motion. The Court should promptly decide the stay motion and enter an appealable order.

---

[2] Specifically, the Corps must now process all section 404 permits that "may affect" listed species, even if the Court issues the partial stay it is contemplating, which plaintiffs have repeatedly said would remedy their ESA claims. *See* Transcript of October 19, 2023 summary judgment hearing at 22-23 (stating that "New Jersey shifted its program so that any permit that may affect species would go through the federal agencies" and agreeing with this Court regarding the "bottom line" that such an approach would be acceptable in Florida); Plaintiffs' PI Motion, Doc 135 at 36 (requesting, as an alternative to a preliminary injunction against two named projects, "an order restoring authority to the Corps over permits that may affect ESA species"); Plaintiffs' Reply in Support of PI Motion, Doc 153 at 53 (Plaintiffs request, as an alternative, "an expedited ruling on Plaintiffs' ESA-related claims with … an order restoring authority to the Corps over permits that may affect ESA-listed species"); Transcript of January 30, 2024 PI hearing at 97-98 (Plaintiffs' statement that, if the Court rules in their favor on the ITS, an "alternative remedy" that "all parties have had the opportunity to brief" would be for "state permits that may affect species to go to the Corps" via an "off-ramp already built in", and agreeing with the Court that "the Corps could simply issue the permit in consultation with the Fish and Wildlife Service; and to the extent the Fish and Wildlife Service has already made determinations with respect to what it thinks the take limitation could be, they could just incorporate it that way"); Plaintiffs Remedy Brief, Doc 161 at 2 ("any remedy would have to require that prospective permits that may affect ESA-listed species undergo Section 7 review"); *id.* at 7 ("Vacatur of the BiOp and ITS, and injunctive relief that restores the Corps' authority over permits that may affect ESA-listed species, would ensure that those permits receive the review required by the ESA").

Date: March 18, 2024                                Respectfully submitted,

/s/ George P. Sibley, III
George P. Sibley, III (DC Bar No. 1011939)
**HUNTON ANDREWS KURTH LLP**
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219
(804) 788-8262
gsibley@HuntonAK.com

*Counsel for Defendant-Intervenor Tarpon Blue Silver King I, LLC d/b/a Collier Enterprises*

**CERTIFICATE OF SERVICE**

    I hereby certify that, on March 18, 2024, I electronically filed the foregoing response with the Clerk of the Court for the U.S. District Court for the District of Columbia via the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by that system.

                                              /s/ George P. Sibley, III
                                              George P. Sibley, III

                                              *Counsel for Defendant-Intervenor Tarpon Blue Silver King I, LLC d/b/a Collier Enterprises*