Case No. 1:21-CV-00119 (RDM)
*Ctr. for Biol. Diversity et al. v. EPA et. al*

# EXHIBIT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
TRIPOLI ROCKETRY ASSOCIATION,       )
INC., et al.,                       )
                                    )
    Plaintiffs,                     )
                                    )
    v.                              )   Civil Action No. 00-273 (RBW)
                                    )
UNITED STATES BUREAU OF             )
ALCOHOL, TOBACCO, FIREARMS,         )
AND EXPLOSIVES,                     )
                                    )
    Defendant.                      )
_____)

**<u>ORDER</u>**

Currently before the Court is the plaintiffs' Motion for Final Judgment Under Federal Rule of Civil Procedure 54(b) ("Pls.' Mot."). After careful review of the plaintiffs' motion and the defendant's opposition thereto, and for the reasons articulated in open court on December 17, 2004 and set forth below, this Court grants the plaintiffs' motion and hereby enters a final judgment of dismissal as to count one of the plaintiffs First Amended Complaint ("Compl.").

The plaintiffs are two non-profit national model rocketry associations which represent the interests of individuals involved in the sport of high-powered sport rocketry. Compl. ¶ 9-10. On February 11, 2000, the plaintiffs filed a five count complaint against the Bureau of Alcohol, Tobacco and Firearms ("ATF"), alleging that the ATF lacked statutory authority to regulate (1) the rocket motors associated with the associations' members and dealers and (2) the specific propellant used to operate these motors. Compl. ¶ 22-26. Specifically, in the first count of the

1

amended complaint, the plaintiffs alleged that Ammonium Perchlorate Composite Propellant ("APCP") is not a chemical compound, mixture or device whose primary or common purpose is to function by explosion and thus it is not an explosive within the meaning of the Explosive Control Act, 18 U.S.C. § 841(d).  Therefore, the plaintiffs contend that the ATF is without jurisdictional authority to require its members to acquire permits or to place other restrictions on the ownership, sale, and use of high-powered sport rocket motors.  Compl. ¶ 38-41.  In the second through fifth counts of the amended complaint, the plaintiffs set forth challenges to the ATF's regulation of model rocket motors on administrative and regulatory grounds.  Compl. ¶ 42- 53.

On June 21, 2002, this Court issued a Memorandum Opinion that dismissed the second count of the amended complaint concluding that it was barred by the applicable statue of limitations.  June 21, 2002 Memorandum Opinion.  On March 19, 2004, the Court issued a second Memorandum Opinion which addressed the parties' cross-motions for summary judgment.  Tripoli v. U.S. Bureau of Alcohol, Tobacco & Firearms, 337 F. Supp. 2d 1 (D.D.C. 2004).  In this second Memorandum Opinion, the Court granted summary judgment in favor of the defendant as to the first count of the amended complaint and granted summary judgement in favor of the plaintiff on the third count of the amended complaint.  Id. at 14.  The Court deferred ruling on counts four and five of the amended complaint pending the ATF's completion of notice and comment rulemaking related to these counts.  Id.

The ATF has notified the Court that it anticipates submitting a draft of a proposed rule for executive branch review by February 2005, which will propose to amend the exemptions under 27 C.F.R. § 555.141 to include certain model rocket motors.  Defendant's November 19, 2004

2

Status Report at 2. However, the ATF has noted that it "has no meaningful estimate" of when the rule might receive final approval. Id. at 3. Moreover, the ATF has commenced a second rulemaking process with respect to the regulatory definition of a propellant actuated device ("PAD") and that notice of this proposed rulemaking should appear in the Federal Register sometime in May 2005. Id. Because of this delay, the plaintiffs now move for entry of a final judgment as to the first count of the amended complaint pursuant to Rule 54(b). Pls.' Mot. at 1.

Under Rule 54(b),

> [w]hen more than one claim for relief is presented in an action . . . the court may direct the entry of a final judgment as to one or more but fewer than all of the claims . . . only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgement.

Fed. R. Civ. P. 54(b). Entry of final judgment first requires a finding that the judgment is "final" in that it is "an ultimate disposition of an individual claim entered in the course of a multiple claims action," and "a 'judgment' in the sense that it determines a claim for relief." Bldg. Indus. Ass'n of Super. Calif. v. Babbitt, 161 F.3d 740, 744 (D.C. Cir. 1998) (quoting Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 7, (1980)). Additionally, the Court must determine whether there is any just reason for delay, keeping in mind that "[n]ot all final judgments on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims." Id. (quoting Curtiss-Wright Corp., 446 U.S. at 8). Such a determination should "take into account judicial administrative interests," including "such factors as whether the claims under review were separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." Id.

3

(quoting Curtiss-Wright Corp., 446 U.S. at 8). Finally, the court also must consider the equities involved in entering a final judgment. Id. at 744 (citing Curtiss-Wright Corp., 446 U.S. at 8).

In this case, it is clear that after weighing the factors above that the Court should enter a final judgment on the first count of the plaintiffs' amended complaint. As already noted, this count challenges the ATF's classification of APCP as an explosive. The Court's March 19, 2004 Memorandum Opinion concluded that APCP is an explosive and therefore subject to regulation by the ATF. Accordingly, summary judgment on count one was awarded to the defendant. This was a final judgment. Moreover, although there are two counts remaining in the complaint for the Court's resolution, the decision on those counts will have no impact on the decision entered on count one. Accordingly, the first count is readily severable from the unresolved counts of the amended complaint. Additionally, this Court can fathom no reason to delay the plaintiffs ability to appeal its ruling on the first count of the amended complaint. While judicial economy generally favors all the claims being addressed collectively by the Circuit Court, that objective is not advanced here because resolution of the remaining claims will have no impact on the resolution of the first claim. Therefore, the Circuit Court will not be faced with having to address the issue again, even if the Court's rulings on the remaining counts are appealed. Finally, equity demands that the motion be granted. The defendant concedes that this case will be indefinitely delayed due to the two rulemaking processes that are currently underway. And, the defendant is unable to give the Court any indication when the rulemaking will be completed. This delay continues to prejudice the plaintiffs in the present lawsuit because this Court is unable to review their remaining claims. Accordingly, it is hereby this 21st day of December, 2004

**ORDERED** that the plaintiffs' motion for final judgment under Rule 54(b) is

4

**GRANTED** and the Court hereby directs the entry of final judgment dismissing count one of the plaintiffs' amended complaint.

      **SO ORDERED**.

REGGIE B. WALTON<br>United States District Judge